IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, } <br> } <br> Plaintiff, } <br> } <br> vs. } <br> } <br> DUANE GABB, Sangamon County Assistant } <br> State's Attorney, individually; TERRY DURR, } <br> Superintendant of theSangamon County Jail, } <br> individually, WILLIAM STRAYER, Asst. } <br> Superintendant f the Sangamon County Jail, } <br> individually, CANDACE CAIN, Lieutenant of the } <br> Sangamon County Jail, individually, TAMMY } <br> POWELL Sergeant of the Sangamon County Jail, } <br>  individually;  BRIEN CARRY, Lieutenant of } <br> Sangamon County Jail, individually; CARLA } <br> CARRY Deputy of Sangamon County Jail; Sergeant } <br> GUY, Sergeant of Sangamon County Jail, } <br> Individually; Sergeant BOUVET, Sergeant of } <br> Sangamon County jail, individually; Lietenant } <br> LOFTUS, Lieutenant of the Sangamon County Jail; } <br> Officer Michael Felecia, Village of Grandview } <br> Police Officer, individually;  B. Weiss, City of } <br> Springfield Police Officer, individually } <br> } <br> Defendants.    } | NO. 05-3250 <br><br> 42 U.S.C 1983 <br> JURY DEMAND <br><br> **FILED** <br><br> SEP 2 1 2005 <br><br> JOHN M. WATERS, Clerk <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS |

**COMPLAINT**

NOW COMES the Plaintiff, SCOTT NELSON GLISSON, by his Attorney, Patricia L. Hayes, complaining of Defendants, and alleges:

### JURISDICTION AND VENUE

1.` This action is brought to remedy the denial of Plaintiff's Constitutional Right to Counsel

1

and the violation of equal protection of law in violation of 42 U.S.C. 1983 against the individually named defendants.

1. Jurisdiction of this court is founded upon 28 U.S.C. 331 and 1343 (1) (2) (3) (4) and the aforementioned statutory and constitutional provisions. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. '2000e - 5(f) and (g) along with monetary relief for tort damages. Pursuant to 28 U.S.C. 1391(b), venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Illinois.

**PARTIES**

2. Plaintiff, SCOTT NELSON GLISSON, is a male citizen of the United States. At all times relevant hereto, he has been married to Attorney Patricia L. Hayes, a licensed attorney in the State of Illinois. He is currently being held in the Sangamon County Jail serving a sentence of incarceration in cause number 04 CF 648. He also faces felony charges of aggravated battery to a police officer filed by the People of the State of Illinois, Sangamon County, Illinois in cause number 05 CF 1143.

3. Defendant, DUANE GABB, is a Sangamon County Assistant States Attorney. At all times herein, he has acted under the color of State and Local law. He is sued individually.

4. Defendant, TERRY DURR, is the Superintendant of the Sangamon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of State and local law. He is sued individually.

5. Defendant WILLIAM STRAYER, is Assistant Superintendant at the Sangamon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of state and local law. He is sued individually.

6. Defendant Lieutenant BRIEN CARRY is a lieutenant at the Sangamon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of state and local law. He is sued individually.

7. Defendant Sergeant GUY, is a sergent at the Sangmaon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of state and local law. He is sued individually.

8. Defendant Sergeant BOUVET is a sergeant at the Sangamon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of state and local law. He is sued individually.

9. Defendant Lietenant LOFTUS is a lietenant at the Sangamon County Jail. He is an employee of the Sangamon County Sheriff's Department. At all times herein, he has acted under the color of state and local law. He is sued individually.

10. Defendant Deputy CARLA CARRY is a officer of the Sangamon County Jail. She is an employee of the Sangamon County Sheriff's Department. At all times herein, she has acted under the color of state and local law. She is sued individually.

11. Defendant, Lieutenant CANDACE CAIN, is employed by the Sangamon County Jail. She is an employee of the Sangamon County Sheriff's Department. At all times herein, she has acted under the color of State and Local law. She is sued individually.

12. Defendant, Sergeant TAMMY POWELL, is employed by the Sangamon County Jail. She is an employee of the Sangamon County Sheriff's Department. At all times herein, she has acted under the color of state and local law. She is sued individually.

13. Defendant, MICHAEL ALICIA, is a police officer for the Village of Grandview,

Illinois. At all times herein he has acted under the color of state and local law. He is sued individually.

