**E-FILED**
Tuesday, 04 October, 2005  04:04:39 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SCOTT NELSON GLISSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | NO. 05-3250 |
| | } | |
| SANGAMON COUNTY SHERIFF'S | } | |
| DEPARTMENT, a county governmental unit; | } | |
| DUANE GABB, Sangamon County Assistant | } | |
| State's Attorney, individually; TERRY DURR, | } | |
| Superintendent of the Sangamon County Jail, | } | |
| individually, WILLIAM STRAYER,        Asst. | } | |
| Superintendent of the Sangamon County Jail, | } | 42 U.S.C 1983 |
| Individually; Ltn. BUECKNER, Assistant | } | |
| Superintendent of the Sangamon County Jail, | } | |
| individually;   CANDACE CAIN, Lieutenant of the | } | JURY DEMAND |
| Sangamon County Jail, individually; BRIEN | } | |
| CARRY, Lieutenant of the Sangamon County Jail, | } | |
| individually; Officer CARLA CARRY, correctional | } | |
| officer of the Sangamon County Jail, individually; | } | |
| TAMMY POWELL Sergeant of the Sangamon | } | |
| County Jail, individually; Officer DOEDGE, | } | |
| correctional Officer of the Sangamon County Jail, | } | |
| individually; Officer   MELISSA CHILDRESS, | } | |
| Correctional Officer of the Sangamon County Jail, | } | |
| individually, Sergeant GUY, Sergeant of Sangamon | } | |
| County Jail, Individually; Sergeant BOUVET, | } | |
| Sergeant of Sangamon County jail, individually; | } | |
| Lieutenant LOFTUS, Lieutenant of the Sangamon | } | |
| County Jail, Individually; MICHAEL FELECIA, | } | |
| Village of Grandview Police Officer, individually; | } | |
| B. WEISS, City of Springfield Police Officer, | } | |
| individually | } | |
| | } | |
| Defendants. | } | |

1

| AMENDED COMPLAINT |
|---|

**NOW COMES** the Plaintiff, SCOTT NELSON GLISSON, by his Attorney, Patricia L. Hayes, and pursuant to FRCP 15 A files this amended complaint complaining of Defendants, and alleges:

## JURISDICTION AND VENUE

1.     This action is brought to remedy the denial of Plaintiff's Constitutional Right to Counsel and his Constitutional Rights to be free from Cruel and Unusual Punishment and Excessive Use of Force and the violation of equal protection of law in violation of 42 U.S.C. 1983.

2.     Jurisdiction of this court is founded upon 28 U.S.C. 331 and 1343 (1) (2) (3) (4) and the aforementioned statutory and constitutional provisions. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. '2000e - 5(f) and (g) along with monetary relief for tort damages Pursuant to 28 U.S.C.  1391(b), venue is proper within this District because the unlawful practices complained of herein occurred within the Central District of Illinois.

3.     Plaintiff has exhausted all administrative remedies available to him prior to filing this action.

## PARTIES

4.     Plaintiff, SCOTT NELSON GLISSON, is a male citizen of the United States. At all times relevant hereto, he has been married to Attorney Patricia L. Hayes, a licensed attorney in the State of Illinois. He is currently being held in the Sangamon County Jail

2

serving a sentence of incarceration in cause number 04 CF 648. He also faces felony charges of aggravated battery to a police officer filed by the People of the State of Illinois, Sangamon County, Illinois in cause number 05 CF 1143. At all times herein, he has suffered from a mental illness, bi-polar disorder.

5. Defendant, SANGAMON COUNTY SHERIFF'S DEPARTMENT, Sangamon County Sheriff's Department is a county governmental body and a person as that defined by 42 U.S.C. 1983. At all times herein, Defendant Sangamon County Sheriff's Department was and is responsible for housing Sangamon County inmates being incarcerated pending trial or serving sentences of incarceration. At all times, herein Defendant, SANGAMON COUNTY SHERIFF'S DEPARTMENT, acted by and through its elected officers and appointed employees, including but not limited to the Superintendent of the Sangamon County Jail, the Assistant Superintendents, Lieutenants, Sergeants and Correctional Officers. At all times herein, Defendant, through the acts of the Sheriff and the Superintendent of the Sangamon County Jail, maintained a policy and practice of arbitrarily denying inmates confidential consultations with their attorneys without due process and allowing cruel and unusual punishment of the mentally ill all in violation of equal protection of law.

6. Defendant, DUANE GABB, is a Sangamon County Assistant States Attorney. At all times herein, he has acted under the color of State and Local law. He is sued individually. At all times, herein he directly participated in the unlawful denial of Defendant's 5th and 6th Amendment Right to Counsel.

