**E-FILED**
Thursday, 20 October, 2005  05:57:52 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SCOTT NELSON GLISSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | NO. 05-3250 |
| | } | |
| SANGAMON COUNTY SHERIFF'S | } | |
| DEPARTMENT, a county governmental unit, et. al. | } | |
| | } | |
| Defendants. | } | |

---

**MOTION FOR PRELIMINARY INJUNCTION**

---

**NOW COMES**, the Plaintiff, SCOTT NELSON GLISSON, by and through his attorney, Patricia L. Hayes, and pursuant to FRCP 65 moves this Honorable Court to enter a Preliminary Injunction against the Sangamon County Jail and its employees to enjoin them from further violations of the Plaintiff, and other similarly situated inmates, 6th Amendment Rights at the Sangamon County Jail as follows:  1) Enjoin the Jail and its employees from restricting the Plaintiff and other inmates right to consult in private with their attorneys; 2) Enjoin the Jail and its employees from confiscating Plaintiff' and other inmates legal materials brought into the jail to assist them in their defenses; and  3) Enjoining the Jail and its employees censoring and reading the Plaintiff and other inmates legal mail and in support thereof states as follows:

1. Plaintiff has been incarcerated since September 3, 2005 in the Sangamon County Jail.

1

2.  Plaintiff was first denied visits with his attorney on August 18, 2005 by Defendant Candace Cain, who stopped an attorney meeting with the Plaintiff because she found out that the Plaintiff was and is married to his attorney.

3.  Plaintiff was again denied unrestricted visits with his legal counsel on August 27, 2005 after he was arrested on charges currently pending in Sangamon County, 05 CF 1143.

4.  Plaintiff has been incarcerated continuously in the Sangamon County Jail since September 3, 2005.

5.  Since September 3, 2005 the Sangamon county Jail has been denying the Plaintiff traditional lawyer-client consultations and have been restricting the Plaintiff's visits with his attorney by forcing him to consult with his attorney in a room divided by glass while talking to his attorney on a phone, all the while that the jail employees are allowed to monitor, listen and view the Plaintiff talking to his attorney all in violation of the Plaintiff's 6th Amendment Rights.

6.  If the Plaintiff and/or attorney are unable to discuss documents and if the Plaintiff wants to discuss a document, it has to be passed between a guard and the process can take up to 5 to 10 minutes, with the guard reading the communication. Contemporaneous discuss of a document that is more than one page long is onerous.

7.  In addition, the Jail and its employees have been reading the Plaintiff' and other inmates confidential legal mail from and to their attorney in violation of the Plaintiff's 6th Amendment Rights

2

8.  Further, the jail and its employees have confiscated legal materials such as yellow pads, folders, stamped envelopes addressed to his attorney that were brought into the jail for the Plaintiff to allow the Plaintiff to communicate privately with his attorney and assist in his defense.

9.  Plaintiff's attorney has never been accused of bringing in contraband into the jail to the Plaintiff or any other inmate and is willing to undergo a reasonable search prior to seeing the Plaintiff.

10. On September 27, 2005 the Plaintiff filed a federal lawsuit against the jail and its employees for their continued violation of his 6th Amendment Rights.

11.  At all times herein the Plaintiff by and through the Plaintiff's attorney provided the jail, Terry Durr and William Strayer a copy of the 7th Circuit case of *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

12. Plaintiff has a fundamental right to unfettered access to his attorney guaranteed by the 6th Amendment to the United States Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

13. Plaintiff needs to be able to meet with his attorneys to prepare for hearings, motions, and trial in his pending criminal matters and in matters in this lawsuit.

14. The reason given to the Plaintiff and the undersigned is because the undersigned is married to the Plaintiff ; however, that reason has changed like the wind since this lawsuit was filed.  Since the filing of this lawsuit, the Jail has posted new rules regarding attorney visits that in themselves allow for arbitrary denials of inmates legal visits with counsel.

3

15. The undersigned attorney for the Plaintiff is not a threat to the security of the institution. Plaintiff has never been written a ticket for any violations of the Jails rules and the undersigned attorney for the Plaintiff has not been provided any reasons or due process for restrictions placed upon her visits with clients.

16. There is no adequate remedy at law for the Plaintiff regarding the Jail and its employees continuing violations of his 6th Amendment Rights.

17. Plaintiff will likely be successful on the merits underlying this lawsuit since the law in this circuit is still governed by *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

18. Plaintiff will likely suffer irreparable harm because with each passing day that the Plaintiff cannot discuss the merits of his defense with his attorneys, witnesses for his defense could easily disappear.

19. The balance of hardships weigh in the Plaintiff's favor because the continuing denials and actions by the Jail and its employees are of Constitutional proportion and the violations are a continuing denial of the Plaintiff's 6th Amendment rights.

20. It is in the publics interest that inmates pending trial on criminal violations be granted their 6th Amendment rights because pretrial denial of a Defendant's constitutional rights will result in a reversal of any conviction and will waste judicial resources of the courts.

