E-FILED
Thursday, 20 October, 2005  06:15:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SCOTT NELSON GLISSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | NO. 05-3250 |
| | } | |
| SANGAMON COUNTY SHERIFF'S | } | |
| DEPARTMENT, a county governmental unit, et. al. | } | |
| | } | |
| Defendants. | } | |

**AMENDED MOTION FOR PRELIMINARY INJUNCTION**

**NOW COMES**, the Plaintiff, SCOTT NELSON GLISSON, by and through his attorney, Patricia L. Hayes, and pursuant to FRCP 65 moves this Honorable Court to enter a Preliminary Injunction against the Sangamon County Jail and its employees to enjoin them from further violations of the Plaintiff, and other similarly situated inmates, 6th Amendment Rights at the Sangamon County Jail as follows: 1) Enjoin the Jail and its employees from restricting the Plaintiff and other inmates right to consult in private with their attorneys; 2) Enjoin the Jail and its employees from confiscating Plaintiff' and other inmates legal materials brought into the jail to assist them in their defenses; and  3) Enjoining the Jail and its employees censoring and reading the Plaintiff and other inmates legal mail and in support thereof states as follows:

1. Plaintiff has been incarcerated since September 3, 2005 in the Sangamon County Jail.

2. Plaintiff was first denied visits with his attorney on August 18, 2005 by Defendant Candace Cain, who stopped an attorney meeting with the Plaintiff because she found out that the Plaintiff was and is married to his attorney.

3. Plaintiff was again denied unrestricted visits with his legal counsel on August 27, 2005 after he was arrested on charges currently pending in Sangamon County, 05 CF 1143.

4. Plaintiff has been incarcerated continuously in the Sangamon County Jail since September 3, 2005.

5. Since September 3, 2005 the Sangamon county Jail has been denying the Plaintiff traditional lawyer-client consultations and have been restricting the Plaintiff's visits with his attorney by forcing him to consult with his attorney in a room divided by glass while talking to his attorney on a phone, all the while that the jail employees are allowed to monitor, listen and view the Plaintiff talking to his attorney all in violation of the Plaintiff's 6th Amendment Rights.

6. If the Plaintiff and/or attorney are unable to discuss documents and if the Plaintiff wants to discuss a document, it has to be passed between a guard and the process can take up to 5 to 10 minutes, with the guard reading the communication. Contemporaneous discuss of a document that is more than one page long is onerous.

7. In addition, the Jail and its employees have been reading the Plaintiff' and other inmates confidential legal mail from and to their attorney in violation of the Plaintiff's 6th Amendment Rights

8. Further, the jail and its employees have confiscated legal materials such as yellow pads, folders, stamped envelopes addressed to his attorney that were brought into the jail for the Plaintiff to allow the Plaintiff to communicate privately with his attorney and assist in his defense.

9. Plaintiff's attorney has never been accused of bringing in contraband into the jail to the Plaintiff or any other inmate and is willing to undergo a reasonable search prior to seeing the Plaintiff.

10. On September 27, 2005 the Plaintiff filed a federal lawsuit against the jail and its employees for their continued violation of his 6th Amendment Rights.

11. At all times herein the Plaintiff by and through the Plaintiff's attorney provided the jail, Terry Durr and William Strayer a copy of the 7th Circuit case of *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

12. Plaintiff has a fundamental right to unfettered access to his attorney guaranteed by the 6th Amendment to the United States Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

13. Plaintiff needs to be able to meet with his attorneys to prepare for hearings, motions, and trial in his pending criminal matters and in matters in this lawsuit.

14. The reason given to the Plaintiff and the undersigned is because the undersigned is married to the Plaintiff ; however, that reason has changed like the wind since this lawsuit was filed. Since the filing of this lawsuit, the Jail has posted new rules regarding attorney visits that in themselves allow for arbitrary denials of inmates legal visits with counsel.

15. The undersigned attorney for the Plaintiff is not a threat to the security of the institution. Plaintiff has never been written a ticket for any violations of the Jails rules and the undersigned attorney for the Plaintiff has not been provided any reasons or due process for restrictions placed upon her visits with clients.

16. There is no adequate remedy at law for the Plaintiff regarding the Jail and its employees continuing violations of his 6th Amendment Rights.

17. Plaintiff will likely be successful on the merits underlying this lawsuit since the law in this circuit is still governed by *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973)

18. Plaintiff will likely suffer irreparable harm because with each passing day that the Plaintiff cannot discuss the merits of his defense with his attorneys, witnesses for his defense could easily disappear.

19. The balance of hardships weigh in the Plaintiff's favor because the continuing denials and actions by the Jail and its employees are of Constitutional proportion and the violations are a continuing denial of the Plaintiff's 6th Amendment rights.

20. It is in the publics interest that inmates pending trial on criminal violations be granted their 6th Amendment rights because pretrial denial of a Defendant's constitutional rights will result in a reversal of any conviction and will waste judicial resources of the courts.

**WHEREFORE,** Plaintiff, Scott Nelson Glisson, prays this Court enter a Preliminary Injunction against the Sangamon County Jail and its employees enjoining future violations of the Plaintiff and other inmates incarcerated in the Sangamon County Jail being denied their 6th Amendment Right to Counsel as follows:

1. Direct that all licensed attorneys be allowed to have unrestricted traditional attorney client visits with inmates incarcerated in the Sangamon County Jail and that the Sangamon County Jail facilitate all such visits as long as the attorney agree to a reasonable search for contraband;

2. Enjoin the Sangamon County Jail and its employees from censoring the Plaintiff and other inmates legal mail;

3. Enjoin the Sangamon County Jail and its employees from confiscating legal materials brought into the jail from their attorneys such as file folders, labels, legal pads, and stamped envelopes addressed to their attorney that are brought into the jail to assist the inmate in accessing the court and preparing for their legal cases.

4. Award the Plaintiff his reasonable attorney fees for bringing these constitutional violations to the Courts Attention

            SCOTT NELSON GLISSON,
            Defendant


         BY:_____/s/Patricia L._____
            PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863

## VERIFICATION

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the instrument are true and correct, except as to matters therein stated to be on information and belief and is such matters as the undersigned certifies as aforesaid that he/she verily believes the same to be true.

___10/20/05_____            _____S/Scott Nelson Glisson__
   Date                 SCOTT NELSON GLISSON

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 20, 005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Bradley Blodgett
Hinshaw & Culbertson, LLP
400 S. 9th Street, Suite 200
Springfield, IL 62701
E-mail: bblodgett@hinshawlaw.com

_____s/Patricia L. Hayes_____

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863