UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2005-3250 |
| vs. | ) |
| | ) |
| SANGAMON COUNTY SHERIFF'S | ) |
| DEPARTMENT, a county governmental unit; | ) |
| DUANE GABB, Sangamon County Assistant | ) |
| State's Attorney, individually; TERRY DURR, | ) |
| Superintendent of the Sangamon County Jail, | ) |
| individually, WILLIAM STRAYER, Asst. | ) |
| Superintendent of the Sangamon County Jail, | ) |
| Individually; Ltn. BUECKNER, Assistant | ) |
| Superintendent of the Sangamon County Jail, | ) |
| individually; CANDACE CAIN, Lieutenant of | ) |
| the Sangamon County Jail, individually; BRIEN | ) |
| CARRY, Lieutenant of the Sangamon County | ) |
| Jail, individually; Officer CARLA CARRY, | ) |
| correctional officer of the Sangamon County | ) |
| Jail, individually; TAMMY POWELL Sergeant | ) |
| of the Sangamon County Jail, individually; | ) |
| Officer DOEDGE, correctional Officer of the | ) |
| Sangamon County Jail, individually; Officer | ) |
| MELISSA CHILDRESS, Correctional Officer | ) |
| of the Sangamon County Jail, individually; | ) |
| Sergeant GUY, Sergeant of Sangamon County | ) |
| Jail, Individually; Sergeant BOUVET, Sergeant | ) |
| of Sangamon County jail, individually; | ) |
| Lieutenant LOFTUS, Lieutenant of the | ) |
| Sangamon County Jail, Individually; | ) |
| MICHAEL FELECIA, Village of Grandview | ) |
| Police Officer, individually; B. WEISS, City of | ) |
| Springfield Police Officer, individually, | ) |
| | ) |
| Defendants. | |

**MOTIONS TO DISMISS BY THE SANGAMON COUNTY SHERIFF'S DEPARTMENT,
DUANE GABB, TERRY DURR, WILLIAM STRAYER, LTN. BUECKNER, CANDACE
CAIN, BRIEN CARRY, CARLA CARRY, TAMMY POWELL, OFFICER DOEDGE,
MELISSA CHILDRESS, SGT. GUY, SGT. BOUVET AND LT. LOFTUS**

NOW COMES the above-referenced Defendants, by and through their attorneys, HINSHAW & CULBERTSON LLP, and move to dismiss the Complaint filed against them pursuant to the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, as follows:

## I.

### Clarification of Identification of Defendants

Some of the Defendants are incorrectly identified. For the record, the Defendants provide a description of the Defendants with their correct rank and spelling of their names as follows: The Sangamon County Sheriff's Office, Assistant Sangamon County State's Attorney Dwayne Gab, Sangamon County Jail Superintendent Terry Durr, Sangamon County Assistant Jail Superintendent William Strayer, Lieutenant Ronald Beckner, Lieutenant Candace Cain, Sergeant Brian Carey, Correctional Officer Carla Carey, Correctional Officer Tammy Powell, Correctional Officer Christopher Doelsch, Correctional Officer Melissa Childress, Sergeant Todd Guy, Sergeant Guy Bouvet and Lieutenant Scott Loftus.

## II.

### Matters Outside the Complaint that may be considered in a Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure

The Defendants raise some affirmative matters in their Motion to Dismiss. In deciding a motion to dismiss based upon Rule 12(b)(6), the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. Included among the matters of which the court may take judicial notice are public records. Moore's Federal Practice, Third Edition, 12.34(2). However, with respect to motions to dismiss based upon lack of subject matter jurisdiction, the court need not confine its evaluation to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing. Moore's

Federal Practice, Third Edition, 12.30(3)  Also dismissal under Rule 12(b)(6) may be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the absolute immunity of a defendant.  Moore's Federal Practice, Third Edition, 12.34(4)(b).

### III.

**Standards and Burdens of Proof Relating to Motions to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure**

Pursuant to Rule 12(b)(l) of the Federal rules of Civil Procedure, lack of subject matter jurisdiction may be raised at any time.  Once challenged the party asserting subject matter jurisdiction has the burden of proving its existence.  Moore's Federal Practice, Third Edition, 12.30(1) and (5).

With respect to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure defendants quote the following which they believe is a good summary of the standards relating to such a motion.

> "**\*3** Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure; Rule 12(b) (6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993).  When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996).  "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a … complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean,* 991 F.2d at 1240 (emphasis in original)

3

>(quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).  *See also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review), *cert. denied,* 484 U.S. 945 (1987).

