E-FILED
Tuesday, 01 November, 2005 02:10:33 PM
Clerk, U.S. District Court, ILCD

## EXHIBIT A

Defendants attach hereto copies of the docket sheets in Case Numbers 2004-CF-648 and 2005-CF-1143 in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, and selected documents from the Circuit Clerk's files in the causes. Defendants also attach an Affidavit from Assistant State's Attorney Dwayne Gab relating to a document which bears the Clerk's stamp, but does not appear in the Court record. In addition, Defendants attach hereto transcripts of the proceedings before the Honorable Robert J. Eggers in the causes dated 9, 12, and 22 September, 2005. Defendants have ordered a transcript of the hearing before the Honorable Robert J. Eggers relating to the testimony taken on the Rule to Show Cause which has not yet been transcribed. Defendants will file a separate motion asking the Court to allow them to supplement this Exhibit A with that transcript upon its receipt. In the following paragraphs Defendants will summarize the relevant parts of the proceedings with citations to the transcript or documents involved.

On September 9th, 12, and 22, 2005 Plaintiff appeared before the Honorable Robert J. Eggers in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, on criminal division proceedings 2004-CF-648 and 2005-CG-1143. (Transcript of September 9th, 2005) Prior to the hearing, the attorney for the Plaintiff had filed a Motion to Allow Defendant Unrestricted Visits with his Attorneys. (See actual copy of the motion attached hereto and page 17 of transcript of September 9, 2005). The Court stated that the Plaintiff's attorney could visit the Plaintiff under the jail rules. (Transcript of September 9, 2005 page 21) The Court stated that if the Sheriff wishes to somehow cut down on the lawyers privileges for some reason, the Court would have to deal with those rules when we get there, whether or not the Plaintiff and the Plaintiff's attorney are somehow being unfairly singled out. (Transcript of September 9, 2005, page 23)

On September 12, 2005, the Plaintiff filed a Petition for Rule to show Cause and Motion to Dismiss. (See Affidavit of Assistant State's Attorney Dwayne Gab) Judge Eggers elected to hear this Motion himself. The attorney for the Plaintiff told the Judge the Motion addressed the Fifth Amendment right to counsel issue. The Court set the motion for hearing on September 22, 2005. (Transcript of September 12, 2005, pages 7,9,and 10)

On some date the Plaintiff filed a Motion for an Injunction. This document, however, is not in the Court file and cannot presently be found. On September 21, 2005, the attorney for the Plaintiff filed a Memorandum of Law in support of the injunction against the jail to order unrestricted visits with Defendant's attorneys. In the memorandum, Plaintiff alleged facts and cited law which mirror almost word for word her factual allegations and legal citations in the instant suit now before this Honorable United States District Court. He asked the Court to enter an order granting relief relating to his attorney-client privileges and for an injunction to issue against the jail to allow him unrestricted access to his attorney and access to legal materials necessary for his defense. (See copy of Memorandum of Law Attached hereto, less copies of cases attached to Memorandum)

On September 22, 2005, the People of the State of Illinois filed a Motion to Strike the Petition for Rule to Show Cause. (See copy of Motion attached, less transcript exhibit)

On September 22, 2005, the hearing on the Petition for Rule to Show Cause and request for an injunction was held before Judge Eggers. The transcript of the testimony at the hearing is still being typed and Defendants will filed a separate motion to be allowed to supply that transcript when received. After the testimony was completed and argument presented, the Court denied the Rule to Show Cause. (Page 4 of the Transcript of September 22, 2005) He also denied the Motion for an Injunction, and announced he would continue to monitor the Sixth

Amendment issue with respect to the Plaintiff.  (Page 8 of Transcript of September 22, 2005)

The Court's official order is set out in the docket entry of September 26, 2005, which is attached

hereto and provides as follows:

> "9/26/05 Docket Entry
>
> DEFENDANT SCOTT GLISSON:  Present the State by ASA
> DWAYNE GAB.  Present the Defendant, in person, in the Custody
> of the Sheriff, and by Attorney P. HAYES.  Cause called on for
> Petition for Rule to Show Cause.  Witness sworn, testimony heard.
> Arguments heard by both parties.  Motion denied.  Request for
> Injunction dismissed.  Judge: EGGERS ROBERT J  Rep: PRIOR
> ANDREA S. Clerk: LW  H"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
CHANCERY DIVISION

SCOTT NELSON GLISSON,                    )
                                         )
                Plaintiffs,              )
                                         )  Case No.  2005-3250
        vs.                              )
                                         )
SANGAMON COUNTY SHERIFF'S                )
DEPARTMENT, et al.                       )
                                         )
                Defendants.              )

## CERTIFICATE

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF SANGAMON )

I, _Thomas J. Whelan_ Deputy Clerk of the Court for the Seventh Judicial

Circuit, Sangamon County, Illinois, a court of record, certify that I have compared the attached

copies with the original records in Case Nos. 2004 CF 000648 and 2005 CF 001143, and that the

attached docket sheets and selected documents attached hereto are correct copies of the original

documents on file in this office.

WITNESS, my and had and the official seal of the Court on November 1, 2005.



I hereby certify the document to which
this certificate is attached is a true and
complete copy of the original on file and
of record in my office.

Date: Nov 1, 2005

ANTHONY E. LIBRI, JR.
Clerk of the Circuit Court in the
State of Illinois and County of Sangamon

3:05-cv-03___-___ #17-2 ___ Page 33 of 55

7    CSP048
 I   :: 10/07/2005
Time: 14/10/01
Page:   7
User: WHITLED

CIRCUIT COURT

Criminal Felony

2004 CF 000648   Judge: EGGERS ROBERT J      From  0/00/0000 To 99/99/999

__Date__

9/08/2005 Motion Filed by  Atty HAYES PATRICIA

9/09/2005 Motion to Strike Filed by  Atty HAYES PATRICIA

9/09/2005 Amended Peition to Revoke Probation Filed by
          Asst States Attorney GAB DWAYNE
          Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/09/2005 Motion to Allow Defendant to Continue Studies During his Incarcetation
          Filed by  Atty HAYES PATRICIA
          Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/09/2005 Docket Entry
          DEFENDANT SCOTT GLISSON: Present the State by ASA DWAYNE GAB. Present
          the Defendant, in person, in the custody of the Sheriff,and by
          Attorney P HAYES. Cause called on for Petition to revoke Probation.
          Forfeit bond, amend Petition to revoke Probation. Order entered for
          fitness exam in 05CF1143 and 04CF648. Continued Generally.
          Jury Trial Oct 11,2005 09:00AM
          Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/12/2005 DOCKET H  Judge:EGGERS ROBERT J    Rep:PRYOR ANDREA S
          DEFENDANT GLISSON:  Matter before the Court for scheduling
          conference.  ASA Gab has three days to respond to the Petition for
          Rule to Show Cause and will be set for hearing September 22, 2005, at
          1:30 p.m.  CLERK directed to send a copy of this docket entry to ASA
          Gab and Attorney Patricia Hayes.

