**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| SCOTT NELSON GLISSON, } | |
| Plaintiff, } | |
| vs. } | NO. 05-3250 |
| SANGAMON COUNTY SHERIFF'S } DEPARTMENT, a county governmental unit, et. al. } | |
| Defendants. } | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

**NOW COMES**, the Plaintiff, SCOTT NELSON GLISSON, by and through his attorney, Patricia L. Hayes, and moves this Honorable Court to Deny the Defendants Motion to Dismiss his complaint and in support thereof states as follows:

**INTRODUCTION**

Plaintiff filed the complaint in this matter on *September 21, 2005,* against the above named defendants alleging intentional violations of his Constitutional Rights in violation of 42 U.S.C 1983. This Court has subject matter jurisdiction over all of the causes of actions in the Plaintiff's Amended Complaint pursuant to 28 U.S.C. 331 and 1343 (1) (2) (3) (4) and the aforementioned statutory and constitutional provisions. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. '2000e - 5(f) and (g) along with monetary relief for tort damages. Pursuant to 28 U.S.C. 1391(b), venue is proper within this District because the unlawful practices complained of herein occurred within the Central District of Illinois.

1

Plaintiff is the Defendant in criminal charges pending against him in Sangamon County in 04 CF 648 and 05 CF 1143.

Sangamon County Defendants filed a Motion to Dismiss the Plaintiff's 6th Amendment claims against the named Defendants based upon the Rooker Feldman Doctrine. Defendants also filed a Motion to Dismiss the claims against Defendant Duane Gabb alleging absolute immunity from suit and a Motion to Dismiss the claims against Defendant Loftus alleging failure to allege facts sufficient to state an 8th Amendment claim.

Plaintiff claims that his complaint herein is not barred by the Rooker Feldman Doctrine because Judge Eggers dismissed the Plaintiff's Petition for Injunctive Relief filed in his criminal cases on the grounds that he did not have jurisdiction to hear the complaint and that the Injunction Hearing needed to be set in this case. Plaintiff further claims that his counts against Duane Gabb are not barred by the doctrine of absolute immunity. Finally, Plaintiff claims that the instant complaint states sufficient facts to allege an 8th Amendment violation against Defendant Loftus. Accordingly, Plaintiff requests that the Sangamon County Defendants Motion to Dismiss be denied and further that this matter be set on Plaintiff's Request for a Preliminary Injunction.

**STANDARD OF REVIEW**

When evaluating a motion to dismiss under FRCP 12(B)(6), the Complaint is viewed in the light most favorable to the plaintiff. *Lewis v. Cotton,* 932 F. Supp. 1116, 1117 (N. D.Ill. 1996). The truth of all well pleaded fact allegations must be assumed, an all possible inferences must be drawn in plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94. s.Ct. 1683, 1086, 40, L.Ed.2d 90 (1974) A complaint should not be dismissed

"unless it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 701 (7th cir. 1993).

Plaintiff's complaint in this matter is not barred by the Rooker Feldman Doctrine because Judge Robert Eggers dismissed the Plaintiff's Request for Injunctive Relief on jurisdictional grounds on September 22, 2005. Further, Plaintiff has alleged sufficient facts for all elements of his causes of actions against the Defendants. Accordingly, Defendants motions must be denied.

## FACTS

Plaintiff has been incarcerated in the Sangamon County Jail serving a 180 day sentence since September 3, 2005 in 04 CF 648. On September 9, 2005, the Plaintiff filed a Motion for Access to unrestricted visits with his attorneys in his criminal cases. On September 9, 2005, Judge Eggers Ordered that Attorney Hayes was entitled to the same visitation and restrictions on visitation.

On September 12, 2005, Plaintiff filed a Petition for Rule to Show Cause in his criminal cases for alleged violations of Judge Eggers September 9, 2005 Order. On September 22, 2005, the People filed a Motion to Strike the Plaintiff's Petition for Rule to Show Cause in his criminal cases.

On *September 21, 2005*, Plaintiff also filed a request for injunctive relief in his criminal cases pending in Sangamon County, 04 CF 648 and 05 CF 1143 regarding his being denied his 6th Amendment right to counsel and set it for hearing on September 22, 2005.

