## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

SCOTT NELSON GLISSON,　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　}
　　　　　Plaintiff,　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　}
　vs.　　　　　　　　　　　　　　　　　} 　　NO. 05-3250
　　　　　　　　　　　　　　　　　　　　}
SANGAMON COUNTY SHERIFF'S　　　　　　 }
DEPARTMENT, a county governmental unit, et. al. }
　　　　　　　　　　　　　　　　　　　　}
　　　　　Defendants.　　　　　　　　　 }

### RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

**NOW COMES**, the Plaintiff, SCOTT NELSON GLISSON, by and through his attorney, Patricia L. Hayes, and moves this Honorable Court to Deny the Defendants Motion to Dismiss his complaint and in support thereof states as follows:

1. Plaintiff is the Defendant in criminal charges pending against him in Sangamon County in 04 CF 648 and 05 CF 1143.

2. Plaintiff has been incarcerated in the Sangamon County Jail serving a 180 day sentence since September 3, 2005 in 04 CF 648;

3. On September 9, 2005 the Plaintiff filed a Motion for Access to unrestricted visits with his attorneys in his criminal cases.

4. On September 9, 2005 Judge Eggers Ordered that Attorney Hayes was entitled to the same visitation and restrictions on visitation the same as any other attorney.

5.  On September 12, 2005 Plaintiff filed a Petition for Rule to Show Cause in his criminal cases for alleged violations of Judge Eggers September 9, 2005 Order.

6.  Plaintiff filed his complaint in this matter on **September 21, 2005,** against the above named defendants alleging intentional violations of his Constitutional Rights in violation of 42 U.S.C 1983.

7.  This Court has subject matter jurisdiction over all of the causes of actions in the Plaintiff's Amended Complaint. Jurisdiction of this court is founded upon 28 U.S.C. 331 and 1343 (1) (2) (3) (4) and the aforementioned statutory and constitutional provisions. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. '2000e - 5(f) and (g) along with monetary relief for tort damages. Pursuant to 28 U.S.C. 1391(b), venue is proper within this District because the unlawful practices complained of herein occurred within the Central District of Illinois.

8.  On **September 21, 2005**, Plaintiff also filed a request for injunctive relief in his criminal cases pending in Sangamon County, 04 CF 648 and 05 CF 1143 regarding his being denied his 6th Amendment right to counsel.

9.  On **September 22, 2005** Sangamon County Judge Robert Eggers held a hearing on the Plaintiff's Motion for Rule to Show Cause/Motion to Dismiss, why the Sangamon County Jail should not be held in

        contempt for violating Judge Eggers September 9, 2005 Order.

10. On September 22, 2005, Judge Eggers denied the Plaintiff's Request to Issue a Rule to Show Cause.

11. On September 22, 2005, Assistant State's Attorney Duane Gabb argued that Judge Robert Eggers did not have subject matter jurisdiction to hear Plaintiff's Motion for Injunctive Relief regarding violations of his 6th Amendment Rights.

12. Judge Eggers agreed with ASA Duane Gabb and on September 22, 2005, Judge Robert Eggers dismissed the Plaintiff's Motion for Injunctive Relief regarding the Plaintiff's 6th Amendment claimed violations, specifically finding that he did not have subject matter jurisdiction to hear Plaintiff's 6th Amendment claims and that the Preliminary Injunction hearing would have to be heard in the Plaintiff's federal case after all of the parties had been served.

13. On November 1, 2005 the Sangamon County Defendants filed a Motion to Dismiss alleging that the Rooker Feldman Doctrine barred the complaint in this matter.

14. However, the ***Rooker Feldman Doctrine*** does not apply to the facts of this case since Judge Robert Eggers declined to exercise jurisdiction and never heard or rendered a decision regarding Plaintiff's claimed 6th Amendment Rights violations in the Plaintiff's ongoing criminal cases pending in Sangamon County.

15. Likewise, Plaintiff's claims against Duane Gabb are not barred and he is not entitled to absolute immunity, because the Plaintiff claims that Defendant Gabb conduct was administrative rather than acting as a court advocate.

16. Finally, Plaintiff has alleged sufficient facts against Scott Loftus to state a claim against Defendant Loftus for violations of his 8th Amendment Rights.

17. A memorandum of law is attached hereto.

**WHEREFORE,** Plaintiff, Scott Nelson Glisson, prays this Court deny the Defendant's Motion to Dismiss and Order that each of the Defendants file and Answer to the Plaintiff's complaint herein and set this matter for hearing on Plaintiff's Motion for a Preliminary Injunction and for such further and other relief as the Court deems just and proper.

SCOTT NELSON GLISSON, Plaintiff

BY:_____/s/Patricia L. _____
PATRICIA L. HAYES, His Attorney

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Bradley Blodgett
Hinshaw & Culbertson, LLP
400 S. 9th Street, Suite 200
Springfield, IL 62701
E-mail: bblodgett@hinshawlaw.com

                              s/Patricia L. Hayes

Patricia L. Hayes (#06192974)
HAYES LAW OFFICE
400 Chatham Road, Ste 101B
Springfield, IL 62704
Phone: 217 793-3863