UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SANGAMON COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>Defendants. ) | Case No.  05-3250 |

**MEMORANDUM IN SUPPORT OF DEFENDANT D. WEISS' MOTION
TO DISMISS THE COMPLAINT**

**NOW COMES** Defendant, D. Weiss, by and through his attorneys, Jenifer L. Johnson, Corporation Counsel, and Angela Fyans, Assistant Corporation Counsel, and submits her Memorandum in Support of Defendant's Motion to Dismiss the Complaint.

**INTRODUCTION**

Plaintiff has filed a multiple count Complaint alleging violations of his civil rights and torts committed against Plaintiff by Defendants resulting from his arrest and subsequent detention in the Sangamon County Jail.  Defendant D. Weiss is the officer who arrested plaintiff on August 26, 2005.  Only Count IX of the Amended Complaint applies to Defendant Officer D. Weiss.

**STANDARD FOR MOTION TO DISMISS**

The purpose of a motion to dismiss pursuant to Rule 12(b) (6) is to determine whether the Plaintiffs have stated a claim upon which relief can be granted.  *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir. 1995).

The court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the Plaintiffs. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). However, the court is neither bound by the Plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the Plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Dismissal is proper only when it appears beyond doubt that the Plaintiff can prove no set of facts to support allegations in the claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994); *Strasburger v. Board of Educ.*, 13 F.3d 351, 359 (7th Cir. 1998). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

I.

**COUNT IX OF THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER SECTION 1983**

Plaintiff brings suit against the Defendant D. Weiss pursuant to 42 U.S.C. §1983, alleging a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that he "had a constitutional right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendment[s] to the Constitution," and that "Defendants Michael Felecia and D. Weiss violated the Plaintiff's 8th Amendment right to be free from excessive use of force when they

caused serious bodily harm to the Plaintiff without cause or justification on August 26, 2005." (Amended Complaint, Count IX, pp. 133-34)

There is no allegation contained in the complaint to support a violation of Glisson's Eighth or Fourteenth Amendment rights caused by defendant D. Weiss. The Eighth Amendment prohibits the imposition of excessive bail, the imposition of excessive fines and the infliction of cruel and unusual punishment. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40 (1977). The complaint contains no allegations relating to a violation of these Eighth Amendment rights with regard to Defendant D. Weiss. Rather, Plaintiff complains of his treatment during his arrest on theft and aggravated battery charges. In essence, he is complaining about the force used during his arrest.

The Fourth Amendment is the appropriate mechanism for bringing a claim of excessive force against a state actor. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest of a free citizen should be analyzed under the Fourth Amendment's reasonableness standard rather than under a substantive due process approach). To the extent that the rights protected by the Fourth Amendment are applicable to the States through application of the Fourteenth Amendment, that amendment is relevant to this cause of action. *See Ingraham v. Wright*, 430 U.S. 651, 674 n. 42 (1977). However, because Glisson was not a pretrial detainee during the events

complained of with regard to defendant Weiss, the Fourteenth Amendment's guarantee of due process does not create a separate cause of action in the case at bar. *Graham*, 490 U.S. at 395. Simply put, Plaintiff's Amended Complaint fails to state a claim under either the 8th or the 14th Amendment to the Constitution with regard to Defendant D. Weiss.

WHEREFORE, Defendant D. Weiss respectfully requests that this Court dismiss and/or strike Count IX of the Amended Complaint with prejudice, grant Defendant his costs and any other relief the Court deems just.

**RESPECTFULLY SUBMITTED,**
**s/Angela Fyans**
Bar Number 6276499
Attorney for Defendant D. Weiss
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:  (217) 789-2393
Fax:            (217) 789-2397
Email:         corporationcounsel@cwlp.com