UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2005-3250 |
| vs. | ) |
| | ) |
| SANGAMON COUNTY SHERIFF'S | ) |
| DEPARTMENT, a county governmental unit; | ) |
| DUANE GABB, Sangamon County Assistant | ) |
| State's Attorney, individually; TERRY DURR, | ) |
| Superintendent of the Sangamon County Jail, | ) |
| individually, WILLIAM STRAYER, Asst. | ) |
| Superintendent of the Sangamon County Jail, | ) |
| Individually; Ltn. BUECKNER, Assistant | ) |
| Superintendent of the Sangamon County Jail, | ) |
| individually; CANDACE CAIN, Lieutenant of | ) |
| the Sangamon County Jail, individually; BRIEN | ) |
| CARRY, Lieutenant of the Sangamon County | ) |
| Jail, individually; Officer CARLA CARRY, | ) |
| correctional officer of the Sangamon County | ) |
| Jail, individually; TAMMY POWELL Sergeant | ) |
| of the Sangamon County Jail, individually; | ) |
| Officer DOEDGE, correctional Officer of the | ) |
| Sangamon County Jail, individually; Officer | ) |
| MELISSA CHILDRESS, Correctional Officer | ) |
| of the Sangamon County Jail, individually; | ) |
| Sergeant GUY, Sergeant of Sangamon County | ) |
| Jail, Individually; Sergeant BOUVET, Sergeant | ) |
| of Sangamon County jail, individually; | ) |
| Lieutenant LOFTUS, Lieutenant of the | ) |
| Sangamon County Jail, Individually; | ) |
| MICHAEL FELECIA, Village of Grandview | ) |
| Police Officer, individually; B. WEISS, City of | ) |
| Springfield Police Officer, individually, | ) |
| | |
| Defendants. | |

**ANSWER OF DEFENDANTS,
THE SANGAMON COUNTY SHERIFF'S DEPARTMENT, SANGAMON COUNTY JAIL SUPERINTENDENT TERRY DURR, SANGAMON COUNTY ASSISTANT JAIL SUPERINTENDENT, WILLIAM STRAYER, LIEUTENANT RONALD BUECKNER, LIEUTENANT CANDACE CAIN, SERGEANT BRIAN CAREY, CORRECTIONAL OFFICER CARLA CAREY, CORRECTIONAL OFFICER TAMMY POWELL, CORRECTIONAL OFFICER CHRISTOPHER DOELSCH, CORRECTIONAL OFFICER MELISSA CHILDRESS, SERGEANT TODD GUY, SERGEANT GUY BOUVET AND LIEUTENANT LOFTUS TO THE AMENDED COMPLAINT OF PLAINTIFF**

NOW COMES the above-referenced Defendants, by and through their attorneys, HINSHAW & CULBERTSON LLP, and submit their Answer to the Plaintiff's Amended Complaint as follows:

1. Defendants admit that Plaintiff's Amended Complaint attempts to state a cause of action pursuant to 42 U.S.C. 1983. However, Defendants deny that any violation of Plaintiff's constitutional rights occurred.

2. Defendants admit the Plaintiff attempts to assert jurisdiction pursuant to the indicated statutory references.

3. Defendants have no information regarding this allegation and, therefore, must deny said allegation.

4. Defendants admit that Plaintiff, Scott Nelson Glisson, is a male citizen of the United States, but do not know his marital status nor his present status with respect to criminal proceedings in the County of Sangamon.

5. Defendants admit the allegations of the first three sentences of paragraph 5, but deny the balance of the allegations in that paragraph.

6. Defendants admit that Duane Gabb is a Sangamon County Assistant States Attorney, but deny the balance of the allegations of paragraph 6.

7. Defendants admit the allegations of the first three sentences of paragraph 7, but deny the balance of the allegations in that paragraph.

8. Defendants admit the first sentence of paragraph 8, but deny the balance of the allegations in paragraph 8.

9. Defendants admit the first sentence of paragraph 9, but deny the balance of the allegations in paragraph 9.

10. Defendants admit the first two sentences of the allegations of paragraph 10, but deny the balance of the allegations in paragraph 10.

11. Defendants admit the first two sentences of the allegations of paragraph 11, but deny the balance of the allegations in paragraph 11.

