E-FILED
Wednesday, 15 February, 2006  12:49:01 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| SCOTT NELSON GLISSON,           ) | |
|                              Plaintiff,           ) | |
| v.                                                                 ) | Case No. 05-3250 |
| SANGAMON COUNTY SHERIFF'S      ) DEPARTMENT, et al.,                         ) | |
|                             Defendants.    ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT WEISS' MOTION TO SEVER**

Plaintiff has filed a single lawsuit against various law enforcement personnel from the Sangamon County Jail and Officer Weiss of the City of Springfield Police Department. The allegations can be distinctly divided into two groups – those arising from Plaintiff's arrest and those arising from Plaintiff's treatment at the jail. The only common fact is Plaintiff's allegation that he suffers from mental illness. There is no allegation that the jail personnel and the Police Department personnel conspired to deprive Plaintiff of his rights.

**STANDARD FOR SEVERANCE PURSUANT TO F. R. CIV. P. 21**

"Parties are properly joined under Fed. R. Civ. P. 20(a) when claims against the joined parties arise out of the same transactions or occurrences, and have common questions of law or fact." *DirectTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (Dist. Kan. 2004). "The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby

preventing multiple lawsuits.'" *Id.* Severance is the proper remedy for misjoinder and 'whether to sever claims under Rule 21 is within the court's sound discretion.'" *Id.* "Whether severance is warranted requires balancing of several considerations, including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" *Official Committee of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Penn. 2000).

## DISCUSSION

The claims of Plaintiff as to Defendant Weiss do not arise from the same transaction or occurrence as the claims involving the Sangamon County Jail personnel defendants; therefore, the claims should not be joined in the same cause of action. Plaintiff's claims stem from two distinct occurrences – his treatment during an arrest and unrelated treatment at the jail.

It is within the court's discretion whether to sever the case of Defendant Weiss from the other defendants. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established." *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). It is appropriate to look at what factors will overlap in the various claims – did the same events give rise to Plaintiff's various claims, will the same witnesses testify for and against each of the parties and do any of the incidents involve more than one defendant

The only allegations raised against Defendant Weiss are that he conducted an illegal search of Plaintiff and used excessive force in effecting the arrest of Plaintiff on August 26, 2005, and then took Plaintiff to the Sangamon County Jail. There is no allegation that Defendant Weiss conspired with the jail personnel in regard to the treatment Plaintiff received at the jail. There is no allegation that Defendant Weiss had any authority or control over the jail personnel. There is no allegation that Defendant Weiss personally took part in any of the actions at the jail of which Plaintiff complains. The only common factual issue raised by Plaintiff is whether he was mentally ill.

As consolidated, the claims against Defendant Weiss and the other defendants will require Defendant Weiss to participate in numerous depositions and other discovery wholly unrelated to the claims against him, thereby incurring substantial costs in time and money. Additionally, since the other defendants had no part in the arrest of Plaintiff, the limited discovery applicable to those claims will require the other defendants to participate in discovery unrelated to the claims against them.

While there may be an advantage to Plaintiff of trying all the claims together since Plaintiff is asking for joint and several liability to be imposed, thereby potentially making Defendant Weiss liable for wholly unrelated events which occurred at the jail, that advantage is not a part of the analysis for joining claims under F. R. Civ. P. 20(a).

## CONCLUSION

For the foregoing reasons, Defendant Weiss moves this Court to sever the claims against him because those claims do not arise from the same transaction or occurrence as the allegations against the other defendants, Defendant Weiss would be prejudiced by the necessity of participating in discovery for unrelated claims and by the imposition of joint and several liability for those unrelated claims, and the interests of justice require the claims to be severed.

**RESPECTFULLY SUBMITTED,**
**OFFICER D. WEISS**

**s/James A. Lang**
Bar Number 6211100
Attorney for Defendant D. Weiss
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:  (217) 789-2393
Fax:         (217) 789-2397
Email:       corporationcounsel@cwlp.com

**s/ Angela Fyans**
Bar Number 6276499
Attorney for Defendant D. Weiss
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:  (217) 789-2393
Fax:         (217) 789-2397
Email:       corporationcounsel@cwlp.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **SCOTT NELSON GLISSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.  ) | Case No. 05-3250 |
| ) | |
| **SANGAMON COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 15, 2006, I electronically filed **Memorandum in Support of Motion to Sever** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patricia L. Hayes; D. Bradley Blodgett; Theresa M. Powell; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a

    **s/James A. Lang**
    Bar Number 6211100
    Attorney for Defendant D. Weiss
    Assistant Corporation Counsel
    Room 313 Municipal Center East
    800 East Monroe Street
    Springfield, Illinois 62701-1689
    Telephone:  (217) 789-2393
    Fax:           (217) 789-2397
    Email:        corporationcounsel@cwlp.com