E-FILED
Tuesday, 02 May, 2006  02:29:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  05-CV-3250 |
| ) | |
| DUANE GABB, et al., ) | |
| ) | |
| Defendants. ) | |

### SCHEDULING ORDER CONCERNING PLAINTIFF
### AND SANGAMON COUNTY SHERIFF'S OFFICE DEFENDANTS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on May 2, 2006 with Attorney Patricia L. Hayes for Plaintiff, and Attorney D. Bradley Blodgett for Defendants Terry Durr, William Strayer, Candace Cain, Tammy Powell, Brien Carry, Carla Carry, Sergeant Guy, Sergeant Bouvet, Lieutenant Loftus, Sangamon County Sheriff's Department, Lieutenant Bueckner, Officer Doedge, and Officer Melissa Childress.  TIME LIMITS AND SETTINGS AS TO THESE PARTIES ARE ORDERED AS FOLLOWS:

    1.    Initial disclosures under Rule 26 to be made by May 30, 2006.

    2.    No motions to join other parties or to amend the pleadings to be filed after August 1, 2006.  Third party actions must be commenced by August 1, 2006.

3. Plaintiff is to identify testifying experts and to provide Rule 26 expert reports by January 13, 2007. All Defendants are to identify testifying experts and to provide Rule 26 expert reports by March 31, 2007.

4. The parties have until June 1, 2007, to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until May 15, 2007 to complete expert discovery.

5. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by

Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

     6.    The parties have until June 15, 2007 to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

     7.    Final Pre-trial Conference is scheduled for October 1, 2007 at 11:30 a.m. before U.S. District Judge Jeanne Scott. All Motions in Limine to be filed on or prior to the Final Pre-Trial date. (See Local Rule 16.1 - Pre-Trial Procedures.)

     8.    Jury trial is scheduled for October 2, 2007 at 9:00 a.m. on the trial calendar of U.S. District Judge Jeanne Scott.

     9.    If the parties consent to trial before U.S. Magistrate Judge Byron Cudmore, the final pre-trial date and trial date may be changed.

     10.    Mediation will be hosted by U.S. Magistrate Judge Cudmore in Springfield at joint request of the parties.

     11.    Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made

available to attorneys and *pro se* litigants in the four active District Judges'

courtrooms.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE OTHER ABOVE DATES.

    ENTERED  May 2, 2006

                             s/ Byron G. Cudmore
                        _____
                             BYRON G. CUDMORE
                     UNITED STATES MAGISTRATE JUDGE