14. Defendant, Officer D. WEISS, on information and belief is police officer for the city of Springfield, Illinois. At all times herein, he acted under the color of state and local law.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
## 42 U.S.C. 1983

15. Plaintiff repeats and realleges paragraphs 1-12 herein with the same force and effect as if fully set forth herein.

16. At all times relevant hereto, Plaintiff has suffered from a diagnosed mental disorder : Bi-Polar Disorder. Plaintiff has been prescribed to take medication to control his Bi-Polar Disorder.

17. At all times relevant hereto and as a result of Plaintiff's medical condition, Plaintiff has suffered from period s of mania. When the Plaintiff is in a manic state, he becomes easily agitated and very confrontational.

18. At all times herein all named Defendants knew or should have known of the Plaintiff's diagnosis because it is documented at the Sangamon County jail.

19. November 22, 2004 Plaintiff Scott N. Glisson was convicted and adjudged guilty in the Circuit Court of Sangamon County on the charge of BAD CHECK in cause number 04 CF 648.

20. On November 22, 2004 Plaintiff was sentenced to Probation for a period of two years. Defendant was to comply with the conditions of his probation.

21. On July 13, 2005 the Sangamon County State's Attorney's Office filed a

Petition to Revoke Plaintiff's Probation and an arrest warrant was issued by the Sangamon County Court, Judge Robert J. Eggers.

22. On August 16, 2005 Plaintiff was arrested on the warrant issued in 04 CF 648..

23. At the time of his arrest on August 16, 2005, Plaintiff was in a manic state, very agitated and confused.

24. On or About August 16, 2005, Lieutenant Loftus along with other correctional officers at the Sangamon County Jail strapped the Plaintiff in a wheelchair and placed him in the corner of the holding room with no bathroom for in excess of 4 hours. Plaintiff was forced to urinate on himself and then sit in his urine for hours while strapped to a wheelchair. At all times, Lieutenant Loftus knew or should have known that Plaintiff suffered from a mental illness.

25. At all times herein, Sangamon County Sheriff's Department and the Sangamon County Jail employees have had a history of physically abusing the mentally ill in their custody.

26. After Plaintiff was arrested, he contacted his wife, Attorney Patricia L. Hayes to meet with him concerning matters pertaining to his representation against the charges against him and the terms of his bond.

27. At all times herein, Plaintiff's wife, Patricia L. Hayes, has been a duly licensed attorney in the State of Illinois.

28. On August 17, 2005 Attorney Patricia L. Hayes visited the Plaintiff in the Sangamon County Jail and was allowed to have unrestricted attorney/client visits with the Plaintiff despite Plaintiff's agitated state.

29. On August 18, 2005 Plaintiff met with his Attorney Patricia Hayes on three separate occasions. On the first two Plaintiff on allowed to meet with his attorney in an unrestricted attorney interview room.

30. On Plaintiff's third visit with his attorney on August 18, 2005, at approximately 8 p.m. Plaintiff was meeting with his attorney in the normal interview room used for attorney visits, when Defendants Candace Cain and Melissa Childress stormed into the room and advised the Plaintiff that he could not meet with his attorney because she was married to him.

31. At approximately 8 pm on August 18, 2005, Defendant Candace Cain advised Attorney Hayes and the Plaintiff that she could not represent the Plaintiff because she had a conflict since she was married to the Plaintiff. Defendant Cain accused Attorney Hayes of unethical conduct and stopped the Plaintiff's attorney meeting with his attorney.

32. Plaintiff bonded out of the Sangamon County Jail on August 19, 2005.\

33. At the time the Plaintiff bonded out on August 19, 2005 Plaintiff was in a manic state.

34. On August 24, 2005 the Plaintiff appeared in court on the hearing to Revoke his Probation. At the time, Plaintiff was represented by Attorney Mike Harmon. Plaintiff plead guilty to the revocation allegations and his Probation was revoked and he was sentenced to 180 days in the Sangamon County Jail with his Mittimus stayed until September 20, 2005.

35. While the Plaintiff was out on his Mittimus and still in a manic state, on August 26, 2005, the Plaintiff was arrested on new charges.

36. On or about August 26, 2005 Plaintiff was handcuffed and placed under arrest without a warrant and without legal justification or probable cause.