7. Defendant, TERRY DURR, is the Superintendent of the Sangamon County

3

Jail.  At all times herein, he was in charge of establishing policies and practices in the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department.  At all times herein, he has acted under the color of State and local law.  He has participated directly in the denial of the Plaintiff's 5th and 6th Amendment Right to Counsel.  He also responsible for maintaining policies and practices at the Sangamon County Jail that have permitted and condoned the physical abuse of the mentally ill being held at the Sangamon County Jail.  He is sued individually.

8.    Defendant, WILLIAM STRAYER, is Assistant Superintendent of the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department.  At all times herein, he has acted under the color of state and local law.  At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel.  He also responsible for maintaining policies and practices at the Sangamon County Jail that have permitted and condoned the physical abuse of the mentally ill being held at the Sangamon County Jail. He is sued individually.

9.    Defendant Lieutenant BRIEN CARRY is a lieutenant at the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department. At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel.  At all times herein, he has acted under the color of state and local law.  He is sued individually.

10.   Defendant Sergeant GUY is a sergeant at the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department.  At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all times herein, he has acted under the color of state and local law.  He is sued individually.

4

11.  Defendant Sergeant BOUVET is a sergeant at the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department.  At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all times herein, he has acted under the color of state and local law.  He is sued individually.

12.  Defendant Lieutenant LOFTUS is a lieutenant at the Sangamon County Jail.  He is an employee of the Sangamon County Sheriff's Department.  As Lieutenant of the 3rd shift at the Sangamon County Jail, he directly participated in the 8th Amendment Violations alleged herein.  He has been responsible for establishing policies and practices at the Sangamon County Jail allow violations of inmates 8th Amendment Rights.  At all times herein, he has acted under the color of state and local law.  He is sued individually.

13.  Defendant CARLA CARRY is a correctional officer at the Sangamon County Jail. At all times herein, she directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all times herein, she has acted under the color of state and local law.  She is sued individually.

14.  Defendant Deputy MELISSA CHILDRESS is an officer of the Sangamon County Jail.  She is an employee of the Sangamon County Sheriff's Department.  At all times herein, she directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all times herein, she has acted under the color of state and local law.  She is sued individually.

15.  Defendant Deputy DOEDGE is an officer of the Sangamon County Jail.  She is an employee of the Sangamon County Sheriff's Department.  At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all

times herein, he has acted under the color of state and local law.  He is sued individually.

16. Defendant, Lieutenant CANDACE CAIN, is employed by the Sangamon County Jail.  She is an employee of the Sangamon County Sheriff's Department.  At all times herein, he directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. At all times herein, she has acted under the color of State and Local law. She is sued individually.

17. Defendant, Sergeant TAMMY POWELL, is employed by the Sangamon County Jail.  She is an employee of the Sangamon County Sheriff's Department. At all times herein, she has acted under the color of state and local law.  At all times herein, she directly participated in the Plaintiff's being denied his 5th and 6th Amendment Right to Counsel. She is sued individually.

18. Defendant, MICHAEL ALICIA, is a police officer for the Village of Grandview, Illinois.  At all times, herein he has acted under the color of state and local law.  At all times herein, he directly participated in the Plaintiff's being denied his 8th Amendment Right to be free from excessive use of force.  He is sued individually.

19. Defendant, Officer D. WEISS, on information and belief is police officer for the city of Springfield, Illinois.  t all times herein, he directly participated in the Plaintiff's being denied his 8th Amendment Right to be free from excessive use of force.  At all times herein, he acted under the color of state and local law. He is sued individually.

6

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
## 42 U.S.C. 1983

20. Plaintiff repeats and realleges paragraphs 1-19 herein with the same force and effect as if fully set forth herein.

21. At all times relevant hereto, Plaintiff has suffered from a diagnosed mental disorder: Bi-Polar Disorder. Plaintiff has been prescribed to take medication to control his Bi-Polar Disorder.

22. At all times relevant hereto, because of Plaintiff's mental condition, Plaintiff has suffered from periods of mania. When the Plaintiff is in a manic state, he becomes easily agitated and very confrontational.

23. At all times herein, all named Defendants knew or should have known of the Plaintiff's diagnosis because it is documented at the Sangamon County jail.

24. November 22, 2004 Plaintiff Scott N. Glisson was convicted and adjudged guilty in the Circuit Court of Sangamon County on the charge of BAD CHECK in cause number 04 CF 648.

25. On November 22, 2004, Plaintiff was sentenced to probation for a period of two years. Defendant was to comply with the conditions of his probation.

26. On July 13, 2005, the Sangamon County State's Attorney's Office filed a Petition to Revoke Plaintiff's Probation and an arrest warrant was issued by the Sangamon County Court, Judge Robert J. Eggers.