**WHEREFORE,** Plaintiff, Scott Nelson Glisson, prays this Court enter a Preliminary Injunction against the Sangamon County Jail and its employees enjoining future violations of the Plaintiff and other inmates incarcerated in the Sangamon County Jail being denied their 6th Amendment Right to Counsel as follows:

1.  Direct that all licensed attorneys be allowed to have unrestricted traditional attorney client visits with inmates incarcerated in the Sangamon County Jail and that the Sangamon County Jail facilitate all such visits as long as the attorney agree to a reasonable search for contraband;

2.  Enjoin the Sangamon County Jail and its employees from censoring the Plaintiff and other inmates legal mail;

3.  Enjoin the Sangamon County Jail and its employees from confiscating legal materials brought into the jail from their attorneys such as file folders, labels, legal pads, and stamped envelopes addressed to their attorney that are brought into the jail to assist the inmate in accessing the court and preparing for their legal cases.

**4.** Award the Plaintiff his reasonable attorney fees for bringing these

constitutional violations to the Courts Attention

SCOTT NELSON GLISSON,
Defendant


BY:_____/s/Patricia L. _____
PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863

**<u>VERIFICATION</u>**

Under penalties as provided by law pursuant to §1-109 of the Code of Civil

Procedure, the undersigned certifies that the statements set forth in the instrument are true

and correct, except as to matters therein stated to be on information and belief and is such

matters as the undersigned certifies as aforesaid that he/she verily believes the same to be

true.

___10/20/05_____                    _____S/Scott Nelson Glisson___
         Date                                       SCOTT NELSON GLISSON

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Bradley Blodgett
Hinshaw & Culbertson, LLP
400 S. 9th Street, Suite 200
Springfield, IL 62701
E-mail: bblodgett@hinshawlaw.com


_____s/Patricia L. Hayes_____


Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

5.  County Jail employees have had a history of physically abusing the mentally ill in their custody.

6.  After Plaintiff was arrested, he contacted his wife, Attorney Patricia L. Hayes to meet with him concerning matters pertaining to his representation against the charges against him and the terms of his bond.

7.  At all times herein, Plaintiff's wife, Patricia L. Hayes, has been a duly licensed attorney in the State of Illinois.

8.  On August 17, 2005, Attorney Patricia L. Hayes visited the Plaintiff in the Sangamon County Jail and was allowed to have unrestricted attorney/client visits with the Plaintiff despite Plaintiff's agitated state.

9.   On August 18, 2005, Plaintiff met with his Attorney Patricia Hayes on three separate occasions. On all three visits, Plaintiff was in an agitated manic episode.

10. On the first two visits on August 18, 2005, Plaintiff was allowed to meet with his attorney in an unrestricted attorney interview room.  The visits were never stopped.

11. On August 18, 2002, during the second meeting, Plaintiff became agitated during the interview and Attorney Hayes pushed the call button to leave the room.  The Officer Doedge was in the control room.  He never came to the interview room and the conference continued until the meeting ended.

12. On Plaintiff's third visit with his attorney on August 18, 2005, at approximately 8 p.m., Plaintiff was escorted to the attorney interview room by Officer Melissa Childress. During the escort, Plaintiff advised Childress that Attorney Hayes was his wife.

13. Within two minutes of the Plaintiff being brought into the interview room and while the door to the room was still open, Defendant Candace Cain and Melissa Childress stormed into the room and advised the Plaintiff that he could not meet with his attorney because she was married to him.

14.  At approximately 8 pm on August 18, 2005, Defendant Candace Cain advised Attorney Hayes and the Plaintiff that she could not represent the Plaintiff because she had a conflict since she was married to the Plaintiff.  Defendant Cain accused Attorney Hayes of unethical conduct and stopped the Plaintiff's attorney meeting with his attorney.

15.  Plaintiff bonded out of the Sangamon County Jail on August 19, 2005.\

16.  At the time the Plaintiff bonded out on August 19, 2005 Plaintiff was in a manic state.

8

17.  On August 24, 2005, the Plaintiff appeared in court on the hearing to Revoke his Probation.  At the time, Plaintiff was represented by Attorney Mike Harmon.  Plaintiff plead guilty to the revocation allegations and his Probation was revoked and he was sentenced to 180 days in the Sangamon County Jail with his Mittimus stayed until September 20, 2005.

18.  While the Plaintiff was out on his Mittimus and still in a manic state, on August 26, 2005, the Plaintiff was arrested on new charges.

19.  On or about August 26, 2005 Plaintiff was handcuffed and placed under arrest without a warrant and without legal justification or probable cause by a female City of Springfield Police Officer.

20. On information and belief, the female officer called for male officer back-up.

21. On information and belief, on August 26, 2005, the Defendant Sangamon County Sheriff's Department dispatch sent the Village of Grandview Officer Michael Alicia to answer the call in the City of Springfield.

22. Defendant Michael Alicia is not a Springfield Police Officer and on August26, 2005 Alicia was not assigned to the area where the Plaintiff was being held under arrest.