*Pettway v. Renico*, 2003 WL 22002430, (E.D. Mich. 2003)

## IV.

**Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure Relating to All Defendants**

Defendants move to dismiss all counts against them for lack of subject matter jurisdiction pursuant to Rule 12(b)(l) of the Federal Rules of Civil Procedure to the extent that Plaintiff claims he was denied his right to effective counsel guaranteed by the Sixth Amendment to the United States Constitution or pursuant to any other guarantees of the Constitution relating to effective counsel as claimed by Plaintiff.

The principal thrust of the Plaintiff's Complaint is that he was denied what Defendants will call "contact" visits.  Basically, this means rather than being able to personally touch and exchange documents directly with a prisoner, that an attorney and his client are separated by glass which causes some inconvenience in their relationship and is described as a non-contact room (but which incidentally gives protection to them both as absolutely nothing separates the attorney and his client in a contact visit in the Sangamon County Jail).  *Adams v. Carlson*, 488 F.2d 619, 631 (7th Cir. l973);  *Department of Corrections v. Superior Court*, 131 Cal App.3d 245, 182 Cal.Rptr. 294, 296 (Cal. Court of Appeal, l982).

The Plaintiff has litigated these issues of his right to effective counsel before the Chief Judge of the Seventh Judicial Circuit, State of Illinois and, therefore, this Honorable Court does not have subject matter jurisdiction of the issues.  Exhibit A attached hereto is a summary of that

4

litigation. It is respectfully submitted that this conclusion is mandated by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine proclaims that if a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case; and the only appeal is to the Supreme Court after a final judgment by the highest state court. A federal plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). A claim barred by Rooker-Feldman is barred under two circumstances; first if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims. A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (l) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders. *In Re Kapper*, 407 F.3d 573, 580 (3rd Cir. 2005). The sequence of filing the actions is not controlling for Rooker-Feldman purposes. The fact that the state court ruling may be theoretically subject to modification does not impact the Rooker-Feldman analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal court action, even if the decision comes in the form of an interlocutory or preliminary order. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 318, 320 (4th Cir. 2003).

The case of *Briggs v. Hall*, 2002 WL 731784 (N. D. Ill. 2002) involved a state court ruling in a contempt proceeding. The plaintiff was found in contempt by the state court judge. The plaintiff followed with a proceeding in federal district court complaining that his federal constitutional rights were violated in the circuit court proceeding. The district court held that it did not have subject matter jurisdiction over the suit. The court found that the plaintiff was trying to seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. The district court stated that whether the plaintiff's claims had merit, or the fact that he alleged violations of federal constitutional rights, were not relevant factors in determining jurisdiction. It held that the Rooker-Feldman doctrine bars the litigation even if the state court judgment was erroneous. The plaintiff's remedy was to directly appeal the state court's contempt order. It said the Illinois Court system is perfectly able to entertain all of his claims, and it is there that his claims must be adjudicated. If plaintiff is still unsatisfied after exhausting his remedies in the Illinois courts, he may then try his luck through a writ of certiorari to the United States Supreme Court.

It is evident that plaintiff here is attempting to do exactly what is proscribed by the Rooker-Feldman doctrine. He is unhappy with the resolution of his right to effective counsel claims as litigated in and decided by the Chief Judge of the Seventh Judicial Circuit of the State of Illinois, and rather than pursue his appeal rights in State Court, seeks to obtain a different decision in federal district court. For this reason, it is respectfully submitted this Honorable Court should hold that it does not have subject matter jurisdiction over the right to effective counsel issues.

60139468v1 858991

## V.

**Addressing the Defendants Individually**

Each defendant will be addressed in this section as there are other bases for dismissal for some of the other defendants, and there are some other issues raised by the Complaint that do not involve the effective right to counsel.

A. The Sangamon County Sheriff's Office

1. The Sangamon County Sheriff's Office is referred to generally in the pleadings at paragraphs 5, 55, 67, 68, 69, 70, 72, and 73. These paragraphs involve the effective assistance of counsel issues and it is respectfully submitted this Honorable Court lacks jurisdiction on these issues because of the Rooker-Feldman doctrine.

2. In paragraph 78 it is pleaded that the Sangamon County Sheriff's Department maintained policies and customs tolerating Cruel and Unusual punishment of Pretrial Detainees suffering from mental illness and disabilities. This appears to be an effort to plead a class action suit, and the pleading both fails to comply with Rule 23 of the Federal Rules of Civil Procedure and fails to allege sufficient factual allegations to state a cause of action.