9/13/2005 Proof of Service Sep 12,2005 Sent  Judge EGGERS ROBERT J

9/13/2005 Proof of Service Sep 12,2005 Sent  Miscellaneous BEHRINGER KARLENE

9/13/2005 Proof of Service Sent  Asst States Attorney GAB DWAYNE
          Atty HAYES PATRICIA
          Document POF Was Printed
          Rule To Show Cause Sep 22,2005 01:30PM

9/13/2005 Order Sep 09,2005 Signed  Judge EGGERS ROBERT J

9/21/2005 Letter Filed by                                              6

9/21/2005 Motion Filed by  Atty HAYES PATRICIA

9/22/2005 Motion to Strike Filed by  Asst States Attorney GAB DWAYNE

3:05-cv-03250-JES-BGC   SANGAMON   COUNTY CIRCUIT COURT          6   CSP048
                                                        I  e: 10/07/2005
                        Criminal Felony                 Time: 14/10/01
                                                        Page:   6
        2004 CF 000648  Judge: EGGERS ROBERT J    From 0/00/0000 To 99/99/999
                                                        User: WHITLED

__Date__

8/31/2005 Bond Payment Bond Transfer To    2005CM000032 GLISSON SCOTT N          6
          Bail $290.00 Defendant GLISSON SCOTT N


8/31/2005 Court Ordered Payments Fee $300.00  Amt $710.00  Bond Used
          Defendant GLISSON SCOTT N


8/31/2005 Petition to Revoke and forfeit bond and mittimus Filed by
          Asst States Attorney GAB DWAYNE


9/01/2005 Petition to Revoke Probation Filed by  Asst States Attorney KELLEY JOHN


9/03/2005 Bench Warrant Served  Judge EGGERS ROBERT J  Defendant GLISSON SCOTT N


9/06/2005 Disposition(s) reported to AOIC via ADR. SPT Defendant GLISSON SCOTT N


9/06/2005 Docket Entry
          DEFENDANT SCOTT N. GLISSON : Present the State by ASA JEFFREY HOECKER
          .  Present the Defendant, in person, in the custody of the Sheriff.
          Attorney MICHAEL HARMON  was not present, State ordered to notify
          Attorney Harmon of next court appearance. First Appearance on Petition
          to Revoke Probation continued on order of the court and reset for
          hearing on 9/07/2005 at 03:00 PM in 5C.  Defendant remanded to the
          custody of the Sheriff/Bond to continue.
          First Appearance On Petition to Revoke Probation Sep 07,2005 03:00PM
          Rm5C
          Judge:HOLMES ROGER W   Rep:JONES BRENDA L   Clerk:JLB   H


9/06/2005 Hearing
          Petition to Revoke Hearing Sep 09,2005 02:45PM


9/07/2005 Entry of Appearance Filed by  Atty HARMON MICHAEL


9/07/2005 Court Ordered Payments Fee $145.00  Amt $20.00               6
          Defendant GLISSON SCOTT N


9/07/2005 First Appearance-Pet to Revoke-PD Apptd- Bond Set Amt $50000.00
          Judge EGGERS ROBERT J  Miscellaneous BEHRINGER KARLENE
          Present the People by ASA Hoecker . Present the Defendant in person in
          the custody of the Sheriff of Sangamon County and with Attorney
          Patricia Hayes. Cause called for an Amended Petition To Revoke
          Probation. Defendant furnished with a copy of the Petition, advised of
          the nature of the charge and possible penalties.  Office of the Public
          Defender appointed.  Bond set in the amount of $50,000.00.  Hearing on
          Petition set for 9/09/2005 at 02:45 PM before the Honorable ROBERT J.
          EGGERS.  CLERK DIRECTED TO NOTIFY JUDGE EGGERS, COURT ADMINSITRATOR,
          AND THE PUBLIC DEFENDER'S OFFICE FOR APPOINTMENT AND HEARING DATE.
          Defendant remanded to the custody of the Sheriff pending posting of
          bond.

          Petition to Revoke Hearing Sep 09,2005 02:45PM
          Judge:HOLMES ROGER W   Rep:JONES BRENDA L   Clerk:JLB   H


        C O N T I N U E D   O N   N E X T   P A G E

3:05-cv-03050-JBG-BGC  SANGAMON COUNTY CIRCUIT COURT  5  CSP048
Criminal Felony                    Date: 10/07/2005
                                   Time: 14/10/01
                                   Page:    5
2004 CF 000648  Judge: EGGERS ROBERT J     From  0/00/0000 To 99/99/999
                                   User: WHITLED

__Date__

8/17/2005 Attorney Status
          Attorney Status Aug 23,2005 03:00PM Rm5C
          Judge:EGGERS ROBERT J   Clerk:JP    H

8/20/2005 Proof of Service Aug 19,2005 Sent  Judge EGGERS ROBERT J

8/20/2005 Proof of Service Aug 19,2005 Sent  Miscellaneous BEHRINGER KARLENE

8/22/2005 Bond Payment Cash Bail $1000.00 Defendant GLISSON SCOTT N
          Assignment GLISSON GIL  Asst States Attorney SILBERMAN MARK
          Petition to Revoke Hearing Aug 24,2005 09:30AM Rm7D

8/22/2005 Change of Address from Current Bond Form Defendant GLISSON SCOTT N

8/24/2005 Petition to Revoke-Defendant Confesses
          DEFENDANT SCOTT N. GLISSON : Present the State by ASA DWAYNE GAB .
          Present the Defendant, in person,  and by Attorney MICHAEL HARMON.
          Cause called for hearing on Petition to Revoke Probation.  Defendant
          confesses to Paragraph 4 a,d of said Petition and pursuant to
          negotiations the Defendant is hereby sentenced to 180 days in the
          Sangamon County Jail to run concurrent with 05CM1377 Defendant to be
          given credit for 3 days served awaiting trial. Defendant to pay
          restitution in the amount of $222.70 to Family Video 1022 E Adams,
          Spfld, IL  62703. Bond to go towards restitution in case 05CM1377.
          Probation terminated after jail sentence is complete.CAUSE STRICKEN.

          Mittimus Due Date - Report to Jail Sep 20,2005 09:00AM
          Judge:EGGERS ROBERT J  Rep:PRYOR ANDREA S  Clerk:LW    D

8/24/2005 Disposition 02/01  Count 002  No Fine Or Cost Signed
          Judge EGGERS ROBERT J  Defendant GLISSON SCOTT N  Atty HARMON MICHAEL
          Asst States Attorney GAB DWAYNE
          Disposition: Modified/Trial Court BAD CHECK/>$150 OR 2ND OFFENSE
          Disposition Type: Court Action   Defendant Plea: No Plea Entered
          Statute 720 5/17-1(B)(d)  Class 3  Orig.
          Sentence: 08/24/2005
          Sentence: Jail  180Days Sentence in Force
          Sentence: Credit Time Served  Sentence in Force
          No Fine Or Cost             .00
          Status:Dispositioned  Report:Terminated  Aug 24,2005

8/29/2005 Entry                                                        6
          STATE WARRANT FOR PETITION TO REVOKE AND FOREFIT BOND AND MITTIMUS.
          ISSUED BY JUDGE EGGERS. BOND IN THE AMOUNT OF 50,000

8/29/2005 Petition to Revoke and forfeit bond and mittimus Filed by
          case number and name do not match.