On *September 22, 2005* Sangamon County Judge Robert Eggers held a hearing on the Plaintiff's Motion for Rule to Show Cause/Motion to Dismiss, why the Sangamon County Jail should not be held in contempt for violating Judge Eggers September 9, 2005 Order. On September 22, 2005, Judge Eggers denied the Plaintiff's Request to Issue a Rule to Show Cause. (September 22, 2005 transcript, page 83, Ex # 12, page 37 of 44)

On September 22, 2005, Assistant State's Attorney Duane Gabb argued that Judge Robert Eggers did not have subject matter jurisdiction to hear Plaintiff's Motion for Injunctive Relief regarding violations of his 6th Amendment Rights:

"

The Court: ……Now we have – you're going to have to decide whether you going to enter your appearance in that case. As to the request for the injunction, you haven't entered your appearance in that matter.

Mr. Gabb:    It's under the criminal felony case, so the People of the State of Illinois are present.

The Court: Okay, you're asking me to dismiss that and require Mr. Glisson to file an injunction petition in state court?

Mr. Gabb:   That, I believe, is the appropriate remedy. I don't know if there's a conflict of laws based upon the filing, and this is filed in Federal District Court, and I'm not sure if you can have contemporaneous complaints or not. I'm certainly not prepared to talk about conflict of law at this time.

The Court:  Well, I wouldn't expect that you would be able to. I don't have any feel about it either.

Mr. Gabb:      I don't believe it's appropriate in a criminal felony proceeding to be doing this, Judge.

The Court:     So you're asking that the Court dismiss the Petition for Injunction and have the – Mr. Glisson serve all of the parties that he wishes to brought into that injunction case?

Mr. Gabb:      Well, I'm not asking the Court to make an Order regarding the U.S. District Federal case.  No, no, I not talking about that.  I'm taking about the injunction petition that Miss Hayes has filed, attempted to file in this felony case.  I'm asking that it be dismissed, Judge.

The Court:     All right, I'll dismiss it.  I don't think this is the appropriate place for that injunction petition to be filed. ….." (Defendant's Exhibit #12, page 38-39 of 44, Hearing dated September 22, 2005 in People v. Glisson.)

On November 1, 2005, the Sangamon County Defendants filed a Motion to Dismiss alleging that the Rooker Feldman Doctrine barred the complaint in this matter.

## ARGUMENT

I.   The **Rooker Feldman Doctrine** does not apply to the complaint in this matter since Judge Robert Eggers declined to exercise jurisdiction and dismissed Plaintiff's Petition for Injunctive Relief filed in the Plaintiff's pending criminal matters on September 22, 2005

Plaintiff's complaint in this matter is not barred by the *Rooker Feldman* Doctrine.  The *Rooker-Feldman* doctrine grows out of two Supreme Court cases: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). At its core, the doctrine is a recognition of the principle that the inferior federal courts generally do not have

the power to exercise appellate review over state court decisions. In *Rooker,* the Supreme Court stated that because the jurisdiction of the federal district courts was strictly original, those courts cannot reverse or modify a state court judgment--even if that judgment is wrong. Only the Supreme Court has that power. *Feldman* involved proceedings denying him a waiver of a bar admission rule which required that applicants have graduated from an approved law school. The first issue was whether the action constituted a judicial proceeding. The Court determined that it was in fact such a proceeding and that a district court "has no authority to review final judgment of a state court in judicial proceedings." At 482, 103 S.Ct. at 1315. Therefore, according to the Rooker –Feldman Doctrine, a *defendant* who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review. It must be dismissed not based on preclusion but for lack of jurisdiction. This is the effect of the *Rooker-Feldman* doctrine, which is based on the principle that inferior federal courts cannot reexamine the decisions of state tribunals ***in civil litigation.*** *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). See *GASH Associates v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir.1993) (distinguishing between the law of preclusion and the domain of the *Rooker-Feldman* doctrine). See also *Alpern v. Lieb,* 38 F.3d 933 (7th Cir.1994); *Landers Seed Co. v. Champaign National Bank,* 15 F.3d 729, 732-33 (7th Cir.1994); *Ritter v. Ross,* 992 F.2d 750 (7th Cir.1993); *Leaf v. Supreme Court of Wisconsin,* 979 F.2d 589 (7th Cir.1992).

Further, the *Rooker-Feldman Doctrine* only applies to *civil litigation.* It is based on

the principle that only the Supreme Court has appellate jurisdiction over a civil judgments of state courts. *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996). To determine the applicability of the Rooker-Feldman doctrine, the fundamental and appropriate question is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment; if the injury alleged resulted from state court itself, the Rooker-Feldman directs that lower federal courts lack jurisdiction; if the injury alleged is distinct from that judgment, i.e., the party maintains injury apart from loss in state court and it is not inextricably intertwined the state judgment, res judicata may apply, but Rooker Feldman does not. *Id*. At 1366.