12. Defendants admit the first two allegations of paragraph 12, but deny the balance thereof.

13. Defendants admit the first sentence of paragraph 13, but deny the balance thereof.

14. Defendants admit the first two sentences of paragraph 14, but deny the balance thereof.

15. Defendants admit the first two sentences of paragraph 15, but deny the balance thereof.

16. Defendants admit the first two sentences of paragraph 16, but deny the balance thereof.

17. Defendants admit the first two sentences of paragraph 17, but deny the balance thereof.

18. Defendants have insufficient knowledge regarding paragraph 18, and therefore must deny said allegations.

19. Defendants have insufficient knowledge regarding paragraph 19, and therefore must deny said allegations.

20. Defendants repeat and reallege their answers to paragraphs 1 through 19 herein as fully set forth herein.

21. Defendants have insufficient knowledge regarding paragraph 21, and therefore must deny said allegations.

22. Defendants have insufficient knowledge regarding paragraph 22, and therefore must deny said allegations.

23. Defendants deny the allegations of paragraph 23.

24. Defendants have insufficient knowledge regarding paragraph 24, and therefore must deny said allegations.

25. Defendants have insufficient knowledge regarding paragraph 25, and therefore must deny said allegations.

26. Defendants have insufficient knowledge regarding paragraph 26, and therefore must deny said allegations.

27. Defendants have insufficient knowledge regarding paragraph 27, and therefore must deny said allegations.

28. Defendants have insufficient knowledge regarding paragraph 28, and therefore must deny said allegations.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants have insufficient knowledge regarding paragraph 31, and therefore must deny said allegations.

32. Defendants have insufficient knowledge to respond to paragraph 32, and must deny said allegations.

33. Defendants are uncertain about the allegations of paragraph 33, and therefore must deny said allegations.

34. Defendants admit the allegations of paragraph 34.

35. Defendants admit the allegations of paragraph 35.

36. Defendants admit the allegations of paragraph 36.

37. Defendants admit the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants admit the allegations of paragraph 40.

41. Defendants have insufficient knowledge regarding paragraph 41, and therefore must deny said allegations.

42. Defendants have insufficient knowledge regarding paragraph 42, and therefore must deny said allegations.

43. Defendants have insufficient knowledge regarding paragraph 43, and therefore must deny said allegations.

44. Defendants have insufficient knowledge regarding paragraph 44, and therefore must deny said allegations.

45. Defendants have insufficient knowledge regarding paragraph 45, and therefore must deny said allegations.

46. Defendants have insufficient knowledge regarding paragraph 46, and therefore must deny said allegations.

60143522v1 858991

47. Defendants have insufficient knowledge regarding paragraph 47, and therefore must deny said allegations.

48. Defendants have insufficient knowledge regarding paragraph 48, and therefore must deny said allegations.

49. Defendants have insufficient knowledge regarding paragraph 49, and therefore must deny said allegations.

50. Defendants have insufficient knowledge regarding paragraph 50, and therefore must deny said allegations.

51. Defendants have insufficient knowledge regarding paragraph 51, and therefore must deny said allegations.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants have insufficient knowledge regarding paragraph 54, and therefore must deny said allegations.

55. Defendants admit the first sentence of paragraph 55, but deny the balance of the allegations.

56. Defendants deny the allegations of paragraph 56.

57. Defendants admit the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants admit the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants have insufficient information to answer the allegations of the first three sentences of paragraph 61, and deny the last paragraph of paragraph 61.

62. Defendants admit the allegations of paragraph 62.

63. Defendants have insufficient knowledge regarding paragraph 63, and therefore must deny said allegations.

64. Defendants admit the first sentence of paragraph 64, but deny the balance of the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

    A. Defendants deny the allegations of paragraph 66A.

    B. Defendants deny the allegations of paragraph 66 B in that they submit that the visitation between glass over the phone is unrestricted access. They admit that the materials brought in by the Plaintiff's attorney were examined in accordance with jail procedures.

    C. Defendants admit the allegations of paragraph 66C.

    D. Defendants admit the allegations of paragraph 66D.

    E. Defendants admit the allegations of paragraph 66E.

    F. Defendants admit the allegations of the first sentence of paragraph 66F, but deny the balance of the allegations of paragraph 66F.

    G. Defendants admit the allegations of paragraph 66G.

    H. Defendants deny the allegations of paragraph 66H, which are inconsistent with the allegations of paragraph 66F above.

    I. Defendants have insufficient information regarding paragraph 66I, and therefore must deny said allegations.

    J. Defendants admit the first two sentence of the allegations of paragraph 66J, but deny the balance of the allegations based upon the fact that meeting with the telephone and glass is not a restricted meeting, and deny that the meeting was monitored by correctional officers.

    K. Defendants deny the allegations of paragraph 66 K.

    L. Defendants deny the allegations of paragraph 66 L.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

60143522v1 858991

69. Defendants are uncertain as to the dates that the Plaintiff has attempted to meet with his attorney and deny that the visits are monitored, but admit visits may have occurred in a visiting room with glass and a telephone.

70. Defendants admit the allegations of paragraph 70.

71. Defendants admit the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants admit that on some occasions the allegations of paragraph 73 are true.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76

## COUNT I

76. The Plaintiff duplicates paragraph 76. In response to the second paragraph 76, the Defendants repeat and reallege their answers to paragraphs 1 through 76 of this Answer as and for their answers to paragraphs 1 through 76(1) and (2) of this Answer, as though fully set forth herein.

77. Defendants admit the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants move to strike the allegations of paragraph 80, because they are not fact allegations.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

## COUNT II

83  Defendant repeats and realleges the previous answers by the Defendants to paragraphs 1 through 83 of this Answer as and for his answers to the provisions of paragraph 83, as though fully set forth herein.