37. While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss illegally searched the Plaintiff without legal justification, probable cause, and without a warrant.

38. On August 26, 2005, Defendant Michael Alicia and Defendant B. Weiss used excessive use of force when they arrested the Plaintiff. While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss, without legal justification, slammed the Plaintiff into the corner of a brick building causing grievous bodily injury and harm to the Plaintiff. Plaintiff had a six inch cut to his back as a result of the assault by Alicia and Weiss.

39. At all times relevant herein, Defendants Alicia and Weiss, knew or should have known that Plaintiff suffered from a mental illness and was in a manic state at the time he was arrested.

40. On August 26, 2005, Defendant Michael Alicia and D. Weiss, arrested the Plaintiff and took him to the Sangamon County Jail where Defendant Loftus again placed the Plaintiff in a wheelchair, strapped him to the wheelchair and placed him in a corner with no bathroom for hours. While the Plaintiff was strapped into the wheelchair, Plaintiff was forced to urinate and then sit in his urine for hours.

41. After sitting in the cell with no bathroom for hours, Defendant Loftus moved the Plaintiff to the center of the holding area and forced the Plaintiff to sit in his urine in front of all the inmates and other correctional officers.

42. After Plaintiff's arrest, Plaintiff called Attorney Patricia Hayes to represent him on the new charges.

43. On August 27, 2005 Attorney Patricia Hayes was not allowed to visit with the Plaintiff in a normal attorney client interview room. Instead, the Plaintiff was required to meet with his attorney in a visiting room with a glass partition and he was required to talk to his attorney via a monitored phone. During the visit, numerous correctional officers, including Ltn. Cain, were allowed to monitor the visit. The visiting room is enclosed by glass and in front of the Duty Warden's Office.

44. From August 27, 2005 through September, 9, 2005 Defendants Terry Durr, Candace Cain, William Strayer, Brien Carry, and Tammy Powell have denied the Plaintiff the right to have confidential attorney client meetings with his attorney, Patricia L. Hayes, at the Sangamon County Jail.

45. On August 29, 2005 the Plaintiff bonded out on charges in 2005 CF 1143.

46. On September 3, 2005 the Plaintiff was re-arrested in cause number 2004 CF 648 and has been incarcerated in the Sangamon County Jail since that time.

47. At all times since September 3, 2005, Plaintiff has had pending felony charges in cause number 2005 CF 1143.

48. At all times since September 3, 2005 Defendants Terry Durr, William Strayer, Candace Cain, Tammy Powell, Sergeant Guy, Serbgeant Bouvet, Carla Carry, Brien Carry, have all denied the Plaintiff the right and opportunity to meet with his attorney in a confidential interview room to prepare his defenses to charges in 2005 CF 1143.

49. On September 9, 2005, Judge Robert J. Eggers Ordered that the Sangamon County Jail was to afford the Defendant access to his attorney, Patricia L. Hayes, the same as any other defendant is allowed to meet with their attorney.

50. Despite Judge Eggers Order of September 9, 2005, Defendants Duane Gabb in concert with Defendants Terry Durr, William Strayer, Candace Cain, Brien Carry, Sergeant Guy, Carla Carry, Cathy Strayer, and Tammy Powell denied Plaintiff the right to have confidential attorney client conferences with his Attorney, Patricia L. Hayes.

51. Plaintiff is still being detained in the Sangamon County Jail and is still being denied the right to meet with Attorney Patricia L. Hayes to prepare for the charges against him in charge 2005 CF 1143.

52. Plaintiff has attempted to meet with his attorney on September 10, 12, 13, 15, 16, 17, and 20, 2005. Each time the Plaintiff has been required to consult with his attorney through glass using a monitored phone. In addition, Plaintiff is required to transmit papers through a jail guard. Each visit has been monitored and restricted by one or all of the named Defendants employed by the Sangamon County Sheriff's Department.

53. On September 17, 2005, Plaintiff's attorney brought in legal documents and supplies for the Plaintiff to facilitate the preparation of the Plaintiff's defense. On September 17, 2005, Sergeant Guy and Defendant Cathy Strayer searched and confiscated Plaintiff's legal mail. Defendant Guy and Defendant Strayer refused to allow the Plaintiff to have envelopes for which to communicate with his attorney or labels, and file folders for his legal papers.