27. On August 16, 2005, Plaintiff was arrested on the warrant issued in 04 CF 648.

28. At the time of his arrest on August 16, 2005, Plaintiff was in a manic state, very agitated and confused.

7

29.  On or About August 16, 2005, Lieutenant Loftus along with other unnamed correctional officers at the Sangamon County Jail strapped the Plaintiff in a wheelchair and placed him in the corner of the holding room with no bathroom for in excess of 4 hours. Plaintiff was forced to urinate on himself and then sit in his urine for hours while strapped to a wheelchair.  At all times, Lieutenant Loftus knew or should have known that Plaintiff suffered from a mental illness.

30.  At all times herein, Sangamon County Sheriff's Department and the Sangamon County Jail employees have had a history of physically abusing the mentally ill in their custody.

31.  After Plaintiff was arrested, he contacted his wife, Attorney Patricia L. Hayes to meet with him concerning matters pertaining to his representation against the charges against him and the terms of his bond.

32.  At all times herein, Plaintiff's wife, Patricia L. Hayes, has been a duly licensed attorney in the State of Illinois.

33.  On August 17, 2005, Attorney Patricia L. Hayes visited the Plaintiff in the Sangamon County Jail and was allowed to have unrestricted attorney/client visits with the Plaintiff despite Plaintiff's agitated state.

34.  On August 18, 2005, Plaintiff met with his Attorney Patricia Hayes on three separate occasions. On all three visits, Plaintiff was in an agitated manic episode.

35. On the first two visits on August 18, 2005, Plaintiff was allowed to meet with his attorney in an unrestricted attorney interview room.  The visits were never stopped.

36. On August 18, 2002, during the second meeting, Plaintiff became agitated during

8

the interview and Attorney Hayes pushed the call button to leave the room.  The Officer Doedge was in the control room.  He never came to the interview room and the conference continued until the meeting ended.

37. On Plaintiff's third visit with his attorney on August 18, 2005, at approximately 8 p.m., Plaintiff was escorted to the attorney interview room by Officer Melissa Childress. During the escort, Plaintiff advised Childress that Attorney Hayes was his wife.

38. Within two minutes of the Plaintiff being brought into the interview room and while the door to the room was still open, Defendant Candace Cain and Melissa Childress stormed into the room and advised the Plaintiff that he could not meet with his attorney because she was married to him.

39. At approximately 8 pm on August 18, 2005, Defendant Candace Cain advised Attorney Hayes and the Plaintiff that she could not represent the Plaintiff because she had a conflict since she was married to the Plaintiff.  Defendant Cain accused Attorney Hayes of unethical conduct and stopped the Plaintiff's attorney meeting with his attorney.

40. Plaintiff bonded out of the Sangamon County Jail on August 19, 2005.\

41. At the time the Plaintiff bonded out on August 19, 2005 Plaintiff was in a manic state.

42. On August 24, 2005, the Plaintiff appeared in court on the hearing to Revoke his Probation.  At the time, Plaintiff was represented by Attorney Mike Harmon.  Plaintiff plead guilty to the revocation allegations and his Probation was revoked and he was sentenced to 180 days in the Sangamon County Jail with his Mittimus stayed until September 20, 2005.

43. While the Plaintiff was out on his Mittimus and still in a manic state, on August

9

26, 2005, the Plaintiff was arrested on new charges.

44.  On or about August 26, 2005 Plaintiff was handcuffed and placed under arrest without a warrant and without legal justification or probable cause by a female City of Springfield Police Officer.

45. On information and belief, the female officer called for male officer back-up.

46. On information and belief, on August 26, 2005, the Defendant Sangamon County Sheriff's Department dispatch sent the Village of Grandview Officer Michael Alicia to answer the call in the City of Springfield.

47. Defendant Michael Alicia is not a Springfield Police Officer and on August26, 2005 Alicia was not assigned to the area where the Plaintiff was being held under arrest.

48.  At all times relevant hereto, Michael Felecia, has been unable to qualify to become a police officer with the City of Springfield due to problems with his background investigation and/ or his psychological testing.

49.  While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss illegally searched the Plaintiff without legal justification, probable cause, and without a warrant.

50.  On August 26, 2005, Defendant Michael Alicia and Defendant B. Weiss used excessive use of force when they arrested the Plaintiff.  While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss, without legal justification, slammed the Plaintiff into the corner of a brick building intentionally causing grievous bodily injury and

harm to the Plaintiff.   Plaintiff had a six inch cut to his back because of the assault by Alicia and Weiss.

51.  At all times relevant herein, Defendants Alicia and Weiss, knew or should have known that Plaintiff suffered from a mental illness and was in a manic state at the time he was arrested.

52.  On August 26, 2005, Defendant Michael Alicia and D. Weiss, arrested the Plaintiff and took him to the Sangamon County Jail where Defendant Loftus again placed the Plaintiff in a wheelchair, strapped him to the wheelchair and placed him in a corner with no bathroom for hours.  While the Plaintiff was strapped into the wheelchair, Plaintiff was forced to urinate and then sit in his urine for hours.