23.  At all times relevant hereto, Michael Felecia, has been unable to qualify to become a police officer with the City of Springfield due to problems with his background investigation and/ or his psychological testing.

24.  While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss illegally searched the Plaintiff without legal justification, probable cause, and without a

warrant.

25. On August 26, 2005, Defendant Michael Alicia and Defendant B. Weiss used excessive use of force when they arrested the Plaintiff. While the Plaintiff was handcuffed, Defendant Michael Alicia and Defendant B. Weiss, without legal justification, slammed the Plaintiff into the corner of a brick building intentionally causing grievous bodily injury and harm to the Plaintiff. Plaintiff had a six inch cut to his back because of the assault by Alicia and Weiss.

26. At all times relevant herein, Defendants Alicia and Weiss, knew or should have known that Plaintiff suffered from a mental illness and was in a manic state at the time he was arrested.

27. On August 26, 2005, Defendant Michael Alicia and D. Weiss, arrested the Plaintiff and took him to the Sangamon County Jail where Defendant Loftus again placed the Plaintiff in a wheelchair, strapped him to the wheelchair and placed him in a corner with no bathroom for hours. While the Plaintiff was strapped into the wheelchair, Plaintiff was forced to urinate and then sit in his urine for hours.

28. After sitting in the cell with no bathroom for hours, Defendant Loftus moved the Plaintiff to the center of the holding area and forced the Plaintiff to sit in his urine in front of all the inmates and other correctional officers.

29. After Plaintiff's arrest on August 26, 2005, Plaintiff called Attorney Patricia Hayes to represent him on the new charges.

30. On August 27, 2005, Attorney Patricia Hayes was not allowed to visit with the Plaintiff in a normal attorney client interview room. Instead, the Plaintiff was required to meet

10

with his attorney in a visiting room with a glass partition and he was required to talk to his attorney via a monitored phone. During the visit, numerous correctional officers, including, Ltn. Cain, were allowed to monitor the visit. The visiting room is enclosed by glass and in front of the Duty Warden's Office.

31. From August 27, 2005 through September, 9, 2005 Defendants Terry Durr, Candace Cain, William Strayer, Brien Carry, and Tammy Powell have denied the Plaintiff the right to have confidential attorney client meetings with his attorney, Patricia L. Hayes, at the Sangamon County Jail. Instead, Plaintiff has been forced to meet with his attorney in a normal visiting room divided by soundproof glass. Plaintiff must communicate through a phone and pass confidential papers through correctional officers.

32. On August 29, 2005, the Plaintiff bonded out on charges in 2005 CF 1143.

33. On September 3, 2005, the Plaintiff was re-arrested in cause number 2004 CF 648 and has been incarcerated in the Sangamon County Jail since that time serving a 180 day sentence of incarceration in 2004 CF 648.

34. At all times since September 3, 2005, Plaintiff has had pending felony charges in cause number 2005 CF 1143.

35. At all times since September 3, 2005 Defendants Terry Durr, William Strayer, Lieutenant Bueckner, Candace Cain, Tammy Powell, Sergeant Guy, Sergeant Bouvet, Carla Carry, Brien Carry, have all denied the Plaintiff the right and opportunity to meet with his attorney in a confidential interview room to prepare his defenses to charges in 2005 CF 1143 and pursue his civil rights remedies. Plaintiff was told that his visits with his attorney were because of a court order from Judge Eggers and that the jail did not know who represented the

11

Plaintiff.

36. On Tuesday, September 6, 2005, Plaintiff had his first appearance on Charge # 2004 CF 648. Defendant's former attorney Mike Harmon indicated he would not represent the Plaintiff. That evening Plaintiff's wife, attorney Patricia Hayes, visited the Plaintiff and agreed to represent him. On September 6, 2005, Plaintiff was told that Superintendent Durr said that he could not have regular attorney visits with Attorney Patricia Hayes without giving any reason.

37. On the morning of September 7, 2005 Plaintiff was advised by Defendant Lieutenant Bueckner that the reason he was being denied confidential meetings with his attorney was because the jail was not sure who represented the Plaintiff. On September 7, 2005 Attorney Hayes entered her appearance for the Plaintiff in 2004 CF 648 and 2005 CF 1143. That evening, Plaintiff was still denied unrestricted visits with his attorney.

38. On September 8, 2005, Plaintiff's Attorney went to Judge Holmes with Assistant States Attorney Kelly and Holmes ordered the jail to give the Plaintiff's attorney access to him.

39. On information and belief, Defendant Candace Cain called Judge Holmes ex parte and told him that Judge Eggers had ordered that Hayes meet with the Plaintiff behind glass. This was not true. Again, Defendant Candace Cain denied Plaintiff his visit with his attorney.

40. On September 9, 2005, Judge Robert J. Eggers Ordered that the Sangamon County Jail was to afford the Defendant access to his attorney, Patricia L. Hayes, the same as any other defendant is allowed to meet with their attorney.