B. Dwayne Gab

1. Paragraphs 110 through 117 plead a series of conclusions that the defendant in a variety of ways violated the Plaintiff's constitutional rights. In paragraph 6 it is pleaded that he directly participated in the unlawful denial of Defendant's right to counsel, and in paragraph 66 that he acted in concert with others to deny the Plaintiff the right to have confidential attorney-client conferences. Nowhere are any specific facts pleaded as to what he actually did to justify these conclusions. The lack of adequate factual allegations to support the bare conclusions of the Complaint should lead this Court to dismiss the pleading against the Defendant based upon a failure to state a claim based upon Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

2. In any event Defendants' Exhibit A supplies the factual information which is missing in Plaintiff's Complaint The transcripts of the proceedings before the Chief Judge of the Seventh Judicial Circuit of the State of Illinois demonstrate that the Defendant was an Assistant State's Attorney for Sangamon County involved with representing the State of Illinois in the prosecutions of the criminal offenses charged against the Plaintiff, and involved with the representation of the State upon the Rule to Show Cause filed by the Plaintiff why the Sheriff's Office should not be held in

contempt of the Court. A state prosecutor is absolutely immune from suit under section 1983 for actions which constitute an integral part of the judicial process. *DeBoer v.* Martin, 537 F.Supp. 1159, 1162 (N.D. Ill. 1982). Clearly the Defendant's role in representing the State of Illinois in the proceedings before the Chief Judge of Seventh Judicial Circuit was participating in an integral part of the judicial process and he is entitled to immunity from the pleadings in this suit.

3. Alternatively, if it were thought that in some way the Defendant's representation in the Rule to Show Cause proceeding placed him in the role of representing the Sheriff in civil litigation within the ongoing criminal judicial process, then in representing the Sheriff's Department he would not be acting under color of law. Litigants and their attorneys are not regarded as acting under color of state law, for the purposes of 42 U.S.C.A. Section 1983, by virtue of their taking part in civil actions in state courts. 15 AmJur. 2d, Civil Rights, Section 76. The defendant would no more be subject to an action pursuant to 42 U.S.C.A. Section 1983 than would the undersigned attorney in this lawsuit for representing the Sheriff of Sangamon County.

The foregoing represent additional reasons why the lawsuit should be dismissed against Dwayne Gab pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

C. Defendants who individually adopt the argument in Part IV (Rooker-Feldman Doctrine) for their basis for their Motion to Dismiss.

Superintendent Terry Durr is referenced in paragraphs 56, 60, 61, 66, 66a and 75. All these allegations appear to involve the right to effective legal counsel.

Assistant Superintendent William Strayer is referenced in paragraphs 56, 60, 66 and 75. All these allegations appear to involve the right to effective legal counsel.

Sergeant Brian Carey is referenced in paragraphs 60, 66, and 66c. All these allegations appear to involve the right to effective legal counsel.

Sergeant Todd Guy is referenced in paragraphs 60, 66 and 66b. All these allegations appear to involve the right to effective legal counsel.

Sergeant Guy Bouvet is referenced in paragraphs 60 and 66b. All these allegations appear to involve the right to effective legal counsel.

> Correctional Officer Carla Carey is referenced in paragraphs 60 and 66. All these allegations appear to involve the right to effective legal counsel.
>
> Lieutenant Candace Cain is referenced in paragraphs 38, 39, 55, 56, 60, 64, 66, 66f and 75. All these allegations appear to involve the right to effective legal counsel.
>
> Sergeant Tammy Powell is referenced in paragraphs 56, 60, 66k and 66l. All these allegations appear to involve the right to effective legal counsel.
>
> Lieutenant Ronald Beckner is referenced in paragraphs 60, 62, 66, and 75. All these allegations appear to involve the right to effective legal counsel.

D. Defendants who moves to dismiss for failure of Plaintiff to plead adequate facts to make out a cause of action against them, and also for the reasons stated in Part IV (Rooker-Feldman Doctrine).