8/31/2005 Mittimus for Sangamon County Jail Issued  Defendant GLISSON SCOTT N
          Defendant sentenced to 180 days jail, credit 3 days, to run
          concurrent with 05CM1377.  Mittimus to issue 9-20-05 at 9am.
          Document MITT Was Printed

            C O N T I N U E D   O N   N E X T   P A G E

3:05-cv-03258-JES-BGC   SANGAMON   COUNTY CIRCUIT COURT          4    CSP048
                                                          e: 10/07/2005
                        Criminal Felony                   Time: 14/10/01
                                                          Page:    4
        2004 CF 000648   Judge: EGGERS ROBERT J     From 0/00/0000 To 99/99/999
                                                          User: WHITLED

__Date__

11/22/2004 Sentence: Restitution  Sentence in Force
           Sentence: Drug Addiction Treatment  Sentence in Force
           Sentence: Alcoholism Treatment  Sentence in Force
           Cost Only              355.00     RESTITUTION AMOUNT      90.00
           PROBATION FEE - ADU   240.00     STATE DNA IDENTIFIC    200.00
           Status:Dispositioned  Report:Terminated  Nov 22,2004

12/13/2004 Court Ordered Payments Fee $785.00  Amt $500.00  Bond Used
           Defendant GLISSON SCOTT N

 1/19/2005 Court Ordered Payments Fee $285.00  Amt $10.00
           Defendant GLISSON SCOTT N

 2/02/2005 Court Ordered Payments Fee $275.00  Amt $20.00
           Defendant GLISSON SCOTT N

 3/16/2005 Court Ordered Payments Fee $255.00  Amt $20.00
           Defendant GLISSON SCOTT N

 4/22/2005 Court Ordered Payments Fee $235.00  Amt $25.00
           Defendant GLISSON SCOTT N

 5/09/2005 Court Ordered Payments Fee $210.00  Amt $10.00
           Defendant GLISSON SCOTT N

 7/07/2005 Adult Probation & Court Service Dept. Violation Report Filed by
           Adult Probation BOYD KENT

 7/13/2005 Petition to Revoke Probation Filed by  Asst States Attorney NOLL GRAY

 7/13/2005 Order for Issuance of Warrant Amt $10000.00   Signed
           Judge EGGERS ROBERT J

 7/14/2005 Bench Warrant Bond $10000.00 Issued   Judge EGGERS ROBERT J
           Defendant GLISSON SCOTT N

 8/16/2005 Bench Warrant Served   Judge EGGERS ROBERT J  Defendant GLISSON SCOTT N

 8/17/2005 First Appearance -Pet to Revoke-Attorney Status Hearing Amt $10000.00
           Judge EGGERS ROBERT J  Miscellaneous BEHRINGER KARLENE
           Present the People by ASA GRAY NOLL. Present the Defendant in person
           in the custody of the Sheriff of Sangamon County. Cause called for
           first appearance on Petition to Revoke Probation. Defendant furnished
           with a copy of the Complaint, advised of the nature of the charges and
           possible maximum penalties. Cause set for attorney status hearing on
           8/23/2005 at 3:00 PM in 5C. Hearing on Petition set on 8/24/2005 at
           09:30 AM before the Honorable ROBERT J. EGGERS. Defendant given
           notices in open court. Bond set in the amount of $10,000.00. CLERK
           DIRECTED TO NOTIFY JUDGE ROBERT J. EGGERS AND COURT ADMINISTRATOR.
           Defendant remanded to the custody of the Sheriff pending posting of
           bond.
           Petition to Revoke Hearing Aug 24,2005 09:30AM
           Judge:HOLMES ROGER W   Rep:RUPPERT LYNN M   Clerk:JP     H

        C O N T I N U E D   O N   N E X T   P A G E

3:05-cv-03280-JES-BGC SANGAMON COUNTY CIRCUIT COURT         3   CSP048
                                                                e: 10/07/2005
                                                             Time: 14/10/01
Criminal Felony                                              Page:    3
        2004 CF 000648   Judge: EGGERS ROBERT J      From 0/00/0000 To 99/99/999
                                                          User: WHITLED

__Date__

10/07/2004 ADMINISTRATOR.
           Jury Trial Nov 01,2004 09:00AM Rm7D
           Judge:SCHWARTZ DENNIS   Rep:SAMAT BETH   Clerk:JB    H


10/13/2004 Proof of Service Oct 12,2004 Sent  Judge EGGERS ROBERT J

10/13/2004 Proof of Service Oct 12,2004 Sent  Miscellaneous BEHRINGER KARLENE


11/01/2004 Hearing                                                          6
           Plea Hearing Nov 22,2004 11:00AM


11/22/2004 Negotiated Plea-Sentencing
           DEFENDANT SCOTT N. GLISSON :  Present the State by ASA JAMIELA KASSEM
           .  Present the Defendant, in person, in the custody of the Sheriff,
           and by Attorney JOHN SHARP.  Cause called for hearing on Defendant's
           motion to withdraw plea of not guilty to Count II-Bad Check/Class 3
           Felony.  Defendant advised of rights and possible penalties and
           knowingly waives same.  Plea of guilty accepted.  Judgment entered on
           plea.  Pursuant to negotiations, the Defendant is hereby sentenced to
           2 years Probation subject to all conditions, with a $10 dollar monthly
           Probation fee. Defendant to perform 90 hours of community service work
           to be completed by 11/22/05. Defendant to pay restitution in the
           amount of $90.00 for the use of ($50) Sammy's Bar and Grill, 215 S.
           5th, Springfield,IL, ($40) Family Video, 2701 W. Lawrence,
           Springfield,IL. Count I dismissed pursuant to plea.  Defendant advised
           of appeal rights and remanded to the custody of the Sheriff.  CAUSE
           STRICKEN.
           Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    D


11/22/2004 Order of Conditions Signed  Judge EGGERS ROBERT J


11/22/2004 Disposition 01/00  Count 001  No Fine Or Cost Signed
           Judge EGGERS ROBERT J  Defendant GLISSON SCOTT N  Atty HARMON MICHAEL
           Asst States Attorney KASSEM JAMIELA
           Disposition: Dismiss/State Motion DECEPTIVE PRACTICES
           Disposition Type: Court Action   Defendant Plea: No Plea Entered
           Statute 720 5/17-1(B)(d)  Class 4  Orig.
           Sentence: 11/22/2004
           Sentence: No Sentence  Sentence in Force
           No Fine Or Cost        .00
           Status:Dispositioned  Report:Terminated  Nov 22,2004


11/22/2004 Disposition 02/00  Count 002  Cost Only Fee $885.00  Signed
           Judge EGGERS ROBERT J  Defendant GLISSON SCOTT N  Atty HARMON MICHAEL
           Asst States Attorney KASSEM JAMIELA
           Disposition: Guilty Conviction BAD CHECK/>$150 OR 2ND OFFENSE
           Disposition Type: Guilty Plea   Defendant Plea: Guilty
           Statute 720 5/17-1(B)(d)  Class 3  Orig.
           Sentence: 11/22/2004
           Sentence: Costs Only/Penalties and Fees  Sentence in Force
           Sentence: Probation  2Yrs Sentence in Force
           Sentence: Public Service  90Hrs Sentence in Force

           C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET   SANGAMON   COUNTY CIRCUIT COURT
Criminal Felony
2   CSP048
e: 10/07/2005
Time: 14/10/01
Page:   2

2004 CF 000648   Judge: EGGERS ROBERT J       From  0/00/0000 To 99/99/999
User: WHITLED

__Date__

9/01/2004 nature of the charge and possible penalties.  Bond to stand as
         previously set.  Preliminary hearing set for 9/16/2004 at 01:30 PM
         in 7C.
         Preliminary Hearing Sep 16,2004 01:30PM Rm7C
         Judge:LEWIS THEODIS P   Rep:PRATHER DEBBIE J    Clerk:JLB     H