Here, the *Rooker Feldman* Doctrine does not apply for several reasons. First, the doctrine is a bar only to duplicative civil litigation. Here, Defendants claim that Plaintiff's 1983 claims are barred by rulings made by Judge Robert Eggers in the pending criminal charges brought by the State of Illinois against the Plaintiff . Defendant's claim must fail, first because the Rooker Feldman Doctrine does not apply to state criminal proceedings where there has been no final judgment rendered. Plaintiff's claimed 6th Amendment violations against the individually named defendant's arose independently of the state court proceedings and has to do with the conditions of Plaintiff's confinement. Plaintiff's 6th Amendment claims against each of the individually named defendants have nothing to do with the merits of the pending state court criminal proceedings. See *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed. 271 (1986) (Police officers not immune from civil liability for false statement made in an affidavit in a criminal court proceeding); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (a conviction does not foreclose a claim based upon a wrongful search

or arrest, because a conviction my be valid even when the arrest is not.)  See also, *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2363, 129 L.E.2d 383 (1984) (a suit for damages whose success depends on establishing that the judgment of conviction is wrong cannot be maintained while the judgment stands)  Plaintiff is not claiming injury resulting from any court proceedings or rulings; he is not requesting that the federal court review any of the state court criminal proceedings, orders, or judgments.  Plaintiff is suing the jail personnel regarding the conditions of his confinement and alleging violations of his 6th Amendment right to unrestricted access to his legal counsel while he is incarcerated.   He is seeking both injunctive and monetary damages against the Sangamon County Jail and its employees.  These claims arose independently from any of the court proceedings in the criminal cases pending against him.

  Lastly, and most importantly,  Judge Robert Eggers specifically declined to exercise jurisdiction over the Plaintiff's Request to an Injunction based upon the Sangamon County Jail's violation of the Plaintiff's 6th Amendment rights.   On September 22, 2005 Judge Eggers, dismissed the Plaintiff's request for an injunction in the criminal case, specifically finding that the criminal case was not the appropriate forum to raise the claims.  Judge Eggers never heard  or rendered a judgment on the merits of Plaintiff's 6th Amendment claims.

  This court has original subject matter jurisdiction over the Plaintiff's 6th amendment claims in violation of  42 U.S.C. 1983 pursuant to  28 U.S.C. 331 and 1343 (1) (2) (3) (4).  Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. '2000e - 5(f) and (g) along with monetary relief for tort damages.  These claims are not barred by the Rooker-Feldman Doctrine.  Accordingly, the Defendants' motion to dismiss must be denied

as a matter of law.

> **II.    Plaintiff's claims against Duane Gabb are not barred and he is not entitled to absolute immunity, because the Plaintiff claims that Defendant Gabb participated in the tortuous conduct outside of the courtroom.**

Defendant Duane Gabb has failed to cite any case law to support his position that the claims against him are barred by absolute immunity and accordingly, his claims should fail for that reason alone. However, based upon the facts of this case, Defendant is not entitled to either absolute immunity or qualified immunity for his alleged conduct in violating the Plaintiff's 6th Amendment rights to counsel.

Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. 1983 for actions undertaken in their official duties. Absolute immunity covers prosecutorial functions such as the initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial and other conduct that is "intimately associated" with the judicial process. *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 2613-14, 125 L.Ed. 209 (1993). By contrast, a prosecutor has only the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than an advocate. Id. At 2616. Giving legal advice to the police is deemed to be administrative in character. Id. At 2614.

Here, Plaintiff has alleged that Defendant Duane Gabb participated and continues to participate in the Plaintiff's being denied his 6th Amendment Right to Counsel. That he has advised the jail administrators and guards to continue to engage in illegal conduct that violates the Plaintiff's 6th Amendment rights. Defendant Gabb advised the jail that it was

legal to place restrictions on Plaintiff's access to his attorney in violation of clearly established law in the 7th Circuit. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973) Plaintiff has alleged that Duane Gabb participated and directed the Jail to engage in conduct that violated the Plaintiff's Constitutional Rights. Clearly, Defendant was not acting as an advocate when he was giving legal advice and directing the other Defendants unconstitutional violations. These were administrative functions. *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606,2613-14, 125 L.Ed. 209 (1993)

Defendant Duane Gabb is not entitled to qualified immunity either. Qualified Immunity is available unless the acts violated clearly established constitutional norms. *Buckley v. Fitzsimmons*, 20 F.3d 789, 794 (7th Cir. 1994). At all times relevant hereto the law in the 7th Circuit has been well settled that an incarcerated inmate has the right to unrestricted confidential communications with his attorney as guaranteed by the 6tn Amendment and that requiring an inmate and an attorney to confer in a visiting room divided by soundproof glass barrier and to communicate by phone and to transmit papers through jail guard violates an inmates right to access to counsel and courts guaranteed by the 6th Amendment to the Constitution. *Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973) Accordingly, since Plaintiff has alleged conduct on the part of Defendant Gabb that clearly violated Plaintiff's 6th Amendment Rights and the law at the time was clearly established that the conduct violated Plaintiff's 6th Amendment Rights, Defendant Duane Gabb is not entitled to "qualified immunity" either. Accordingly, Defendant Gabb's motion to dismiss must be denied as a matter of law.