83.  Defendant is unaware of the citizenship of the Plaintiff and admits that if he is a citizen, he is entitled to the protection of the statutes and constitutional provisions cited.

84.  Defendant denies the allegations of paragraph 84.

85.  Defendant denies the allegations of paragraph 85.

86.  Defendant moves to strike the allegations of paragraph 86, as this is not a fact pleading.

87.  Defendant denies the allegations of paragraph 87.

88.  Defendant denies the allegations of paragraph 88.

## COUNT III

89.  Defendant repeats and realleges each and every allegation in paragraphs 1 though 82 of the Complaint as and for his answer to paragraph 89 hereof.

90.  Defendant has insufficient information as to the citizenship of the Plaintiff and admits that if he is a citizen, he is entitled to the protection of the statutes and constitutional provisions referenced.

91.  Defendant denies the allegations of paragraph 91.

92.  Defendant denies the allegations of paragraph 92.

93.  Defendant moves to strike the allegations of paragraph 93, as it is not a factual pleading.

94.  Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

## COUNT IV

96. Defendant repeats and realleges the answers of the previous Defendants to paragraphs 1-82 of the Complaint with the same force and effect as though fully set forth herein.

97. Defendant has no information as to the citizenship of the Plaintiff, but if Plaintiff is a citizen, he is entitled to the protection of the provisions referenced in this paragraph.

98. Defendant denies the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

100. Defendant moves to strike the allegations of paragraph 100, for the reason that the paragraph contains no factual pleadings relevant to this lawsuit.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

## COUNT V

103. Defendant repeats and realleges the responses of the previous Defendants in paragraphs 1-82 of the Complaint with the same force and effect as though fully set forth herein.

104. Defendant has no information as to whether the Plaintiff is a Untied States citizen, but if he is a citizen, he is entitled to protection from the constitutional and statutory provisions cited in said paragraph.

105. Defendant denies the allegations of paragraph 105.

106. Defendant denies the allegations of paragraph 106.

107. Defendant moves to strike the allegations of paragraph 107, for it is not a factual pleading relevant to this lawsuit.

108. Defendant denies the allegations of paragraph 108 .

109. Defendant denies the allegations of paragraph 109.

## COUNT VII

118. The Defendant repeats and realleges the answers of the previous Defendants to each and every allegation in paragraph 1-82 of the Complaint with the same force and effect as though fully set forth herein.

119. Defendant does not know if the Plaintiff is a United States citizen but, if so, he is entitled to the protection of the provisions cited.

120. Defendant denies the allegations of paragraph 120.

121. Defendant denies the allegations of paragraph 121.

122. Defendant moves to strike the allegations of paragraph 122, for the paragraph does not contain factual allegations relevant to this lawsuit.

123. Defendant denies the allegations of paragraph 123.

124. Defendant denies the allegations of paragraph 124.

## COUNT VIII

125. Defendants to this Count repeat and reallege the answers of the previous Defendants to paragraphs 1-82 of the Complaint with the same force and effect as though fully set forth herein.

126. Defendants do not know if the Plaintiff is a United States citizen but, if so, he is entitled to the protection of the authority cited.

127. Defendants deny the allegations of paragraph 127.

128. Defendants deny the allegations of paragraph 128.

129. Defendants move to strike the allegations of paragraph 129, for the reason that said allegations do not contain factual pleadings relevant to this lawsuit.

130. Defendants deny the allegations of paragraph 130.

131. Defendants deny the allegations of paragraph 131.

60143522v1 858991

WHEREFORE, Defendants, The Sangamon County Sheriff's Department, et al., pray for judgment in their favor, together with costs of this suit.

<b><u>DEFENDANTS DEMAND TRIAL BY JURY ON ALL COUNTS PLEADED AGAINST THEM</u></b>

<u>s/ D. Bradley Blodgett</u>
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL   62701
Phone:  217-528-7375
Fax: 217-528-0075
E-mail:  bblodgett@hinshawlaw.com
Attorney Bar No. 0231134

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2006, I electronically filed the Answer of The Sangamon County Sheriff's Office, Sangamon County Jail Superintendent Terry Durr, Sangamon County Assistant Jail Superintendent William Strayer, Lieutenant Ronald Beckner, Lieutenant Candace Cain, Sergeant Brian Carey, Correctional Officer Carla Carey, Correctional Officer Tammy Powell, Correctional Officer Christopher Doelsch, Correctional Officer Melissa Childress, Sergeant Todd Guy, Sergeant Guy Bouvet and Lieutenant Scott Loftus to the Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Patricia L. Hayes**         Email: hayeslaw1@sbcglobal.net
**James A. Lang**            Email: corporationcounsel@cwlp.com

                s/ D. Bradley Blodgett
                Hinshaw & Culbertson LLP
                400 S. 9th St., Suite 200
                Springfield, IL   62701
                Phone:  217-528-7375
                Fax: 217-528-0075
                E-mail:  bblodgett@hinshawlaw.com
                Attorney Bar No. 0231134