# COUNT 1
## DUANE GABB, TERRY DURR, WILLIAM STRAYER, CANDACE CAIN, TAMMY POWELL, SERGEANT GUY, BRIEN CARRY, CARLA CARRY, SERGEANT BOUVET
## 42 U.S.C. 1983

1-52.   Plaintiff repeats and realleges paragraphs 1-52 as and for paragraphs 1-52 of Count 1.

54.   At all times herein Plaintiff has had a Constitutional Right to Effective Assistance of Counsel and unrestricted access to Counsel as guaranteed by the 5th and 6th and 14th Amendments to the United States Constitution.

55.   As a direct and proximate result of Defendants conduct Plaintiff has been and is currently being denied his 5TH, 6th and 14th Amendment Constitutional Right to Counsel.

56.   At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

57.   Defendants' discriminatory treatment of the Plaintiff as described above has been intentionally taken against the Plaintiff by all the named Defendants, individually in their official capacity, acting under the color of state law, against the Plaintiff, which has resulted in the Plaintiff being denied equal protection of the law.

58. All named Defendants have as alleged herein, intentionally denied Plaintiff equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

59. Defendants are sued in their individual capacities.

60. Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages as a result of Defendants' discriminatory practices unless and until this court grants relief.

61. Defendants acts have been with malice and reckless disregard for Plaintiff's federally protected civil rights.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter judgment as to the individual Defendants TERRY DURR, WILLIAM STRAYER, CANDACE CAIN, TAMMY POWELL, BRIEN CARRY, CARLA CARRY, DUANE GABB, SERGEANT GUY, AND SERGEANT BOUVET:

A. declaring that the acts and practices complained of herein are in violation of 42 U.S.C. 1983;

B. enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C. directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect the Plaintiff's 5th Amendment Right to Counsel;

D.  entering judgment in Plaintiff's favor and jointly and severally against all named Defendants for compensatory damages and against each of the individual Defendant for punitive damages;

E.  awarding Plaintiff pre-judgment interest.

F.  awarding Plaintiff the costs of this action together with reasonable attorney fees with pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

G.  granting such other and further relief as this court deems necessary and proper.

## COUNT 11
## LIEUTENANT LOFTUS, MICHAEL FELECIA, B. WEISS
## 42 U.S.C. 1983
## 8TH AMENDMENT VIOLATION

1-52. Plaintiff repeats and realleges paragraphs 1-52 above as and for 1-52 of Count II.

53. At all times relevant hereto, Plaintiff has had a constitutional right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendment to the Constitution.

54. Defendants Michael Felecia and D. Weiss violated the Plaintiff's 8th Amendment right to be free from excessive use of force when they caused serious bodily harm to the Plaintiff without cause or justification on August 26, 2005.

55. Defendant Lieutenant Loftus violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment on August 16, 2005 and August 26, 2005 when he strapped the Plaintiff into a wheelchair and placed him in

a detaining cell with no bathroom for in excess of 4 hours and forced the Plaitniff to urinate on himself and then sit in his urine for hours in front of officers and other inmates.

56. Defendants' discriminatory treatment of the Plaintiff as described above has been intentionally taken against the Plaintiff by all the named Defendants, individually in their official capacity, acting under the color of state law, against the Plaintiff, which has resulted in the Plaintiff being denied equal protection of the law.

57. All named Defendants have as alleged herein, intentionally denied Plaintiff equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

58. Defendants are sued in their individual capacities.

59. Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages as a result of Defendants' discriminatory practices unless and until this court grants relief.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter judgment as to the individual Defendants MICHAEL FELECIA, B. WEISS, AND LIEUTENANT LOFTUS:

A. declaring that the acts and practices complained of herein are in violation of 42 U.S.C. 1983;

B. enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C. directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect the Plaintiff's 5th Amendment Right to Counsel;

D. entering judgment in Plaintiff's favor and jointly and severally against all named Defendants for compensatory damages and against each of the individual Defendant for punitive damages;

**E.** awarding Plaintiff pre-judgment interest;

F. awarding Plaintiff the costs of this action together with reasonable attorney fees with pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

G. granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated in Springfield, Illinois this 21st day of September, 2005.

                         SCOTT NELSON GLISSON, Plaintiff.


        BY:   s/Patricia L. Hayes
                 Patricia L. Hayes, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863