53.  After sitting in the cell with no bathroom for hours, Defendant Loftus moved the Plaintiff to the center of the holding area and forced the Plaintiff to sit in his urine in front of all the inmates and other correctional officers.

54.  After Plaintiff's arrest on August 26, 2005, Plaintiff called Attorney Patricia Hayes to represent   him on the new charges.

55.  On August 27, 2005, Attorney Patricia Hayes was not allowed to visit with the Plaintiff in a normal attorney client interview room.  Instead, the Plaintiff was required to meet with his attorney in a visiting room with a glass partition and he was required to talk to his attorney via a monitored phone.  During the visit, numerous correctional officers, including, Ltn. Cain, were allowed to monitor the visit.  The visiting room is enclosed by glass and in front of the Duty Warden's Office.

56.  From August 27, 2005 through September, 9, 2005 Defendants Terry Durr,

Candace Cain, William Strayer, Brien Carry, and Tammy Powell have denied the Plaintiff the right to have confidential attorney client meetings with his attorney, Patricia L. Hayes, at the Sangamon County Jail. Instead, Plaintiff has been forced to meet with his attorney in a normal visiting room divided by soundproof glass. Plaintiff must communicate through a phone and pass confidential papers through correctional officers.

57. On August 29, 2005, the Plaintiff bonded out on charges in 2005 CF 1143.

58. On September 3, 2005, the Plaintiff was re-arrested in cause number 2004 CF 648 and has been incarcerated in the Sangamon County Jail since that time serving a 180 day sentence of incarceration in 2004 CF 648.

59. At all times since September 3, 2005, Plaintiff has had pending felony charges in cause number 2005 CF 1143.

60. At all times since September 3, 2005 Defendants Terry Durr, William Strayer, Lieutenant Bueckner, Candace Cain, Tammy Powell, Sergeant Guy, Sergeant Bouvet, Carla Carry, Brien Carry, have all denied the Plaintiff the right and opportunity to meet with his attorney in a confidential interview room to prepare his defenses to charges in 2005 CF 1143 and pursue his civil rights remedies. Plaintiff was told that his visits with his attorney were because of a court order from Judge Eggers and that the jail did not know who represented the Plaintiff.

61. On Tuesday, September 6, 2005, Plaintiff had his first appearance on Charge # 2004 CF 648. Defendant's former attorney Mike Harmon indicated he would not represent the Plaintiff. That evening Plaintiff's wife, attorney Patricia Hayes, visited the Plaintiff and agreed to represent him. On September 6, 2005, Plaintiff was told that Superintendent Durr said that

12

he could not have regular attorney visits with Attorney Patricia Hayes without giving any reason.

62. On the morning of September 7, 2005 Plaintiff was advised by Defendant Lieutenant Bueckner that the reason he was being denied confidential meetings with his attorney was because the jail was not sure who represented the Plaintiff. On September 7, 2005 Attorney Hayes entered her appearance for the Plaintiff in 2004 CF 648 and 2005 CF 1143. That evening, Plaintiff was still denied unrestricted visits with his attorney.

63. On September 8, 2005, Plaintiff's Attorney went to Judge Holmes with Assistant States Attorney Kelly and Holmes ordered the jail to give the Plaintiff's attorney access to him.

64. On information and belief, Defendant Candace Cain called Judge Holmes ex parte and told him that Judge Eggers had ordered that Hayes meet with the Plaintiff behind glass. This was not true.  Again, Defendant Candace Cain denied Plaintiff his visit with his attorney.

65.  On September 9, 2005, Judge Robert J. Eggers Ordered that the Sangamon County Jail was to afford the Defendant access to his attorney, Patricia L. Hayes, the same as any other defendant is allowed to meet with their attorney.

66.   Despite Judge Eggers Order of September 9, 2005, Defendants  Duane Gab in concert with Defendants Terry Durr, William Strayer, Ltn. Bueckner, Candace Cain, Brien Carry, Sergeant Guy, Carla Carry, Cathy Strayer, and Tammy Powell denied Plaintiff the right to have confidential attorney client conferences with his Attorney,  Patricia L. Hayes:

A.  On September 15, 2005 Defendant Terry Durr denied the Plaintiff unrestricted access to his attorney after Plaintiff's attorney brought Defendant Terry Durr a

copy of the 7th Circuit case of *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973) holding that Defendants could not deny the Plaintiff unrestricted visits with his attorney.  \

B.  On September 17, 2005, Defendants Bouvet and Guy denied the Plaintiff unrestricted access to his attorney.  Plaintiff had to meet in the visiting room between glass and over the phone.  Plaintiff's attorney brought in legal mail and it was searched by Defendant Guy who confiscated file folders, post it notes, labels, and envelopes that Plaintiff's attorney had brought to him to facilitate their preparation on the charges he had pending.  Plaintiff had one copy of the rules of "Sangamon County Rules and Regulations" that he was unable to review with his attorney because of the glass.  Plaintiff was told that the restrictions were because of a "Court Order".  Defendant has never produced the "Court Order".