41. Despite Judge Eggers Order of September 9, 2005, Defendants Duane Gab in

12

concert with Defendants Terry Durr, William Strayer, Ltn. Bueckner, Candace Cain, Brien Carry, Sergeant Guy, Carla Carry, Cathy Strayer, and Tammy Powell denied Plaintiff the right to have confidential attorney client conferences with his Attorney, Patricia L. Hayes:

A. On September 15, 2005 Defendant Terry Durr denied the Plaintiff unrestricted access to his attorney after Plaintiff's attorney brought Defendant Terry Durr a copy of the 7th Circuit case of *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973) holding that Defendants could not deny the Plaintiff unrestricted visits with his attorney.  \

B. On September 17, 2005, Defendants Bouvet and Guy denied the Plaintiff unrestricted access to his attorney.  Plaintiff had to meet in the visiting room between glass and over the phone.  Plaintiff's attorney brought in legal mail and it was searched by Defendant Guy who confiscated file folders, post it notes, labels, and envelopes that Plaintiff's attorney had brought to him to facilitate their preparation on the charges he had pending.   Plaintiff had one copy of the rules of "Sangamon County Rules and Regulations" that he was unable to review with his attorney because of the glass.  Plaintiff was told that the restrictions were because of a "Court Order".  Defendant has never produced the "Court Order".

C. On September 20, 2005, Plaintiff again had to meet with his attorneys in a visiting room surrounded by windows being viewed by the Duty Warden's Office. Numerous Officers monitored the meeting:  Ltn. Brien Carry, Sgt W. Smith, Ltn. William Strayer and Lieutenant Brents.   Plaintiff had to pass confidential communications through the correctional officers.

13

D.  Plaintiff filed this action on September 21, 2005.

E.  On September 22, 2005 a hearing was held on a Rule to Show Cause regarding the Jail's disregarding the September 9, 2005 Order regarding unrestricted access to his attorney.  The Rule was denied because Judge Eggers did not believe his Order had been violated.

F.  On September 22, 2005, Candace Cain testified that the reason Plaintiff's attorney visits were being restricted was because of an alleged argument between the Plaintiff and his attorney on August 18, 2005.  This would be a minor rule violation.  This was the first time that Plaintiff was ever given this reason as a reason to deny his visits with his attorney.  The reason given by Defendant Cain is false and pretextural in that Plaintiff was never given a ticket or in any way disciplined for any argument or disruption at the jail.

G.  On September 22, 2005, Defendant Cain testified that Plaintiff's attorney was placed on a "list" in the Sheriff's Office as an attorney with restricted visits with clients.

H.  To date, Plaintiff's Attorney has not been provided with a reason that she was placed on an arbitrary list of attorneys with restricted visitations.

I.  On September 24, 2005, Plaintiff's attorney arrived at 7:15 p.m.  She was handed not a legal badge but a visitor badge.  Plaintiff again was restricted to visits in the visiting room monitored by the Shift Commander, behind glass, through a phone. Plaintiff's attorney brought legal documents that were examined by Defendant Bouvet.  During the meeting, over 10 different correctional officers walked by and

14

monitored the meeting Plaintiff had with his attorney.

J.  On September 26, 2005, Plaintiff's attorney met with Defendants William Strayer and Terry Durr and asked for the rule that allowed the Sheriff's Department to arbitrarily deny her access to clients without due process. Defendants Strayer and Durr never provided her with a copy of the rule.   On September 26, 2005, Plaintiff's attorney asked to meet with her other clients being detained pending post-trial motions in a non-restricted attorney client room.   This request was denied.   Again, Plaintiff was forced to meet with his attorney behind glass on a phone while his meeting with his attorney was monitored by correctional officers, including, Melissa Childress and Officer Doedge.

K.  On September 26, 2005, Plaintiff's attorney visit was behind glass on a phone in a room being monitored by Defendant Tammy Powell.

L.  On September 30, 2005, Plaintiff's meeting with his attorney was monitored by shift commander Defendant Tammy Powell.   For the very first time, in the visiting room that Plaintiff was required to meet with his attorney, Defendants had posted a memo "Notice to Attorneys.   This notice had never been in any interview room prior to this date.

42. At all times herein, the Sangamon County Sheriff's Department  and the has maintained policies and practices enforced by the Superintendent of the Jail and all of his command staff that are arbitrary and capricious and deny inmates, including the Plaintiff, their Constitutional Right to Counsel as guaranteed by the United States Constitution that are

43.  Plaintiff is still being detained in the Sangamon County Jail and is still being

15

denied the right to meet with his Attorney Patricia L. Hayes to prepare for the charges against him in charge 2005 CF 1143 and the ability to seek redress for his civil rights violations.

44.  Plaintiff has attempted to meet with his attorney on September 10, 12, 13, 15, 16, 17, 20, 22, 24, 26, and 30th 2005 and through October 2, 2005.  Each time the Plaintiff has been required to consult with his attorney through glass using a monitored phone.    In addition, Plaintiff is required to transmit papers through a jail guard.  Each visit has been monitored and restricted by one or all of the named Defendants employed by the Sangamon County Sheriff's Department.