> Correctional Officer Melissa Childress is referenced in paragraphs 37, 38, 66j and 75. The only facts pleaded involving her aside from conclusions is that Plaintiff advised Childress that Attorney Hayes was his wife, and that she advised the Plaintiff that he could not meet with his attorney because she was married to him, and subsequently she monitored a visit of Plaintiff with his attorney. It is respectfully submitted these facts fail to adequately plead a cause of action against her, and this should serve as a basis for dismissal of the action pleaded against her in addition to the argument stated in Part IV (Rooker-Feldman Doctrine)
>
> Correctional Officer Christopher Doelsch is referenced in paragraphs 36, 66j, and 75. The allegations in these paragraphs are that he never came to an interview room after a call button was pushed, and monitored a visit of Plaintiff with his attorney. It is respectfully submitted these facts fail to plead a cause of action against him, and this should serve as a basis for dismissal of the action pleaded against him in addition to the argument stated in Part IV (Rooker-Feldman Doctrine)

E. Defendant who moves to dismiss for failure of Plaintiff to plead adequate facts to make out an allegation against him for use of excessive use of force in violation of the Eighth Amendment to the United States Constitution.

9

Lieutenant Scott Loftus is referenced in paragraphs 29 and 53 relating to the factual pleadings. It does not appear Plaintiff is alleging he violated Plaintiff's right to effective counsel but that he violated Plaintiff's rights pursuant to the Eighth Amendment to the United States Constitution. See paragraph 12.

Paragraphs 29 and 53 allege that on the dates of August 16, 2005 and August 26, 2005 Lieutenant Loftus placed the Plaintiff in a wheelchair and did not permit him to go to the bathroom for hours so that Plaintiff was forced to sit in his urine for four hours (29), and forced him to sit in his urine in front of others. (53).

Defendant respectfully submits these allegations fail to make out a cause of action against him for a violation of the Plaintiff's right pursuant to the Eighth Amendment to the United States Constitution.

In order to be sustained an Eighth Amendment claim of excessive force cannot be predicated on a de minimis use of force. Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 10, 112 S.Ct. 995, 117 L.Ed.2d 156 (l992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

The issue of what force is "repugnant to the conscience of mankind" has been addressed by the Seventh Circuit Court of Appeals. In *Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001) the court concluded that closing a door on a prisoner's hand when the injuries suffered were minor was de minimus use of force that was not repugnant to the conscience of mankind. In the case the court noted that it had held in other cases that shoving a plaintiff into a door frame which was an isolated act and resulted in minor bruising was force de minimus, and that the act of pouring a bucket of water on a prisoner and hitting his head with the bucket which caused headaches to the prisoner was also use of de minimus force. It stated that a minor injury supports the conclusion that force is de minimus.

The pleadings admit that the Plaintiff was in a manic state, (paragraphs 28 and 51) so that use of a wheelchair as a restraint seems reasonable and is not criticized by the Plaintiff, and no injury from the urine is pleaded except some discomfort may be presumed. It is thus respectfully submitted that these allegations fail to allege sufficient use of force to establish even a prima facie case of a violation of the Eighth Amendment, and the pleading against Lieutenant Loftus should be dismissed pursuant to the

provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

Wherefore Defendants, The Sangamon County Sheriff's Office, Assistant State's Attorney Dwayne Gab, Superintendent Terry Durr, Assistant Superintendent William Strayer, Lieutenant Ronald Beckner, Lieutenant Candace Cain, Sergeant Brian Carey, Correctional Officer Carla Carry, Correctional Officer Tammy Powell, Correctional Officer Christopher Doelsch, Correctional Officer Melissa Childress, Sergeant Todd Guy, Sergeant Guy Bouvet and Lieutenant Scott Loftus move for dismissal of the causes of action pleaded against them for the reasons stated.

s/ D. Bradley Blodgett
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL   62701
Phone:  217-528-7375
Fax: 217-528-0075
E-mail:  bblodgett@hinshawlaw.com
Attorney Bar No. 0231134

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2005, I electronically filed the Motion to Dismiss of The Sangamon County Sheriff's Office, Assistant State's Attorney Dwayne Gab, Sangamon County Jail Superintendent Terry Durr, Sangamon County Assistant Jail Superintendent William Strayer, Lieutenant Ronald Beckner, Lieutenant Candace Cain, Sergeant Brian Carey, Correctional Officer Carla Carey, Correctional Officer Tammy Powell, Correctional Officer Christopher Doelsch, Correctional Officer Melissa Childress, Sergeant Todd Guy, Sergeant Guy Bouvet and Lieutenant Scott Loftus with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Patricia L. Hayes**        Email: hayeslaw1@sbcglobal.net

                           s/ D. Bradley Blodgett
                           Hinshaw & Culbertson LLP
                           400 S. 9th St., Suite 200
                           Springfield, IL   62701
                           Phone:  217-528-7375
                           Fax: 217-528-0075
                           E-mail:  bblodgett@hinshawlaw.com
                           Attorney Bar No. 0231134

60139468v1 858991