9/16/2004 Prelim Continued on Motion of Defendant-Bond to Continue          6
         DEFENDANT SCOTT N. GLISSON: Present the State by ASA JAMIELA KASSEM.
         Present the Defendant, in person, and by Attorney Cavanagh for
         Harmon.  On motion of the Defendant, preliminary hearing set this date
         continued to 9/30/2004 at 09:00 AM in 7C.  Bond to continue.
         Preliminary Hearing Sep 30,2004 09:00AM Rm7C
         Judge:ZAPPA LEO J   Rep:BERRY LAURA K   Clerk:JB      H

9/30/2004 Prelim Continued on Motion of Defendant-Bond to Continue          6
         Atty HARMON MICHAEL
         DEFENDANT SCOTT N. GLISSON: Present the State by ASA JAMIELA KASSEM.
         Present the Defendant, in person, Pro Se.  Attorney Harmon not
         present. On motion of the Defendant, preliminary hearing set this date
         continued to 10/07/2004 at 01:30 PM in 7C.  Bond to continue.  CLERK
         DIRECTED TO SEND A COPY OF THIS DOCKET ENTRY TO ATTORNEY HARMON.
         Preliminary Hearing Oct 07,2004 01:30PM Rm7C
         Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:JB      H

10/01/2004 Proof of Service Oct 01,2004 Sent  Atty HARMON MICHAEL
          Document POF Not Printed

10/07/2004 Information Filed by  Asst States Attorney KASSEM JAMIELA
          COUNT I DECEPTIVE PRACTICES
          COUNT II FORGERY

10/07/2004 Preliminary Hearing Pleadings

10/07/2004 Motion for Disclosure to Prosecution Filed by
          Asst States Attorney KASSEM JAMIELA

10/07/2004 Pre-Trial Discovery Filed by  Asst States Attorney KASSEM JAMIELA

10/07/2004 Certificate of Compliance Filed by  Asst States Attorney KASSEM JAMIELA

10/07/2004 Pre-Trial Discovery Order Signed  Judge SCHWARTZ DENNIS

10/07/2004 Prelim Hearing Waived - Bond to Continue Judge EGGERS ROBERT J
          Miscellaneous BEHRINGER KARLENE
          DEFENDANT SCOTT N. GLISSON: Present the State by ASA JAMIELA KASSEM.
          Present the Defendant, in person, and by Attorney Sharp.  Cause called
          for preliminary hearing. Defendant waives preliminary hearing.
          Information filed and Defendant enters plea of not guilty.  Pretrial
          Discovery Order entered.  Cause set for jury trial 11/01/2004 at 9:00
          a.m. in 7D before Judge Eggers.  CASE ASSIGNED TO JUDGE EGGERS.
          Defendant advised of trial in absentia and continued on bond.  CLERK
          DIRECTED TO SEND A COPY OF THIS DOCKET ENTRY TO JUDGE EGGERS AND COURT

C O N T I N U E D   O N   N E X T   P A G E

                            Criminal Felony

    2004 CF 000648  Judge: EGGERS ROBERT J    From  0/00/0000 To 99/99/999
                                                              User: WHITLED
        Case Names_____ Attorney Names_____  Wsid: PC62S1
                    VS                                      All Entries For
        GLISSON SCOTT N          HAYES PATRICIA                  +
        HAYES PATRICIA
        SAMMYS BAR AND GRILL
        FAMILY VIDEO
        GLISSON GIL

__Date__
6/16/2004 Complaint 01 Count 001 DECEPTIVE PRACTICES Jun 05,2004              6
          Defendant GLISSON SCOTT N
          Statute 720 5/17-1(B)(d)  Class 4  Orig.
          Agency: CITY OF SPRINGFIELD  Charge Instr: Complaint

6/16/2004 Notice Of Hearing Notice To Appear Defendant GLISSON SCOTT N
          Asst States Attorney SILBERMAN MARK
          First Appearance Aug 11,2004 01:30PM Rm5C

6/16/2004 Complaint 02 Count 002 BAD CHECK/>$150 OR 2ND OFFENSE Jun 05,2004   6
          Defendant GLISSON SCOTT N
          Statute 720 5/17-1(B)(d)  Class 3  Orig.
          Agency: CITY OF SPRINGFIELD  Charge Instr: Complaint

6/16/2004 Notice Of Hearing Notice To Appear Defendant GLISSON SCOTT N
          Asst States Attorney SILBERMAN MARK
          First Appearance Aug 11,2004 01:30PM Rm5C

7/21/2004 Entry of Appearance Filed by  Atty HARMON MICHAEL

7/29/2004 ISP Sheet                                                          6

8/10/2004 Bond Payment Bond Transfer From    2004NC001600 GLISSON SCOTT N
          Bail $500.00 Defendant GLISSON SCOTT N

8/11/2004 Notice to Appear Mailed
          Reason 10:Reset First Appearance
          Document TRNTA Was Printed
          First Appearance Sep 01,2004 01:30PM Rm5C

8/11/2004 First Appearance - Not In Custody
          Present the People by ASA JOHN KELLEY . Defendant not present. Notice
          to Appear was not in file. Cause called for first appearance. Bond
          to stand as previously set. First Appearance reset for 9/01/2004 at
          01:30 PM . CLERK DIRECTED TO NOTIFY DEFENDANT OF COURT DATE.
          First Appearance Sep 01,2004 01:30PM Rm5C
          Judge:LEWIS THEODIS P  Rep:PRATHER DEBBIE J   Clerk:JLB   H

8/16/2004 Proof of Service Aug 11,2004 Sent  Defendant GLISSON SCOTT N
          Document POF Was Printed

9/01/2004 First Appearance - Defendant With Attorney                          6
          Present the People by ASA JOHN KELLEY.  Present the Defendant in
          person and with Attorney HARMON.  Cause called for first appearance.
          Defendant furnished with a copy of the Complaint, advised of the

          C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET - SANGAMON COUNTY CIRCUIT COURT          2    CSP048
3:05-cv-03250-JES-BGC   # 9-2   Page 12 of 35      Date: 10/07/2005
                    Criminal Felony                         e: 14/15/34
                                                          Page:    2
        2005 CF 001143  Judge: EGGERS ROBERT J   From  0/00/0000 To 99/99/999
                                                       User: WHITLED

__Date__

9/09/2005 furnished with a copy of the Complaint, advised of the nature of the
         charge and possible penalties. Bond to stand. Fitness exam has been
         ordered. Preliminary Hearing has been set for 9/29/2005 at 1:30 pm in
         7C.
         Preliminary Hearing Sep 29,2005 01:30PM Rm7C
         Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/12/2005 DOCKET H  Judge:EGGERS ROBERT J    Rep:PRYOR ANDREA S
         DEFENDANT GLISSON:  Matter before the Court for scheduling
         conference. ASA Gab has three days to respond to the Petition for
         Rule to Show Cause and will be set for hearing September 22, 2005, at
         1:30 p.m.  CLERK directed to send a copy of this docket entry to ASA
         Gab and Attorney Patricia Hayes.