### III.  Plaintiff has alleged sufficient facts against Scott Loftus to state a claim against Defendant Loftus for violation of Plaintiff's 8th Amendment rights.

Plaintiff has alleged that Defendant Lieutenant Scott Loftus violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment on August 16, 2005 and August 26, 2005, when Defendant strapped the Plaintiff into a wheelchair and placed him in a detaining cell with no bathroom for in excess of 4 hours and forced the Plaintiff to urinate on himself and then sit in his urine for hours in front of officers and other inmates.

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. *See Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Estelle v. Gamble,* 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In cases involving the claimed use of excessive force, "the core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7, 112 S.Ct. 995 (citation omitted). In conducting this inquiry, a court must examine a variety of factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reason ably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir.2000) (citing *Hudson,* 503 U.S. at 7, 112 S.Ct. 995).

The central question is " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' "    *Hudson v. McMillian*, 503 U.S. 1,6, 112 S.Ct. 995, 117 L.Ed. 156

(1992) (quoting *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Here Plaintiff claims that the force used by Defendant Loftus was malicious and done sadistically for the very purpose of causing the Plaintiff emotional and psychological injury. Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1,6, 112 S.Ct. 995, 117 L.Ed. 156 (1992) (quoting *Whitley at 327, 10*6 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

There can be no penological interest in strapping an inmate into a wheelchair and forcing him to sit in his urine for hours in front of other inmates and guards. Infliction of pain that is "totally without penological justification" is *per se* malicious. *Hope v. Pelzer,* 536 U.S. 730, 737, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Plaintiff alleges that the actions of Defendant Loftus was specifically designed to punish and humiliate the Plaintiff. The law is clear that Plaintiff can recover if he can show that the actions by Defendant Loftus and the conduct of forcing the Plaintiff to sit strapped to a wheelchair, in his urine for hours in front of other inmates and officers, was done in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir.2003); see also *Peckham,* 141 F.3d at 697; *Meriwether v. Faulkner,* 821 F.2d 408, 418 (7th Cir.1987).

Plaintiff has alleged sufficient facts against Defendant Loftus for a jury to find that his conduct was done in a harassing manner intended to humiliate and inflict psychological pain in violation of the 8th Amendment prohibitions against cruel and inhumane treatment

in violation of 42 U.S.C. 1983. This is a question of fact and not proper in a motion to dismiss. Accordingly, the Defendant's Motion to Dismiss must be denied as a matter of law.

## CONCLUSION

The ***Rooker Feldman Doctrine*** does not apply to the complaint in this matter since Judge Robert Eggers declined to exercise jurisdiction and dismissed Plaintiff's Petition for Injunctive Relief filed in the Plaintiff's pending criminal matters on September 22, 2005. Further, Plaintiff's claims against Duane Gabb are not barred and he is not entitled to absolute immunity, because the Plaintiff claims that Defendant Gabb participated in the tortuous conduct outside of the courtroom. Lastly, Plaintiff has alleged sufficient facts against Scott Loftus to state a claim against Defendant Loftus for violation of Plaintiff's 8th Amendment rights. Accordingly, the Defendant's Motion to Dismiss must be denied as a matter of law.

**WHEREFORE,** Plaintiff, Scott Nelson Glisson, prays this Court deny the

Defendants' Motion to Dismiss and Order that each of the Defendants file and Answer to the Plaintiff's complaint herein and set this matter for hearing on Plaintiff's Motion for a Preliminary Injunction on Plaintiff's 6th Amendment claims and for such further and other relief as the Court deems just and proper.

SCOTT NELSON GLISSON, Plaintiff

BY:_____/s/Patricia L._____
PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone:  217 793-3863

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Bradley Blodgett  
Hinshaw & Culbertson, LLP  
400 S. 9th Street, Suite 200  
Springfield, IL 62701  
E-mail: bblodgett@hinshawlaw.com

_____s/Patricia L. Hayes_____

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863