C.  On September 20, 2005, Plaintiff again had to meet with his attorneys in a visiting room surrounded by windows being viewed by the Duty Warden's Office.  Numerous Officers monitored the meeting:  Ltn. Brien Carry, Sgt W. Smith, Ltn. William Strayer and Lieutenant Brents.  Plaintiff had to pass confidential communications through the correctional officers.

D.  Plaintiff filed this action on September 21, 2005.

E.  On September 22, 2005 a hearing was held on a Rule to Show Cause regarding the Jail's disregarding the September 9, 2005 Order regarding unrestricted access to his attorney.  The Rule was denied because Judge Eggers did not believe his Order had been violated.

14

F.  On September 22, 2005, Candace Cain testified that the reason Plaintiff's attorney visits were being restricted was because of an alleged argument between the Plaintiff and his attorney on August 18, 2005.  This would be a minor rule violation.  This was the first time that Plaintiff was ever given this reason as a reason to deny his visits with his attorney.  The reason given by Defendant Cain is false and pretextural in that Plaintiff was never given a ticket or in any way disciplined for any argument or disruption at the jail.

G.  On September 22, 2005, Defendant Cain testified that Plaintiff's attorney was placed on a "list" in the Sheriff's Office as an attorney with restricted visits with clients.

H.  To date, Plaintiff's Attorney has not been provided with a reason that she was placed on an arbitrary list of attorneys with restricted visitations.

I.  On September 24, 2005, Plaintiff's attorney arrived at 7:15 p.m.  She was handed not a legal badge but a visitor badge.  Plaintiff again was restricted to visits in the visiting room monitored by the Shift Commander, behind glass, through a phone.  Plaintiff's attorney brought legal documents that were examined by Defendant Bouvet.  During the meeting, over 10 different correctional officers walked by and monitored the meeting Plaintiff had with his attorney.

J.  On September 26, 2005, Plaintiff's attorney met with Defendants William Strayer and Terry Durr and asked for the rule that allowed the Sheriff's Department to arbitrarily deny her access to clients without due process. Defendants Strayer and Durr never provided her with a copy of the rule.   On September 26, 2005,

Plaintiff's attorney asked to meet with her other clients being detained pending post-trial motions in a non-restricted attorney client room.  This request was denied.  Again, Plaintiff was forced to meet with his attorney behind glass on a phone while his meeting with his attorney was monitored by correctional officers, including, Melissa Childress and Officer Doedge.

K.  On September 26, 2005, Plaintiff's attorney visit was behind glass on a phone in a room being monitored by Defendant Tammy Powell.

L.  On September 30, 2005, Plaintiff's meeting with his attorney was monitored by shift commander Defendant Tammy Powell.  For the very first time, in the visiting room that Plaintiff was required to meet with his attorney, Defendants had posted a memo "Notice to Attorneys.  This notice had never been in any interview room prior to this date.

67. At all times herein, the Sangamon County Sheriff's Department  and the has maintained policies and practices enforced by the Superintendent of the Jail and all of his command staff that are arbitrary and capricious and deny inmates, including the Plaintiff, their Constitutional Right to Counsel as guaranteed by the United States Constitution that are

68.  Plaintiff is still being detained in the Sangamon County Jail and is still being denied the right to meet with his Attorney Patricia L. Hayes to prepare for the charges against him in charge 2005 CF 1143 and the ability to seek redress for his civil rights violations.

69.  Plaintiff has attempted to meet with his attorney on September 10, 12, 13, 15, 16, 17, 20, 22, 24, 26, and 30th 2005 and through October 2, 2005.  Each time the Plaintiff has been required to consult with his attorney through glass using a monitored phone.    In addition,

Plaintiff is required to transmit papers through a jail guard. Each visit has been monitored and restricted by one or all of the named Defendants employed by the Sangamon County Sheriff's Department.

70. At all times herein prior to the filing of this lawsuit, Defendant Sangamon County Sheriff's Department did not have written rules regarding attorney visits posted anywhere in the jail.

71. At all times herein prior to the filing of this lawsuit, Defendants never charged the Plaintiff with any rule violations regarding his attorney visits.

72. Plaintiff has never been given a reason for Defendants refusing to allow him to meet with his attorney in a confidential attorney client room. He has not been given due process and equal protection of law.

73. Other inmates who have committed major rule infractions are allowed to meet with their attorneys in an unrestricted attorney client room.

74. Neither the Plaintiff nor the Plaintiff's attorney have ever been alleged to have attempted at any time to bring in contraband to the institution.

75. That since the filing of the complaint herein, Defendants, Durr, Strayer, Bueckner, Cain, Doedge, and Childress have conspired and have manufactured false reasons for refusing the Plaintiff his right to meet confidentially with his attorney.