45.  At all times herein prior to the filing of this lawsuit, Defendant Sangamon County Sheriff's Department did not have written rules regarding attorney visits posted anywhere in the jail.

46.  At all times herein prior to the filing of this lawsuit, Defendants never charged the Plaintiff with any rule violations regarding his attorney visits.

47.  Plaintiff has never been given a reason for Defendants refusing to allow him to meet with his attorney in a confidential attorney client room.  He has not been given due process and equal protection of law.

48.  Other inmates who have committed major rule infractions are allowed to meet with their attorneys in an unrestricted attorney client room.

49.  Neither the Plaintiff nor the Plaintiff's attorney have ever been alleged to have attempted at any time to bring in contraband to the institution.

50.  That since the filing of the complaint herein, Defendants, Durr, Strayer, Bueckner, Cain, Doedge, and Childress have conspired and have manufactured false reasons for refusing

16

the Plaintiff his right to meet confidentially with his attorney.

51. At all times herein, there existed within the State of Illinois Rules Regulating the conduct of county jails within the State of Illinois what were promulgated pursuant to statute. At all times herein, the Administrative Rules, 20 Ill.Adm.Code 701.5 tense. seq, entitled County Jail Standards, have been disregarded by Defendant Sangamon County Sheriff's Department – Sangamon County Jail Administrators and command staff.

## COUNT 1

### SANGAMON COUNTY SHERIFF'S DEPARTMENT
### SANGAMON COUNTY JAIL
### 42 U.S.C. 1983

76.    The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-75" of this complaint with the same force and effect as fully set forth herein.

77. At all times relevant hereto, the Plaintiff had Constitutionally protected rights to Effective Assistance of Counsel as guaranteed by the 5th and 6th and 14th Amendment to the United States Constitution and the State of Illinois Constitution. Plaintiff also had Constitutionally protected rights to be free from Excessive Use of Force and Cruel and Unusual Punishment protected by the 8th and 14th Amendment to the United States Constitution. Plaintiff further had liberty interests protected by State and Federal Statute, State of Illinois Administrative Rules and the 14th Amendment to the United States Constitution to be free from disability discrimination.

78. At all times relevant hereto, the Defendant, SANGAMON COUNTY SHERIFF'S DEPARTMENT-SANGAMON COUNTY JAIL, acting under the color of state and local law, maintained policies and customs denying inmates at the Sangamon

County Jail, their 5th and 6th Amendment Rights to Counsel, and policies and customs
tolerating Cruel and Unusual Punishment of Pretrial Detainees suffering from mental
illness and disabilities all of which have resulted in the Plaintiff being denied equal
protection of the law.

79.  The SANGAMON COUNTY SHERIFF'S DEPARTMENT –SANGAMON
COUNTY JAIL, acting through the Superintendent, Assistant Superintendents, and
command staff, in directly participating in the Plaintiff being denied his right of Access to
Courts and Counsel in violation of his 5th and 6th Amendment Rights and Participating in
acts of Cruel and Unusual Punishment in violation of his 8th Amendment Right to be free
from Cruel and Unusual Punishment, and in discriminating against the Plaintiff on the
basis of his mental illness and in retaliating against the Plaintiff, all as alleged herein, has
intentionally denied the Plaintiff the equal protection of the law all in violation of the
Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

80.  At all times relevant hereto the law in the 7th Circuit has been well settled that
an incarcerated inmate has the right to unrestricted confidential communications with his
attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney
to confer in a visiting room divided by soundproof glass barrier and to communicated by
phone and to transmit papers through jail guard violates an inmates right to access to
counsel and courts guaranteed by the 6th Amendment to the Constitution. *Adams v.*
*Carlson*, 488 F.2d 619 (7th Cir. 1973).

81.    The SANGAMON COUNTY SHERIFF'S DEPARTMENT-SANGAMON
COUNTY JAIL'S acts have been intentional with malice and reckless disregard for the

Plaintiff's federally protected civil rights.

82.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages because of the Defendant's discriminatory practices unless and until this court grants relief.

### COUNT II.
### 42 U.S.C, 1983 – TERRY DURR

83.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

83.    At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

84.  At all times relevant hereto, Superintendent Terry Durr, individually and in his official capacity as Superintendent of the Sangamon County Jail, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and

capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel,

tolerating Cruel and Unusual Punishment by his command staff on inmates in violation of

the Plaintiff's 8th Amendment Rights, and in discriminating against and tolerating

discrimination of mentally ill inmates, including the Plaintiff which resulted in the

Plaintiff being denied the equal protection of the law.

85. The Defendant, in intentionally denying the Plaintiff his 5th and 6th

Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and

Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in

discriminating against the mentally ill in the terms of confinement, and retaliating against

the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally

denied the Plaintiff the equal protection of the law all in violation of the Fourteenth

Amendment of the United States Constitution and 42 U.S.C. 1983.