9/13/2005 Proof of Service Sent  Asst States Attorney GAB DWAYNE
         Atty HAYES PATRICIA
         Document POF Was Printed
         Rule To Show Cause Sep 22,2005 01:30PM

9/13/2005 Order Sep 09,2005 Signed  Judge EGGERS ROBERT J

9/19/2005 ISP Sheet                                              6

9/21/2005 Motion Filed by  Atty HAYES PATRICIA

9/21/2005 Memorandum Filed by  Atty HAYES PATRICIA

9/26/2005 Docket Entry
         DEFENDANT SCOTT GLISSON: Present the State by ASA DWAYNE GAB. Present
         the Defendant, in person, in the Custody of the Sheriff, and by
         Attorney P. HAYES. Cause called on for Petition for Rule to Show
         Cause. Witness sworn, testimony heard. Arguments heard by both
         parties. Motion denied. Request for Injunction dismissed.
         Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/29/2005 Prelim Set by Agreement of Both Parties-Defendant in Custody        6
         DEFENDANT SCOTT GLISSON: Present the State by ASA JEFFREY HOECKER.
         Present the Defendant, in person, in the custody of the Sheriff, and
         by Attorney Hayes. By agreement of the parties, preliminary hearing
         set this date continued to 12/08/2005at  09:00 AM in 7C. Defendant
         remanded to the custody of the Sheriff.
         Preliminary Hearing Dec 08,2005 09:00AM Rm7C
         Judge:GRAVES LESLIE   Rep:SAMAT BETH   Clerk:JB    H

ILLINOIS COURT JUSTICE SANGAMON COUNTY CIRCUIT COURT        1    CSP048
                                                     Date: 10/07/2005
                          Criminal Felony              Time: 14/15/34
                                                       Page:    1
        2005 CF 001143   Judge: EGGERS ROBERT J     From 0/00/0000 To 99/99/999
                                                     User: WHITLED
          Case Names_____ Attorney Names_____  Wsid: PC62S1
                    VS                                     All Entries For
          GLISSON SCOTT          HAYES PATRICIA
          GLISSON GIL

__Date__

8/29/2005 Complaint 01 Count 001 AGG BATTERY/PEACE OFF/FIREMAN Aug 26,2005      6
          Defendant GLISSON SCOTT
          Statute 720 5/12-4(b)(6)   Class 3  Orig.
          Agency: CITY OF SPRINGFIELD  Charge Instr: Complaint

8/29/2005 Sheriff Fee Bill Received Sep 28,2005 Defendant GLISSON SCOTT
          Asst States Attorney GAB DWAYNE

8/29/2005 Complaint 02 Count 002 AGG BATTERY/PEACE OFF/FIREMAN Aug 26,2005      6
          Defendant GLISSON SCOTT
          Statute 720 5/12-4(b)(6)   Class 3  Orig.
          Agency: CITY OF SPRINGFIELD  Charge Instr: Complaint

8/29/2005 Notice Of Hearing Notice To Appear Defendant GLISSON SCOTT
          Asst States Attorney GAB DWAYNE
          First Appearance Sep 28,2005 01:30PM Rm5C

8/29/2005 Complaint 03 Count 003 THEFT/UNAUTHD CON/<$300/1ST Aug 26,2005       6
          Defendant GLISSON SCOTT
          Statute 720 5/16-1(a)(1)   Class A  Orig.
          Agency: CITY OF SPRINGFIELD  Charge Instr: Complaint

8/29/2005 Notice Of Hearing Notice To Appear Defendant GLISSON SCOTT
          Asst States Attorney GAB DWAYNE
          First Appearance Sep 28,2005 01:30PM Rm5C

8/30/2005 Bond Payment Bond Transfer From    2005NC002457 GLISSON SCOTT N      6
          Bail $1000.00 Defendant GLISSON SCOTT

9/07/2005 Entry of Appearance Filed by  Atty HAYES PATRICIA

9/09/2005 Motion Filed by  Atty HAYES PATRICIA

9/09/2005 Motion Filed by  Atty HAYES PATRICIA

9/09/2005 Docket Entry
          DEFENDANT SCOTT GLISSON: Present the State by ASA DWAYNE GAB. Present
          the Defendant, in person, in the custody of the Sheriff,and by
          Attorney P HAYES. Cause called on for Petition to revoke Probation.
          Forfeit bond, amend Petition to revoke Probation. Order entered for
          fitness exam in 05CF1143 and 04CF648. Continued Generally.
          Jury Trial Oct 11,2005 09:00AM
          Judge:EGGERS ROBERT J   Rep:PRYOR ANDREA S   Clerk:LW    H

9/09/2005 Docket Entry                                                         6
          DEFENDANT SCOTT GLISSON: Present the State by ASA DWAYNE GAB. Present
          the Defendant, in person, in the custody of the Sheriff, and by
          Attorney P. HAYES. Cause called on for first appearance. Defendant

          C O N T I N U E D   O N   N E X T   P A G E

IN THE CIRCUIT COURT
FOR THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS
SANGAMON COUNTY, SPRINGFIELD, ILLINOIS

**FILED**

SEP - 9 2005   **CRI-8**

*Anthony P. Libri Jr.*   Clerk of the
Circuit Court

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | No.   05-CF-1143 |
| | } | |
| | } | |
| SCOTT NELSON GLISSON, | } | |
| | } | |
| Defendant. | } | |

---

## MOTION TO ALLOW DEFENDANT
## UNRESTRICTED VISITS WITH HIS ATTORNEYS

**Now comes** the Defendant by and through his attorney, PATRICIA L. HAYES, and moves this Honorable Court to allow the Defendant unrestricted visits with his attorney while he is incarcerated in the Sangamon County Jail pending trial on the charges in this matter and in support thereof states as follows:

1.  Defendant has been incarcerated since September 3, 2005.

2.  Defendant suffers from Bi-Polar Disorder and when he has been arrested in a manic state, Defendant has had to be restrained.

3.  Defendant has been denied unrestricted visits with his legal counsel since September 3, 2005 by the Sangamon County Jail;

4.  Defendant needs to be able to meet with his attorneys to prepare for hearings and motions in this matter.

5.  Defendant further needs to be able to confer with his attorney in a confidential environment to prepare for his trial in this matter.

6. The Sangamon County jail has denied the Defendant the right to meet with his attorney in an unrestricted room and has been forcing the Defendant to confer with his attorney in a non-confidential room behind glass.

7. The reason given to the Defendant and the undersigned is because the undersigned is married to the Defendant.

8. The undersigned attorney for the Defendant needs to have access to the Defendant to have releases signed and to review pertinent records, including confidential mental health records and medical treatment records.

9. Defendant is currently being denied his constitutional right to counsel protected by the United States Constitution.

**WHEREFORE,** Defendant prays that he be allowed normal unrestricted attorney client visits with his attorney(s) of record in this matter to be able to prepare his defenses in this matter.

SCOTT NELSON GLISSON,
Defendant

BY: _____
PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

## CERTIFICATE OF SERVICE

On this 9th day of September, 2005, the undersigned certifies, under penalties of perjury that distribution was made of the original and copies of the foregoing through the United States Mails from Springfield, IL with proper postage affixed thereto as follows:

Original and 1 copy:

Honorable Anthony J. Libri, Jr.
Clerk of the Circuit Court
P. O. Box 1299
Springfield, IL 62705-1299

Sangamon County State's Attorney's Office
Sangamon County Courthouse
Room 402
200 S. 9th Street
Springfield, IL 62705-1299

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

IN THE CIRCUIT COURT
FOR THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS
SANGAMON COUNTY, SPRINGFIELD, ILLINOIS

**FILED**

SEP 2 1 2005   9:41:1

*[signature]*   Clerk of the
Circuit Court

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | } | | |
| | } | | |
| Plaintiff, | } | | |
| | } | | |
| vs. | } | No. | 05-CF-1143 |
| | } | | 04-CF-648 |
| | } | | |
| | } | | |
| SCOTT NELSON GLISSON, | } | | |
| | } | | |
| Defendant. | } | | |

---

**MEMORANDUM OF LAW IN SUPPORT OF INJUNCTION AGAINST JAIL TO ORDER**
**UNRESTRICTED VISITS WITH DEFENDANT'S ATTORNEYS**

---

**Now comes** the Defendant by and through his attorney, PATRICIA L. HAYES, and submits this memorandum of law in support of Plaintiff's request for a Preliminary Injunction against the Jail to ORDER the jail to give the Defendant unrestricted visits with his attorneys:

### FACTS

On November 22, 2004, Plaintiff was sentenced to Probation for a period of two years. Defendant was to comply with the conditions of his probation. On July 13, 2005, the Sangamon County State's Attorney's Office filed a Petition to Revoke Plaintiff's Probation and an arrest warrant was issued by the Sangamon County Court, Judge Robert J. Eggers.