76. At all times herein, there existed within the State of Illinois Rules Regulating the conduct of county jails within the State of Illinois what were promulgated pursuant to statute. At all times herein, the Administrative Rules, 20 Ill.Adm.Code 701.5 tense. seq, entitled County Jail Standards, have been disregarded by Defendant Sangamon County Sheriff's

Department – Sangamon County Jail Administrators and command staff.

## COUNT 1

**SANGAMON COUNTY SHERIFF'S DEPARTMENT
SANGAMON COUNTY JAIL
42 U.S.C. 1983**

76.    The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-75" of this complaint with the same force and effect as fully set forth herein.

77.  At all times relevant hereto, the Plaintiff had Constitutionally protected rights to Effective Assistance of Counsel as guaranteed by the 5th and 6th and 14th Amendment to the United States Constitution and the State of Illinois Constitution.  Plaintiff also had Constitutionally protected rights to be free from Excessive Use of Force and Cruel and Unusual Punishment protected by the 8th and 14th Amendment to the United States Constitution.  Plaintiff further had liberty interests protected by State and Federal Statute, State of Illinois Administrative Rules and the 14th Amendment to the United States Constitution to be free from disability discrimination.

78.  At all times relevant hereto, the Defendant, SANGAMON COUNTY SHERIFF'S DEPARTMENT-SANGAMON COUNTY JAIL, acting under the color of state and local law, maintained policies and customs denying inmates at the Sangamon County Jail, their 5th and 6th Amendment Rights to Counsel, and policies and customs tolerating Cruel and Unusual Punishment of Pretrial Detainees suffering from mental illness and disabilities all of which have resulted in the Plaintiff being denied equal protection of the law.

79.  The SANGAMON COUNTY SHERIFF'S DEPARTMENT –SANGAMON

18

COUNTY JAIL, acting through the Superintendent, Assistant Superintendents, and command staff, in directly participating in the Plaintiff being denied his right of Access to Courts and Counsel in violation of his 5th and 6th Amendment Rights and Participating in acts of Cruel and Unusual Punishment in violation of his 8th Amendment Right to be free from Cruel and Unusual Punishment, and in discriminating against the Plaintiff on the basis of his mental illness and in retaliating against the Plaintiff, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

80.  At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973).

81.    The SANGAMON COUNTY SHERIFF'S DEPARTMENT-SANGAMON COUNTY JAIL'S acts have been intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

82.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages because of the Defendant's discriminatory practices unless and until this court grants relief.

19

## COUNT II.
## 42 U.S.C. ɔ1983 – TERRY DURR

83.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

83.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

84.  At all times relevant hereto, Superintendent Terry Durr, individually and in his official capacity as Superintendent of the Sangamon County Jail, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel, tolerating Cruel and Unusual Punishment by his command staff on inmates in violation of the Plaintiff's 8th Amendment Rights, and in discriminating against  and tolerating discrimination of mentally ill inmates, including the Plaintiff  which resulted in the Plaintiff being denied the equal protection of the law.

20

85.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in discriminating against the mentally ill in the terms of confinement, and retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. ə1983.

86.  At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973).

87.    The Defendant's acts were intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

88.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

**COUNT III.**
**42 U.S.C. ə1983 – WILLIAM STRAYER**

21

89.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

90.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

91.  At all times relevant hereto, Assistant Superintendent William Strayer, individually and in his official capacity as Assistant Superintendent of the Sangamon County Jail, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel, tolerating Cruel and Unusual Punishment by his command staff on inmates in violation of the Plaintiff's 8th Amendment Rights, and in discriminating against  and tolerating discrimination of mentally ill inmates, including the Plaintiff  which resulted in the Plaintiff being denied the equal protection of the law.

92.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in

discriminating against the mentally ill in the terms of confinement, and retaliating against

the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally

denied the Plaintiff the equal protection of the law all in violation of the Fourteenth

Amendment of the United States Constitution and 42 U.S.C. ∋1983.

93.     At all times relevant hereto the law in the 7th Circuit has been well settled

that an incarcerated inmate has the right to unrestricted confidential communications with

his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an

attorney to confer in a visiting room divided by soundproof glass barrier and to

communicated by phone and to transmit papers through jail guard violates an inmates right

to access to counsel and courts guaranteed by the 6th Amendment to the Constitution.

*Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

94.     The Defendant's acts were intentional with malice and reckless disregard for

the Plaintiff's federally protected civil rights.

95.  The Plaintiff is now suffering and will continue to suffer irreparable injury in

monetary damages and continuing Constitutional violations as a result of the Defendant's

unlawful practices unless and until this court grants relief.