86. At all times relevant hereto the law in the 7th Circuit has been well settled that an

incarcerated inmate has the right to unrestricted confidential communications with his attorney

as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in

a visiting room divided by soundproof glass barrier and to communicated by phone and to

transmit papers through jail guard violates an inmates right to access to counsel and courts

guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th

Cir. 1973).

87. The Defendant's acts were intentional with malice and reckless disregard for

the Plaintiff's federally protected civil rights.

88. The Plaintiff is now suffering and will continue to suffer irreparable injury

in monetary damages and continuing Constitutional violations as a result of the

Defendant's unlawful practices unless and until this court grants relief.


### COUNT III.
### 42 U.S.C. 1983 – WILLIAM STRAYER

89.  The Plaintiff repeats and realleges each and every allegation in paragraphs

numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

90.  At all times relevant hereto, the Plaintiff has been a united states citizen and a

citizen of the State of Illinois and entitled to the protections of the United States

Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As

an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected

by the United States Constitution, State and Federal Statutes, rules and regulations of the

Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling

him to meaningful access to the courts and counsel, the right to be free from Cruel and

Unusual Punishment, and the right to be free from disability discrimination and retaliation

by Sangamon County Jail Officials.

91.  At all times relevant hereto, Assistant Superintendent William Strayer,

individually and in his official capacity as Assistant Superintendent of the Sangamon

County Jail, acting under the color of state and local law, maintained a policy and custom

of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and

6th Amendment Rights to Counsel, tolerating Cruel and Unusual Punishment by his

command staff on inmates in violation of the Plaintiff's 8th Amendment Rights, and in

21

discriminating against and tolerating discrimination of mentally ill inmates, including the Plaintiff which resulted in the Plaintiff being denied the equal protection of the law.

92. The Defendant, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in discriminating against the mentally ill in the terms of confinement, and retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

93. At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

94. The Defendant's acts were intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

95. The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

## COUNT IV.

22

## 42 U.S.C, 1983 – LIETENANT BUECKNER

96.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

97.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

98.  At all times relevant hereto, Assistant Superintendent  Lieutenant Bueckner, individually and in his official capacity as Assistant Superintendent of the Sangamon County Jail, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel, tolerating Cruel and Unusual Punishment by his command staff on inmates in violation of the Plaintiff's 8th Amendment Rights, and in discriminating against  and tolerating discrimination of mentally ill inmates, including the Plaintiff  all of which has  resulted in the Plaintiff being denied the equal protection of the law.

99.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th

23

Amendment Rights to Meaningful Access to the Courts and Counsel, allowing Cruel and

Unusual Punishment and treatment of mentally ill inmates, including the Plaintiff and in

discriminating against the mentally ill in the terms of confinement, and retaliating against

the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally

denied the Plaintiff the equal protection of the law all in violation of the Fourteenth

Amendment of the United States Constitution and 42 U.S.C. 1983.

100.  At all times relevant hereto the law in the 7th Circuit has been well settled that an

incarcerated inmate has the right to unrestricted confidential communications with his attorney

as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in

a visiting room divided by soundproof glass barrier and to communicated by phone and to

transmit papers through jail guard violates an inmates right to access to counsel and courts

guaranteed by the 6th Amendment to the Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th

Cir. 1973)

101 The Defendant's acts were intentional with malice and reckless disregard for the

Plaintiff's federally protected civil rights.

102.  The Plaintiff is now suffering and will continue to suffer irreparable injury in

monetary damages and continuing Constitutional violations as a result of the Defendant's

unlawful practices unless and until this court grants relief.

### COUNT V.
### 42 U.S.C. 1983 – CANDACE CAIN

103.  The Plaintiff repeats and realleges each and every allegation in paragraphs

numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

104.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

105.  At all times relevant hereto, LIEUTENANT CANDACE CAIN, individually and in her official capacity as Lieutenant and Shift Commander at the SANGAMON COUNTY JAIL, acting under the color of state and local law, maintained a policy and custom of participating in the arbitrary and capricious denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel, t and in discriminating against  and tolerating discrimination of mentally ill inmates in the Sangamon County Jail, including the Plaintiff  which resulted in the Plaintiff being denied the equal protection of the law.

106.  The Defendant, in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel and in discriminating against the mentally ill in the terms of confinement, and retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

107. At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

108.    The Defendant's acts have been and continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

109.  The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

## COUNT VI.
## 42 U.S.C. 1983 – DUANE GABB

110.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

111.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling

26

him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

112.  At all times relevant hereto, Defendant DUANE GABB, in His official capacity as Assistant Sangamon County States Attorney, had a duty to enforce the Constitution of the United States and the laws of the State of Illinois.