On August 16, 2005 Plaintiff was arrested on the warrant issued in 04 CF 648. At the time of his arrest on August 16, 2005, Plaintiff was in a manic state, very agitated and confused. After Plaintiff was arrested, he contacted his wife, Attorney Patricia L.

1

Hayes to meet with him concerning matters pertaining to his representation against the charges against him and the terms of his bond. At all times herein, Plaintiff's wife, Patricia L. Hayes, has been a duly licensed attorney in the State of Illinois.

On August 17, 2005 Attorney Patricia L. Hayes visited the Plaintiff in the Sangamon County Jail and was allowed to have unrestricted attorney/client visits with the Plaintiff despite Plaintiff's agitated state.

On August 18, 2005 Plaintiff met with his Attorney Patricia Hayes on three separate occasions. On the first two Plaintiff on allowed to meet with his attorney in an unrestricted attorney interview room.

On Plaintiff's third visit with his attorney on August 18, 2005, at approximately 8 p.m. Plaintiff was meeting with his attorney in the normal interview room used for attorney visits, when Lieutenant Candace Cain and Officer Melissa Childress stormed into the room and advised the Plaintiff that he could not meet with his attorney because she was married to him.

At approximately 8 pm on August 18, 2005, Defendant Candace Cain advised Attorney Hayes and the Plaintiff that she could not represent the Plaintiff because she had a conflict since she was married to the Plaintiff. Defendant Cain accused Attorney Hayes of unethical conduct and stopped the Plaintiff's attorney meeting with his attorney.

Plaintiff bonded out of the Sangamon County Jail on August 19, 2005.\

At the time the Plaintiff bonded out on August 19, 2005 Plaintiff was in a manic state.

On August 24, 2005 the Plaintiff appeared in court on the hearing to Revoke his Probation. At the time, Plaintiff was represented by Attorney Mike Harmon. Plaintiff

2

plead guilty to the revocation allegations and his Probation was revoked and he was sentenced to 180 days in the Sangamon County Jail with his Mittimus stayed until September 20, 2005.

After Plaintiff's arrest, Plaintiff called Attorney Patricia Hayes to represent him on the new charges.   On August 27, 2005 Attorney Patricia Hayes was not allowed to visit with the Plaintiff in a normal attorney client interview room.  Instead, the Plaintiff was required to meet with his attorney in a visiting room with a glass partition and he was required to talk to his attorney via a monitored phone.  During the visit, numerous correctional officers, including Ltn. Cain, were allowed to monitor the visit.  The visiting room is enclosed by glass and in front of the Duty Warden's Office.  During the visit at least six different officers and inmates walked by a viewed the visit.

From August 27, 2005 through  September, 9, 2005 Jail officials Terry Durr, Candace Cain, William Strayer, Brien Carry, and Tammy Powell denied the Plaintiff the right to have confidential attorney client meetings with his attorney, Patricia L. Hayes, at the Sangamon County Jail.

On August 29, 2005 the Plaintiff bonded out on charges in 2005 CF 1143.

On September 3, 2005 the Plaintiff was re-arrested in cause number 2004 CF 648 and has been incarcerated in the Sangamon County Jail since that time.

At all times since September 3, 2005, Plaintiff has had pending felony charges in cause number 2005 CF 1143.

At all times since September 3, 2005 Defendants Terry Durr, William Strayer, Candace Cain, Tammy Powell, Sergeant Guy,  Serbgeant Bouvet, Carla Carry, Brien Carry,  have all denied the Plaintiff the right and opportunity to meet with his attorney in

3

a confidential interview room to prepare his defenses to charges in 2005 CF 1143.

On September 9, 2005, Judge Robert J. Eggers Ordered that the Sangamon County Jail was to afford the Defendant access to his attorney, Patricia L. Hayes, the same as any other defendant is allowed to meet with their attorney.

Despite Judge Eggers Order of September 9, 2005, Jail Officias Terry Durr, William Strayer, Candace Cain, Brien Carry, Sergeant Guy, Carla Carry, Cathy Strayer, and Tammy Powell denied Plaintiff the right to have confidential attorney client conferences with his Attorney, Patricia L. Hayes.

Plaintiff is still being detained in the Sangamon County Jail and is still being denied the right to meet with Attorney Patricia L. Hayes to prepare for the charges against him in charge 2005 CF 1143.

Plaintiff has attempted to meet with his attorney on September 10, 12, 13, 15, 16, 17, and 20, 2005. Each time the Plaintiff has been required to consult with his attorney through glass using a monitored phone. In addition, Plaintiff is required to transmit papers through a jail guard. Each visit has been monitored and restricted by one or all of the above jail employees employed by the Sangamon County Sheriff's Department.

On September 17, 2005, Plaintiff's attorney brought in legal documents and supplies for the Plaintiff to facilitate the preparation of the Plaintiff's defense. On September 17, 2005, Sergeant Guy and Cathy Strayer searched and confiscated Plaintiff's legal mail. Sergeant Guy and Defendant Strayer refused to allow the Plaintiff to have envelopes for which to communicate with his attorney or labels, and file folders for his legal papers.

On September 21, 2005 attorney Patricia Hayes was further refused the right to

4

meet with her client, Kenny Marshall, another inmate at the Sangamon County Jail. She was subject to the same restrictions of communicating through soundproof glass using a phone and she had to get confidential communications from Kenny Marshall via Sergeant Tammy Powell who informed Patricia Hayes that her contacts with all inmates was being restricted by Assistant Wardent Strayer.

## ARGUMENT

An inmates right to unfettered access to the courts is as fundamental a right as any other he may hold. *Ex parte Hull*, 312 U.S. 546, 61 S.Ct. 640 (1941)  In holding that requiring attorneys and inmates to confer in visiting room divided by glass barrier and to communicate by phone and to transmit papers through a guard violated an inmates 6th Amendment right to access to counsel and to courts, the seventh circuit discussed inmates Sixth Amendment Right to Counsel in *Adams v. Carlson*, 488 F. 2d 619 (7th Cir. 1973):

" All other rights of an inmate are illusory without it, being entirely dependent for their existence on the whim or caprice of the prison warden. The judiciary, moreover, has not been content merely to keep free the lines of communication between an inmate, the courts, and agencies of correction. Whether as a vital concomitant of the prisoner's right to petition the bench or as distinct requirement of his right to effective assistance of counsel guaranteed by the Sixth Amendment, a right of access by an inmate to counsel has been perceived by a number of courts...The final phase of development has been a recognition that the effective protection of access to counsel requires that the traditional privacy of the lawyer-client relationship be implemented in the prison context. Thus there has been widespread agreement that communications by post between an inmate and

5

attorney are sacrosanct, subject only to tests on incoming mail for the presence of contraband which fall short of opening it when an inmate is not present."