**COUNT IV.**
**42 U.S.C. ∋1983 – LIETENANT BUECKNER**

96.  The Plaintiff repeats and realleges each and every allegation in paragraphs

numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

97.  At all times relevant hereto, the Plaintiff has been a united states citizen and a

citizen of the State of Illinois and entitled to the protections of the United States

23

Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As

an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected

by the United States Constitution, State and Federal Statutes, rules and regulations of the

Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling

him to meaningful access to the courts and counsel, the right to be free from Cruel and

Unusual Punishment, and the right to be free from disability discrimination and retaliation

by Sangamon County Jail Officials.

98.  At all times relevant hereto, Assistant Superintendent  Lieutenant Bueckner,

individually and in his official capacity as Assistant Superintendent of the Sangamon

County Jail, acting under the color of state and local law, maintained a policy and custom

of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and

6th Amendment Rights to Counsel, tolerating Cruel and Unusual Punishment by his

command staff on inmates in violation of the Plaintiff's 8th Amendment Rights, and in

discriminating against  and tolerating discrimination of mentally ill inmates, including the

Plaintiff  all of which has  resulted in the Plaintiff being denied the equal protection of the

law.

99.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th

Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and

Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in

discriminating against the mentally ill in the terms of confinement, and retaliating against

the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally

denied the Plaintiff the equal protection of the law all in violation of the Fourteenth

Amendment of the United States Constitution and 42 U.S.C. ∍1983.

100.  At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

101The Defendant's acts were intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

102.  The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

### COUNT V.
### 42 U.S.C. ∍1983 – CANDACE CAIN

103.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

104.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the

Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

105.  At all times relevant hereto, LIEUTENANT CANDACE CAIN, individually and in her official capacity as Lieutenant and Shift Commander at the SANGAMON COUNTY JAIL, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel, t and in discriminating against  and tolerating discrimination of mentally ill inmates in the Sangamon County Jail, including the Plaintiff which resulted in the Plaintiff being denied the equal protection of the law.

106.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel and in discriminating against the mentally ill in the terms of confinement, and retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. ǝ1983.

107. At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts

26

guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

108.    The Defendant's acts have been and continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

109.  The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

## COUNT VI.
## 42 U.S.C. ∋1983 – DUANE GABB

110.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

111.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

112.  At all times relevant hereto, Defendant DUANE GABB, in His official capacity as Assistant Sangamon County States Attorney, had a duty to enforce the

27

Constitution of the United States and the laws of the State of Illinois.

113.   At all times relevant hereto, Defendant DUANE GABB, disregarded his statutory duties to enforce the law and unsure that the Sangamon County Jail did not violate the Plaintiff's constitutional rights, and acting under the color of state and local law, participated and directed a policy and custom at the Sangamon County Jail that has resulted in the arbitrary and capricious denial of the Plaintiff's and other inmates 5th and 6th Amendment Rights to Counsel and Access to the Courts and in the Plaintiff being denied equal protection of the law.

114.  The Defendant, in intentionally participating in the denial of the Plaintiff being denied his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel by the Sangamon County Jail, Defendant, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. ϶1983.

115.    At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

116.    The Defendant's acts have been and continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

28

117.  The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

## COUNT VII
## 42 U.S.C. э1983 – OFFICER DOEDGE, MELISSA CHILDRESS

118.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

119.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

120.  At all times relevant hereto, Officer Doedge and Officer Melissa Childress individually and in their  official capacity as officers at the Sangamon County Jail, acting under the color of state and local law, directly participated in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel and conspired with Defendant Cain and other unnamed officers at the Sangamon County Jail to deny the Plaintiff his 5th and 6th Amendment Rights to Counsel and Access to Courts all in

violation of Plaintiff's 5th and 6th Amendment Rights which have resulted in the Plaintiff being denied the equal protection of the law.

121. The Defendants, Childress and Doedge, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel, retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein, have intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. ә1983.

122. At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

123. The Defendant's acts continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

124. The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's' unlawful practices unless and until this court grants relief.

## COUNT VIII.

30

**42 U.S.C. ə1983**
**SANGAMON COUNTY OFFICERS BRIEN CARRY,**
**Sgt. GUY, Sgt. BOUVET, TAMMY POWELL, AND CARLA CARRY**

125.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

126.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

127.  At all times relevant hereto, Sangamon County Officers Brien Carry, Sgt Guy, Sgt. Bouvet, Tammy Powell, and Carla Carry individually and in their  official capacity as officers at the Sangamon County Jail, acting under the color of state and local law, directly participated in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel and Access to Courts all in violation of Plaintiff's 5th and 6th  Amendment Rights  which have resulted in the Plaintiff being denied the equal protection of the law.

128.  The Defendants, Brien Carry, Sgt Guy, Sgt. Bouvet, Tammy Powell, and Carla Carry in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to

31

Meaningful Access to the Courts and Counsel, all as alleged herein, have intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. ∋1983.

129.    At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

130.     The Defendants' acts continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

131.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's' unlawful practices unless and until this court grants relief.