113.  At all times relevant hereto, Defendant DUANE GABB, disregarded his statutory duties to enforce the law and unsure that the Sangamon County Jail did not violate the Plaintiff's constitutional rights, and acting under the color of state and local law, participated and directed a policy and custom at the Sangamon County Jail that has resulted in the arbitrary and capricious denial of the Plaintiff's  and other inmates 5th and 6th Amendment Rights to Counsel and Access to the Courts and in the Plaintiff being denied equal protection of the law.

114.  The Defendant, in intentionally participating in the denial of the Plaintiff being denied his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel by the Sangamon County Jail, Defendant, all as alleged herein, has intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

115.    At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone

27

and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

116.    The Defendant's acts have been and continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

117.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's unlawful practices unless and until this court grants relief.

## COUNT VII
## 42 U.S.C. 1983 – OFFICER DOEDGE, MELISSA CHILDRESS

118.    The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

119.    At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

120.    At all times relevant hereto, Officer Doedge and Officer Melissa Childress

28

individually and in their official capacity as officers at the Sangamon County Jail, acting

under the color of state and local law, directly participated in the arbitrary and capricious

denial of Plaintiff and other inmates 5th and 6th Amendment Rights to Counsel and

conspired with Defendant Cain and other unnamed officers at the Sangamon County Jail to

deny the Plaintiff his 5th and 6th Amendment Rights to Counsel and Access to Courts all in

violation of Plaintiff's 5th and 6th Amendment Rights which have resulted in the Plaintiff

being denied the equal protection of the law.

121.  The Defendants, Childress and Doedge, in intentionally denying the Plaintiff

his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel,

retaliating against the Plaintiff for reporting the unlawful conduct, all as alleged herein,

have intentionally denied the Plaintiff the equal protection of the law all in violation of the

Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

122.    At all times relevant hereto the law in the 7th Circuit has been well settled that

an incarcerated inmate has the right to unrestricted confidential communications with his

attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to

confer in a visiting room divided by soundproof glass barrier and to communicated by phone

and to transmit papers through jail guard violates an inmates right to access to counsel and

courts guaranteed by the 6th Amendment to the Constitution. *Adams v. Carlson*, 488 F.2d 619

(7th Cir. 1973)

123.  The Defendant's acts continue to be intentional with malice and reckless

disregard for the Plaintiff's federally protected civil rights.

124.  The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's' unlawful practices unless and until this court grants relief.

**COUNT VIII.**
**42 U.S.C. 1983**
**SANGAMON COUNTY OFFICERS BRIEN CARRY,**
**Sgt. GUY, Sgt. BOUVET, TAMMY POWELL, AND CARLA CARRY**

125.  The Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1-82" of this complaint with the same force and effect as fully set forth herein.

126.  At all times relevant hereto, the Plaintiff has been a united states citizen and a citizen of the State of Illinois and entitled to the protections of the United States Constitution and the Constitution and Statutes and Regulations of the State of Illinois. As an a detainee/inmate in the Sangamon County Jail, Plaintiff had liberty interests protected by the United States Constitution, State and Federal Statutes, rules and regulations of the Sangamon County Jail, and the 14th Amendment to the United States Constitution entitling him to meaningful access to the courts and counsel, the right to be free from Cruel and Unusual Punishment, and the right to be free from disability discrimination and retaliation by Sangamon County Jail Officials.

127.  At all times relevant hereto, Sangamon County Officers Brien Carry, Sgt Guy, Sgt. Bouvet, Tammy Powell, and Carla Carry individually and in their  official capacity as officers at the Sangamon County Jail, acting under the color of state and local law, directly participated in the arbitrary and capricious denial of Plaintiff and other

30

inmates 5th and 6th Amendment Rights to Counsel and Access to Courts all in violation of Plaintiff's 5th and 6th Amendment Rights which have resulted in the Plaintiff being denied the equal protection of the law.

128.  The Defendants, Brien Carry, Sgt Guy, Sgt. Bouvet, Tammy Powell, and Carla Carry in intentionally denying the Plaintiff his 5th and 6th Amendment Rights to Meaningful Access to the Courts and Counsel, all as alleged herein, have intentionally denied the Plaintiff the equal protection of the law all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. 1983.

129.    At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicated by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. _Adams v. Carlson_, 488 F.2d 619 (7th Cir. 1973)

130.    The Defendants' acts continue to be intentional with malice and reckless disregard for the Plaintiff's federally protected civil rights.

131.    The Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages and continuing Constitutional violations as a result of the Defendant's' unlawful practices unless and until this court grants relief.

31

## COUNT IX

**MICHAEL FELECIA, B. WEISS**
**42 U.S.C. 1983**
**8TH AMENDMENT VIOLATION**

132.    Plaintiff repeats and realleges paragraphs 1-82 above as and for 1-82 of

Count IX.

133.At all times relevant hereto, Plaintiff has had a constitutional right to be free

from cruel and unusual punishment as guaranteed by the 8th and 14th

Amendment to the Constitution.

134. Defendants Michael Felecia and D. Weiss violated the Plaintiff's 8th

Amendment right to be free from excessive use of force when they caused

serious bodily harm to the Plaintiff without cause or justification on August 26,

2005.