The court in *Adams v. Carlson* held that to justify an inmates impairment of communication between attorneys and inmates in the name of security, a prison warden must come forward with facts which tend to support a reasonable suspicion not only that contraband is being smuggled to inmates, but that their attorneys are engaged in the smuggling. Id at 631-632. The court held that prison officials could not restrict the exercise of constitutional rights by those in their charge without showing a threat to the order or security of the institution. Id. At 632. Further, prison officials must show that less restrictive means of regulation are not available. In addition the Court held that the deprivation of legal materials necessary to afford reasonable access to the courts was a violation of due process. Id. At 632.

Here, jail officials have and still are clearly violating the Defendant's 6th Amendment right to access to counsel and are violating Defendant's due process rights by confiscating legal material necessary for him to access his attorney and the courts. Jail officials have been unlawfully restricting Defendants access and communications with his attorney since August 18, 2005 and as a result, Defendant has been unable to prepare for trial or even this hearing without waiving his constitutional right to confidential communications with the court. There is no justification for these constitutional violations and therefore an injunction must issue against the jail to allow the Defendant unrestricted access to his attorney and access to legal materials necessary for his defense.

**WHEREFORE,** Defendant prays that this court Order that he be allowed normal unrestricted attorney client visits with his attorney(s) of record in this

6

matter and that he be allowed access to legal materials necessary for him to to be able to prepare his defenses in this matter and for such further and other relief as the court deems just and proper.

SCOTT NELSON GLISSON,
Defendant

BY: _____
PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863

7

## CERTIFICATE OF SERVICE

On this 22nd day of September, 2005, the undersigned certifies, under penalties of perjury that distribution was made of the original and copies of the foregoing through the United States Mails from Springfield, IL with proper postage affixed thereto as follows:

Original and 1 copy:

Honorable Anthony J. Libri, Jr.
Clerk of the Circuit Court
P. O. Box 1299
Springfield, IL 62705-1299

Sangamon County State's Attorney's Office
Sangamon County Courthouse
Room 402
200 S. 9th Street
Springfield, IL 62705-1299

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
SPRINGFIELD, SANGAMON COUNTY, ILLINOIS

**FILED**

SEP 22 2005   **CIV.-4**

*[signature]*

**Clerk of the
Circuit Court**

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Nos. 2004-CF-648 & 2005-CF-1143 |
| | ) |
| SCOTT GLISSON, | ) |
| | ) |
| Defendant. | ) |

<u>MOTION TO STRIKE PETITION FOR RULE TO SHOW CAUSE</u>

NOW COME the People of the State of Illinois by Dwayne A. Gab, Assistant

State's Attorney for Sangamon County and in support of its Motion to Strike Petition for

Rule to Show Cause state as follows:

1.  On September 9, 2005 this Court entered an order on motion of Defendant which
stated the following:

    a.  THE COURT: Well, I can enter an order, and it will be on the sheet that you're
taking back, indicating that Miss Hayes is not suspended, and that is all that I
need to do. Now, if you have further problems with what you feel are your ability
to have visits with your client, we will deal with it —we will deal with that down
the road if you run into problems with the Sheriff's Office in that matter.

    b.  THE COURT: But I know that your suspension has been stayed. I called the
Attorney Registration & Disciplinary Commission this morning and was so
advised. So the Sheriff's Office is now so advised that your suspension is stayed
and you are an attorney and are entitled to visit, have attorney-client visits with
your client in the jail.

    c.  THE COURT: No, I'm saying like everybody else in counsel, she is an
attorney and has the right to visit her client under whatever rules we have.

    d.  THE COURT: She is entitled to have visits the same as any other lawyer is
entitled to with him. She is not required to have visits through glass if no other
lawyers have to do that, unless you have some reason, unless the Sheriff's Office
has some reason why that's going on, and we will have to litigate that issue on
this petition to - -

2.    That Defendant has alleged a contemptuous violation of the Court's order by the Sangamon County Jail's failure to comply with the above order.

3.    That the Court's order of September 9, 2005 specifically contemplated restrictions being placed upon attorney-client visitation and did not specifically order contact visits.

4.    A finding if contempt must be made only upon a showing of willful and intentional conduct upon the part of the contemptor.

5.    The Sangamon County Jail has in the past placed restrictions on attorney-client visitation based upon conduct during jail visitation.

6.    The Sangamon County Jail placed restrictions upon visitation between attorney Patricia Hayes and Defendant, Scott Glisson.

7.    That the Court's order specifically allowed the Sangamon County Jail to restrict visitation.

        WHEREFORE, the People of the State of Illinois pray this Court enter an order to strike Petition for Rule to Show Cause.

                        Respectfully submitted,

                        JOHN SCHMIDT
                        SANGAMON COUNTY STATE'S ATTORNEY


                        Dwayne A. Gab
                        Assistant State's Attorney

Dwayne A. Gab
Assistant State's Attorney
200 S. 9th Street, Room 402
Springfield, Illinois 62701
(217) 753-6690

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF SANGAMON         )


### AFFIDAVIT OF WILLIAM STRAYER


1.    I am over 18 years of age.

2.    I am the Assistant Superintendent of the Sangamon County Jail.

3.    That the Sangamon County Jail restricts attorney-client visitation based upon past conduct on the part of the attorney so restricted and has done so for a number of years.

4.    That Attorney Patricia Hayes visitation was and is restricted based upon past conduct involving Ms. Hayes and inmate Scott Glisson.

5.    That attorney visitation is restricted at the Sangamon County Jail to promote the safety, security and efficient administration of the facility for the protection of inmates, visitors and jail personal.


FURTHER AFFIANT SAYETH NOT

_____
William Strayer

Subscribed and sworn to before me this 22nd day of September, 2005.

_____

OFFICIAL SEAL
LYNN M. SMITH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-10-2006

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
SPRINGFIELD, SANGAMON COUNTY, ILLINOIS **FILED**

SEP 22 2005 **CIV.-4**

Clerk of the
Circuit Court

PEOPLE OF THE STATE OF ILLINOIS, )
)
               Plaintiff, )
)
       vs. )     Nos. 2004-CF-648 & 2005-CF-1143
)
SCOTT GLISSON, )
)
            Defendant. )

## MOTION TO STRIKE PETITION FOR RULE TO SHOW CAUSE

NOW COME the People of the State of Illinois by Dwayne A. Gab, Assistant

State's Attorney for Sangamon County and in support of its Motion to Strike Petition for

Rule to Show Cause state as follows:

1. On September 9, 2005 this Court entered an order on motion of Defendant which
stated the following:

    a. THE COURT: Well, I can enter an order, and it will be on the sheet that you're
taking back, indicating that Miss Hayes is not suspended, and that is all that I
need to do. Now, if you have further problems with what you feel are your ability
to have visits with your client, we will deal with it –we will deal with that down
the road if you run into problems with the Sheriff's Office in that matter.

    b. THE COURT: But I know that your suspension has been stayed. I called the
Attorney Registration & Disciplinary Commission this morning and was so
advised. So the Sheriff's Office is now so advised that your suspension is stayed
and you are an attorney and are entitled to visit, have attorney-client visits with
your client in the jail.

    c. THE COURT: No, I'm saying like everybody else in counsel, she is an
attorney and has the right to visit her client under whatever rules we have.

    d. THE COURT: She is entitled to have visits the same as any other lawyer is
entitled to with him. She is not required to have visits through glass if no other
lawyers have to do that, unless you have some reason, unless the Sheriff's Office
has some reason why that's going on, and we will have to litigate that issue on
this petition to - -

2.   That Defendant has alleged a contemptuous violation of the Court's order by the Sangamon County Jail's failure to comply with the above order.