## COUNT IX

### MICHAEL FELECIA, B. WEISS
### 42 U.S.C. 1983
### 8TH AMENDMENT VIOLATION

132.    Plaintiff repeats and realleges paragraphs 1-82 above as and for 1-82 of Count IX.

133. At all times relevant hereto, Plaintiff has had a constitutional right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendment to the Constitution.

134. Defendants Michael Felecia and D. Weiss violated the Plaintiff's 8th Amendment right to be free from excessive use of force when they caused serious bodily harm to the Plaintiff without cause or justification on August 26, 2005.

135. Defendants' discriminatory treatment of the Plaintiff as described above has been intentionally taken against the Plaintiff by all the named Defendants, individually in their official capacity, acting under the color of state law, against the Plaintiff, which has resulted in the Plaintiff being denied equal protection of the law.

136. All named Defendants have as alleged herein, intentionally denied Plaintiff equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

137. Defendants are sued in their individual capacities.

138. Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages because of Defendants' discriminatory practices unless and until this court grants relief.

## COUNT X

**LIEUTENANAT LOFTUS**
**42 U.S.C. 1983**
**8TH AMENDMENT VIOLATION**

139.    Plaintiff repeats and realleges paragraphs 1-82 above as and for 1-82 of
Count X.

140.     At all times relevant hereto, Plaintiff has had a constitutional right to be
free from cruel and unusual punishment as guaranteed by the 8th and 14th
Amendment to the Constitution.

141. Defendant Lieutenant Loftus violated Plaintiff's 8th Amendment right to be
free from cruel and unusual punishment on August 16, 2005 and August 26,
2005, when Defendant strapped the Plaintiff into a wheelchair and placed him
in a detaining cell with no bathroom for in excess of 4 hours and forced the
Plaintiff to urinate on himself and then sit in his urine for hours in front of
officers and other inmates.

142. Defendant's discriminatory treatment of the Plaintiff as described above has
been intentionally taken against the Plaintiff by Lieutenant Loftus, individually
in his official capacity, acting under the color of state law, against the Plaintiff,
which has resulted in the Plaintiff being denied equal protection of the law.

143.  Defendant has as alleged herein, intentionally denied Plaintiff equal
protection of the law all in violation of the Fourteenth Amendment of the
United States Constitution and 42 U.S.C. §1983.

144.    Defendant is sued in his individual capacity.

146.    Plaintiff is now suffering and will continue to suffer irreparable injury

34

in monetary damages because of Defendants' discriminatory practices unless and until this court grants relief.

## RELIEF REQUESTED

I.    **WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter judgment as to the SANGAMON COUNTY SHERIFF'S DEPARTMENT:

A.      declaring that the acts and practices complained of herein are in violation of 42 U.S.C. 1983;

B.       enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C.       directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortuous conduct are eliminated and do not continue to affect the Plaintiff's 5th and 6th Amendment Right to Counsel and his 8th Amendment Right to be free from Cruel and Unusual Punishment and his equal protection of the law;


D.      entering judgment in Plaintiff's favor and against the Sangamon County Jail  for compensatory damages;

E.      awarding Plaintiff pre-judgment interest.

F.       awarding Plaintiff the costs of this action together with reasonable attorney fees with pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

G.        granting such other and further relief as this court deems necessary and proper.

## RELIEF REQUESTED

**II.**     **WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter judgment as to the individual Defendants TERRY DURR, WILLIAM STRAYER, LTN. BUECKNER, CANDACE CAIN, DUANE GABB, BRIEN CARRY, CARLA CARRY, SGT. BOUVET, SGT GUY, TAMMY POWELL, MELISSA CHILDRESS, OFFICER DOEDGE, MICHAEL FELECIA, B. WEISS, AND LIEUTENANT LOFTUS:

A.     declaring that the acts and practices complained of herein are in violation of 42 U.S.C. 1983;

B.      enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C.      directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices and tortuous conduct are eliminated and do not continue to affect the Plaintiff's 5th and 6th Amendment Right to Counsel;

D.     directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices and tortuous conduct are eliminated and do not continue to affect the Plaintiff's 8th Amendment Right to be free from Cruel and Unusual Punishment and Excessive Use of Force;

E.      entering judgment in Plaintiff's favor and jointly and severally against all named Defendants for compensatory damages and against each of the individual Defendant for punitive damages;

**F.**      awarding Plaintiff pre-judgment interest;

G.      awarding Plaintiff the costs of this action together with reasonable attorney fees with pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

36

H.        granting such other and further relief as this court deems necessary and proper.


**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated in Springfield, Illinois this 4th day of October, 2005.


                                        SCOTT NELSON GLISSON, Plaintiff.




                        BY:___s/Patricia L. Hayes_____
                              Patricia L. Hayes, His Attorney



Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863