135. Defendants' discriminatory treatment of the Plaintiff as described above has

been intentionally taken against the Plaintiff by all the named Defendants,

individually in their official capacity, acting under the color of state law,

against the Plaintiff, which has resulted in the Plaintiff being denied equal

protection of the law.

136.  All named Defendants have as alleged herein, intentionally denied Plaintiff

equal protection of the law all in violation of the Fourteenth Amendment of the

United States Constitution and 42 U.S.C. §1983.

137.  Defendants are sued in their individual capacities.

32

138   Plaintiff is now suffering and will continue to suffer irreparable injury

in monetary damages because of Defendants' discriminatory practices unless

and until this court grants relief.

**COUNT X**

**LIEUTENANAT LOFTUS**
**42 U.S.C. 1983**
**8TH AMENDMENT VIOLATION**

139.    Plaintiff repeats and realleges paragraphs 1-82 above as and for 1-82 of

Count X.

140.     At all times relevant hereto, Plaintiff has had a constitutional right to be

free from cruel and unusual punishment as guaranteed by the 8th and 14th

Amendment to the Constitution.

141. Defendant Lieutenant Loftus violated Plaintiff's 8th Amendment right to be

free from cruel and unusual punishment on August 16, 2005 and August 26,

2005, when Defendant strapped the Plaintiff into a wheelchair and placed him

in a detaining cell with no bathroom for in excess of 4 hours and forced the

Plaintiff to urinate on himself and then sit in his urine for hours in front of

officers and other inmates.

142. Defendant's discriminatory treatment of the Plaintiff as described above has

been intentionally taken against the Plaintiff by Lieutenant Loftus, individually

in his official capacity, acting under the color of state law, against the Plaintiff,

which has resulted in the Plaintiff being denied equal protection of the law.

143.  Defendant has as alleged herein, intentionally denied Plaintiff equal

protection of the law all in violation of the Fourteenth Amendment of the

United States Constitution and 42 U.S.C. §1983.

144.    Defendant is sued in his individual capacity.

146.    Plaintiff is now suffering and will continue to suffer irreparable injury

in monetary damages because of Defendants' discriminatory practices unless

and until this court grants relief.

## RELIEF REQUESTED

I.      **WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter

judgment as to the SANGAMON COUNTY SHERIFF'S DEPARTMENT:

A.        declaring that the acts and practices complained of herein are in violation of 42

U.S.C. 1983;

B.         enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C.         directing Defendants to take such affirmative steps as are necessary to ensure that

the effects of these unlawful employment practices and tortuous conduct are

eliminated and do not continue to affect the Plaintiff's 5th and 6th Amendment Right

to Counsel and his 8th Amendment Right to be free from Cruel and Unusual

Punishment and his equal protection of the law;


D.        entering judgment in Plaintiff's favor and against the Sangamon County Jail  for

compensatory damages;

34

E.        awarding Plaintiff pre-judgment interest.

F.         awarding Plaintiff the costs of this action together with reasonable attorney fees

with pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

G.         granting such other and further relief as this court deems necessary and proper.


## RELIEF REQUESTED


II.     **WHEREFORE**, Plaintiff, SCOTT NELSON GLISSON, prays that this court enter

judgment as to the individual Defendants TERRY DURR, WILLIAM STRAYER, LTN.

BUECKNER, CANDACE CAIN, DUANE GABB, BRIEN CARRY, CARLA CARRY, SGT.

BOUVET, SGT GUY, TAMMY POWELL, MELISSA CHILDRESS, OFFICER DOEDGE,

MICHAEL FELECIA, B. WEISS, AND LIEUTENANT LOFTUS:

A.      declaring that the acts and practices complained of herein are in violation of 42 U.S.C.

1983;

B.       enjoining and permanently restraining these violations of 42 U.S.C. 1983;

C.       directing Defendants to take such affirmative steps as are necessary to ensure that the

effects of these unlawful practices and tortuous conduct are eliminated and do not

continue to affect the Plaintiff's 5th and 6th Amendment Right to Counsel;

D.      directing Defendants to take such affirmative steps as are necessary to ensure that the

effects of these unlawful practices and tortuous conduct are eliminated and do not

continue to affect the Plaintiff's 8th Amendment Right to be free from Cruel and

Unusual Punishment and Excessive Use of Force;

E.       entering judgment in Plaintiff's favor and jointly and severally against all named

35

Defendants for compensatory damages and against each of the individual Defendant

for  punitive damages;

**F.**      awarding Plaintiff pre-judgment interest;

G.      awarding Plaintiff the costs of this action together with reasonable attorney fees with

pre-judgment interest, as provided for by 42 U.S.C. Section 2000 e-5(k); and J;

H.      granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated in Springfield, Illinois this 4th day of October, 2005.

SCOTT NELSON GLISSON, Plaintiff.

BY:___s/Patricia L. Hayes_____
            Patricia L. Hayes, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863