3.   That the Court's order of September 9, 2005 specifically contemplated restrictions being placed upon attorney-client visitation and did not specifically order contact visits.

4.   A finding if contempt must be made only upon a showing of willful and intentional conduct upon the part of the contemptor.

5.   The Sangamon County Jail has in the past placed restrictions on attorney-client visitation based upon conduct during jail visitation.

6.   The Sangamon County Jail placed restrictions upon visitation between attorney Patricia Hayes and Defendant, Scott Glisson.

7.   That the Court's order specifically allowed the Sangamon County Jail to restrict visitation.

        WHEREFORE, the People of the State of Illinois pray this Court enter an order to strike Petition for Rule to Show Cause.

                        Respectfully submitted,

                        JOHN SCHMIDT
                        SANGAMON COUNTY STATE'S ATTORNEY


                        Dwayne A. Gab
                        Assistant State's Attorney

Dwayne A. Gab
Assistant State's Attorney
200 S. 9th Street, Room 402
Springfield, Illinois 62701
(217) 753-6690

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF SANGAMON         )


## AFFIDAVIT OF WILLIAM STRAYER


1.   I am over 18 years of age.

2.   I am the Assistant Superintendent of the Sangamon County Jail.

3.   That the Sangamon County Jail restricts attorney-client visitation based upon past conduct on the part of the attorney so restricted and has done so for a number of years.

4.   That Attorney Patricia Hayes visitation was and is restricted based upon past conduct involving Ms. Hayes and inmate Scott Glisson.

5.   That attorney visitation is restricted at the Sangamon County Jail to promote the safety, security and efficient administration of the facility for the protection of inmates, visitors and jail personal.


FURTHER AFFIANT SAYETH NOT

_____
William Strayer

Subscribed and sworn to before me this 22nd day of September, 2005.

_____

OFFICIAL SEAL
LYNN M. SMITH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-10-2006

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
CHANCERY DIVISION

SCOTT NELSON GLISSON,                          )
                                               )
            Plaintiffs,                        )
                                               )
    vs.                                        ) Case No.  2005-3250
                                               )
SANGAMON COUNTY SHERIFF'S                      )
DEPARTMENT, et al.                             )
                                               )
            Defendants.                        )


**AFFIDAVIT**

STATE OF ILLINOIS           )
                            ) SS
COUNTY OF SANGAMON )


I, Dwayne Gab, Assistant State's Attorney for the County of Sangamon, having been duly sworn, hereby swear and depose that the attached Petition for Rule to Show Cause and Motion to Dismiss is a true copy of the Petition for Rule to Show Cause and Motion to Dismiss which was the subject of the hearing before Circuit Court Judge Robert J. Eggers on September 22, 2005, and the subject of his docket entry order of September 26, 2005.


DWAYNE GAB

SUBSCRIBED and SWORN to
before me this /5— day of November, 2005.


Notary Public

OFFICIAL SEAL
**NANCY J. BEGUE**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-16-2007

60139522v1 858991



IN THE CIRCUIT COURT
FOR THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS
SANGAMON COUNTY, SPRINGFIELD, ILLINOIS

**FILED**

SEP 1 2 2005   FR 4

Clerk of the
Circuit Court

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | No.   05-CF-1143 |
| | } |        04-CF-648 |
| | } | |
| SCOTT NELSON GLISSON, | } | |
| | } | |
| Defendant. | } | |

---

**PETITION FOR RULE TO SHOW CAUSE**
**AND MOTION TO DISMISS**

---

**NOW COMES** the Defendant, SCOTT NELSON GLISSON, by and through his

attorney, PATRICIA L. HAYES, and moves this Honorable Court to enter an Order for

Rule to Show Cause against the State and the Superintendant of the Sangamon County

Jail  to Show Cause why they should not be held in contempt and the charges dismissed

against the Defendant for their violating this Court's Order of September 9, 2005 that

Ordered the State and the Sangamon County Jail to allow the Defendant to have normal

unrestricted visits with his attorney while he is incarcerated in the Sangamon County Jail

pending trial on the charges in these matters and in support thereof states as follows:

1. Defendant has been incarcerated since September 3, 2005 on a $50,000.00

   bond in 04 CF 648 for alleged violations of conditions of his bond.

2. Defendant has been denied unrestricted visits with his legal counsel since

   September 3, 2005 by the State and the Sangamon County Jail;

3. Defendant filed a motion to allow him to have unrestricted confidential attorney client visits in an interview room the same as all other Defendants held in the Sangamon County jail.

4. Defendant has a constitutional right to meet with his attorneys to prepare for hearings and motions in this matter.

5. Defendant further needs to be able to confer with his attorney in a confidential environment to prepare for his trial and motions in the above matter.

6. On September 9, 2005 this Court ordered that the Defendant be allowed to meet with his attorney in a confidential interview room the same as any other Defendant being held in the Sangamon County jail.

7. On September 10, 2005 the State and the Sangamon County Jail personnel intentionally violated and continues to intentionally violate this Court's September 9, 2005 Order by refusing to allow the Defendant to meet with his attorney in a confidential interview room and instead advised the Defendant that he could not meet with his attorney except by phone in a non-confidential room behind glass.

8. On September 10, 2005 the undersigned attorney for the Defendant went to the Sangamon Jail to meet with the Defendant and the undersigned was again denied access to the Defendant. The undersigned had numerous documents that she needed to explain to the Defendant and to have executed and signed by the Defendant to obtain confidential mental health records.

9. The undersigned attorney for the Defendant immediately tried to contact the Assistant State's Attorney on call, J.W. Piersall; however, ASA Piersall failed and/or refused to contact the undersigned.

10. Not only is the State and the Sangamon County Jail violating this Court's Orders, they are denying the Defendant his constitutional right to counsel protected by the United States Constitution.

11. The only appropriate remedy is to dismiss the charges filed by the State since the Sangamon County State's Attorney is sanctioning the Sangamon County Jail's denial of the Defendant's Constitutional Right to assistance of Counsel.

**WHEREFORE,** Defendant prays that this Court enter a Ruled to Show Cause why the State and the Superintendant of the Sangamon County Jail should not be held in contempt for violating this Court's September 9, 2005 Order and/or Enter an Order Dismissing the charges against the Defendant since he has been denied his constitutional right to counsel since his incarceration on September 3, 2005 and for such further and other relief as this court deems just and proper.

Respectfully Submitted,
SCOTT NELSON GLISSON, Defendant


BY: _____
PATRICIA L. HAYES, His Attorney


Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

**VERIFICATION**

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the instrument are true and correct, except as to matters therein stated to be on information and belief and is such matters as the undersigned certifies as aforesaid that he/she verily believes the same to be true.

9/12/05
Date

Patricia Lynn Hayes

**CERTIFICATE OF SERVICE**

On this 12th day of September, 2005, the undersigned certifies, under penalties of perjury that distribution was made of the original and copies of the foregoing through the United States Mails from Springfield, IL with proper postage affixed thereto as follows:

Original and 1 copy:

Honorable Anthony J. Libri, Jr.
Clerk of the Circuit Court
P. O. Box 1299
Springfield, IL 62705-1299

Sangamon County State's Attorney's Office
Sangamon County Courthouse
Room 402
200 S. 9th Street
Springfield, IL 62705-1299

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863